MARK LANIER, (Admitted *Pro Hac Vice*)
ALEX BROWN, (Admitted *Pro Hac Vice*)
JONATHAN WILKERSON, (Admitted *Pro Hac Vice*)
THE LANIER LAW FIRM, PC
10940 W. Sam Houston Pkwy N, Ste. 100
Houston, TX 77064
Telephone: (713) 659-5200
Facsimile: (713) 659-2204

SHALINI DOGRA, SBN 309024
DOGRA LAW GROUP PC
2219 Main Street, Unit 239
Santa Monica, CA 90405
Telephone: (747) 234-6673
Facsimile: (310) 868-0170

Attorneys for Named Plaintiffs KAREN DHANOWA and NILIMA AMIN and Proposed Class

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN DHANOWA and NILIMA AMIN, on behalf of themselves and all others similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>SUBWAY RESTAURANTS, INC., a Delaware Corporation; FRANCHISE WORLD HEADQUARTERS, LLC., a Connecticut Limited Liability Corporation; SUBWAY FRANCHISEE ADVERTISING TRUST FUND LTD., a Connecticut Corporation; and DOES 1 through 50, Inclusive,<br><br>Defendants. | Case No:<br><br>**PLAINTIFFS' CLASS ACTION COMPLAINT**<br><br>1.  COMMON LAW FRAUD<br><br>2.  INTENTIONAL MISREPRESENTATION<br><br>3.  NEGLIGENT MISREPRESENTATION<br><br>4.  UNJUST ENRICHMENT<br><br>5.  CONSUMERS LEGAL REMEDIES ACT, CAL. CIV. CODE §§ 1750, *et seq.*<br><br>6.  VIOLATION OF THE FALSE ADVERTISING LAW ("FAL"), CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17500, *et seq.*<br><br>7.  VIOLATION OF THE UNFAIR COMPETITION LAW ("UCL"), CALIFRONIA BUSINESS AND PROFESSIONS CODE §17200 *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Karen Dhanowa and Nilima Amin, by and through their attorneys, bring this action on behalf of themselves and all other similarly situated against Subway Restaurants. Inc., Franchise World Headquarters, LLC., and Subway Franchisee Advertising Trust Fund Ltd. Corporation (collectively hereinafter referred to as "Defendants"), and Does 1 through 50. Plaintiffs hereby allege, on information and belief, except as those allegations which pertain to the named Plaintiffs, which allegations are based on personal knowledge, as follows:

## NATURE OF THE ACTION

1.     To capitalize on the premium price consumers are willing to pay for tuna, Defendants intentionally make false and misleading representations about tuna being used as an ingredient in some of their food items, including sandwiches and wraps ("the Products").  Aware that consumers place a heightened value on tuna as an ingredient, Defendants deliberately make false and misleading claims about the composition of the Products to increase profits at the expense of unsuspecting buyers.

2.     Defendants label and advertise the Products as "tuna." However, the Products' labeling, marketing and advertising is false and misleading.  In reality, the Products do not contain tuna nor have any ingredient that constitutes tuna. The Products lack tuna and are completely bereft of tuna as an ingredient.

3.     The Products are misbranded under federal and California State law. Defendants' deceptive marketing scheme of the Products includes tactics such as falsely labeling the Products as "tuna" on menus throughout Defendants' "Subway" eatery locations, as well as Defendants' website.

4.     At all relevant times, Defendants packaged, advertised, marketed, distributed and sold the Products to consumers at their "Subway" dining establishment throughout California and the United States based on the misrepresentation that the Products were manufactured with tuna. In truth, the Products do not contain tuna as ingredient. On the contrary, the filling in the Products has no scintilla of tuna at all. In fact, the Products entirely lack any trace of tuna as a component, let alone the main or predominant ingredient.

5.     Reasonable consumers rely on product labeling in making their purchasing decisions.

CLASS ACTION COMPLAINT

When a reasonable consumer sees a sandwich or wrap labeled as "tuna," he or she reasonably expects that the food product will indeed contain tuna.

6.     In reliance on Defendants' misleading marketing and deceptive advertising practices for the Products, Plaintiffs and similarly situated class members reasonably thought they were purchasing tuna sandwiches and/or tuna wraps and buying a food that was made with tuna or contained tuna. In fact, neither Plaintiffs nor any of the members of the putative class received any sandwich or wrap that had tuna at all, or even partially included tuna. Thus, they were tricked into buying food items that wholly lacked the ingredient they reasonably thought they were purchasing.

7.     Plaintiffs and other consumers purchased the Products because they reasonable believed, based on Defendants' packaging and advertising that the Products contained tuna.  Had Plaintiffs and other consumers known the Products actually lacked tuna, they would not have purchased the Products or would have paid significantly less for them. As a result, Plaintiffs and other similarly situated class members have been deceived and suffered economic injury.

8.     Defendants' labeling, marketing and advertising uniformly involves multiple false and misleading statements, as well as material omissions of fact, concerning the Products that have injured Plaintiffs and the Class by duping them into buying premium priced food dishes. Due to the false and deceptive business practices and representations, Defendants have mislead the general public into believing that the Products contain tuna.

9.     Based on the fact that Defendants' advertising misled Plaintiffs and all others like them, Plaintiffs bring this class against Defendants to seek reimbursement of the premium they and the Class Members paid due to Defendants' false and deceptive representations about the composition and ingredients of the Products.

10.     Plaintiffs seek relief in this action individually and on behalf of all purchasers of the Products statewide in California for common law fraud, intentional misrepresentation, negligent misrepresentation, and unjust enrichment. Additionally, Plaintiffs seek relief in this action individually and on behalf of all purchasers of the Products in California for violation of the California Bus. & Prof. Code §§17500, *et seq*., California's False Advertising Law ("FAL"), Bus. & Prof. Code §§17200, *et seq*., as well as California's Unfair Competition Law ("UCL").

1

**JURISDICTION AND VENUE**

2       11.    This Court has subject matter jurisdiction pursuant to the 28 U.S.C. § 1332(d), the

3 Class Action Fairness Act,  because the aggregate amount in controversy exceeds $5,000,000.00,

4 exclusive of interests and costs, and at least one class member is a citizen of a state different from

5 Defendant Subway Restaurants, Defendant Franchise World Headquarters, as well as Defendant

6 Subway Franchisee Advertising Trust Fund Ltd. Additionally, this is a class action involving more

7 than 1,000 (one thousand) class members.

8       12.    The Court has personal jurisdiction over Defendants pursuant to Cal. Code Civ. P. §

9 410.10, as a result of Defendants' substantial, continuous and systematic contacts with the State,

10 and because Defendants have purposely availed themselves to the benefits and privileges of

11 conducting business activities within the  State.

12      13.    Pursuant to 28 U.S.C. §1391, this Court is the proper venue for this action because a

13 substantial part of the events, omissions and acts giving rise to the claims herein occurred in this

14 District. Moreover, Defendants distributed, advertised and sold the Products, which are the subject

15 of the present Complaint, in this District.

16

**PARTIES**

17      14.    Plaintiff Dhanowa is a citizen and resident of California, and lives in Alameda County.

18      15.    Plaintiff Amin is a citizen and resident of California, and lives in Alameda County.

19      16.    Defendant Subway Restaurants is a Delaware corporation headquartered in the State

20 of Connecticut, with its principal place of business at 325 Sub Way, Milford, CT 06461. Therefore,

21 Defendant Subway Restaurants is a citizen of the states of Delaware and Connecticut. Defendant

22 Subway Restaurants manufactures, mass markets, and distributes the Products throughout

23 California and the United States.

24      17.    Defendant Franchise World Headquarters, LLC.  is a Connecticut limited liability

25 corporation headquartered in the State of Connecticut, with its principal place of business at 325

26 Sub Way, Milford, CT 06461. Hence, Defendant Franchise World Headquarters is a citizen of the

27 State of Connecticut. Defendant Franchise World Headquarters manufactures, mass markets, and

28 distributes the Products throughout California and the United States.

18.     Defendant Subway Franchisee Advertising Trust Fund Ltd. is a Connecticut corporation headquartered in the State of Connecticut, with its principal place of business at 325 Sub Way, Milford, CT 06461. Thus, Defendant Subway Franchisee Advertising Trust Fund is a citizen of the State of Connecticut. Defendant Subway Franchisee Advertising Trust Fund Ltd. manufactures, mass markets, and distributes the Products throughout California and the United States.

19.     Plaintiffs are informed and believes, and based thereon alleges that at all times relevant herein each of these individuals and/or entities was the agent, servant, employee, subsidiary, affiliate, partner, assignee, successor-in-interest, alter ego, or other representative of each of the remaining Defendants and was acting in such capacity in doing the things herein complained of and alleged. Plaintiffs reserve their right to amend this Complaint to add different or additional defendants, including without limitation any officer, director, employee, supplier, or distributor of Defendant Subway Restaurants, Defendant Franchise World Headquarters, and Defendant Subway Franchisee Advertising Trust Fund Ltd. who has knowingly and willfully aided, abetted, or conspired in the false and deceptive conduct alleged herein.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

20.     Consumers often purchase a particular type of sandwich or wrap due to main ingredient of the food, and its type of filling. Indeed, the filling of sandwich or wrap is usually the most important attribute to buyers when they are deciding which food dish to purchase. Moreover, consumers typically associate tuna as a superior ingredient and are typically willing to pay a premium for it. Furthermore, buyers are often willing to pay more for tuna as the filling in wraps and sandwiches because they associate the ingredient as having higher nutritional value, including greater protein levels.

21.     Defendants know or have reason to know that consumers would find the challenged attribute important in their decision to purchase the Products, as indicated by the fact that Defendants repeatedly emphasized the advertising claim prominently on the Products' labeling, as well as Defendants' menus and website. Defendants have been advertising and selling the Products

as being "tuna" and marketing food fishes as having "tuna," when in fact the Products completely lack tuna as an ingredient.

***SUBWAY'S TUNA SANDWICHES AND TUNA WRAPS HAVE NO TUNA***

22.    Defendants consistently advertise the Products as "tuna."  However, Defendants' labeling and marketing scheme for the Products is blatantly false. As independent testing has repeatedly affirmed,  the Products are made from anything but tuna. On the contrary, the Products are made from a mixture of various concoctions that do not constitute tuna, yet have been blended together by Defendants to imitate the appearance of tuna. Defendants identified, labeled and advertised the Products as "tuna" to consumers, when in fact they were not tuna. Yet, Defendants have systematically and consistently continued to label and advertise the Products as "tuna."

23.    Consequently, because the Products lack tuna as an ingredient, consumers are not receiving the benefit of their bargain. Moreover, Defendants are deceptively saving substantial sums of money in manufacturing the Products because the fabricated ingredient they use in the place of tuna costs less money. Defendants' marketing, labeling, and packaging of the Products are designed to, and do in fact, deceive, mislead and defraud consumers.

24.    Defendants have no reasonable basis for labeling, advertising, marketing and packaging the Products as  being or containing "tuna." As a result, consumers are consistently misled into purchasing the Products for the commonly known and/or advertised benefits and characteristics of tuna when in fact no such benefits could be had, given that the Products are in fact devoid of tuna.

25.    21 U.S.C. § 343 states that a food product is misbranded if "its labeling is false or misleading in any manner, if it is offered for sale under the name of another food," or if it is an imitation of another food,"  with labeling defined as "all labels and other written printed, or graphic matter (1) upon any article or any of its containers or wrappers or (2) accompanying such article." Similarly, under California's Sherman Food, Drug and Cosmetic Law ("Sherman Law"), Article 6, § 110660, "Any food is misbranded if its labeling is false or misleading in any particular."

26.    Defendants' display and takeaway menus that accompanied the Products identified the food items as being or containing "tuna," even though none of the Products in fact were

comprised of or made with any tuna. On the contrary, the Products contained an entirely non-tuna based mixture that Defendants blended to resemble tuna and imitate its texture.

27.     Additionally, § 402(b) of the Food, Drug and Cosmetic Act ("FDCA") affirms that a food product is adulterated "if any valuable constituent has been in whole or in part omitted or abstracted therefrom; or if any substance has been substituted, wholly or in part therefor; or if damage or inferiority has been concealed in any manner; or if any substance has been added thereto or mixed or packed therewith so as to increase its bulk or weight or reduce its quality or strength or make it appear better or of greater value than it is." Likewise, under California's Sherman Law, Article 5, § 110585, "any food is adulterated" if : (a) any valuable constituent has been in whole or in part omitted or abstracted therefrom; (b) if any substance has been substituted wholly or in part therefor; (c) if damage or inferiority has been concealed in any manner or; (d) if any substance has been added thereto or mixed or packed therewith so as to increase its bulk or weight or reduce its quality or strength to make it appear better or of greater value than it is."

28.     Furthermore, 21 U.S.C. § 331 prohibits the "introduction or delivery for introduction of any food that is adulterated or misbranded into interstate commerce," as well as the "adulteration or misbranding of any food in interstate commerce." Similarly,  pursuant to California's Sherman Law, Article 5, §§110620, 110625 and 110630, it is unlawful for any person "to manufacture, sell, deliver, hold or offer for sale any food that is adulterated,"  "to adulterate any food," or  "to receive in commerce any food that is adulterated or to deliver or proffer for delivery any such food."

29.     Defendants have engaged in economic adulteration by selling a food product that partially or wholly  lacked the valuable constituents of  tuna, and  that had been substituted in part or whole. Defendants have further committed unlawful adulteration  by concealing the inferiority of the Products. Moreover, Defendants' conduct also constitutes prohibited adulteration because substances had been added and mixed into the Products to make them appear better or of a greater value than they actually were. Significantly, Defendants have perpetuated all the practices of adulteration with the intention of reaping ill-gotten profits at the expense of consumers.

30.     Reasonable consumers rely on product labeling when making their purchasing decisions. When a consumer sees a food product labeled and identified as "tuna," or containing

1    "tuna", they reasonably expect the food will contain tuna fish.  The Products that Defendants have

2    advertised and continue to market as having tuna as an ingredient or being comprised of tuna do not

3    have tuna fish as their component. Instead, Defendants have been selling and continuing to sell some

4    mixture that is deceptively and dishonestly being passed off as tuna to purchasers. In reliance on

5    Defendants' misleading marketing and labeling and deceptive advertising practices of the Products,

6    Plaintiffs and similarly situated class members reasonably thought they were purchasing "tuna." In

7    fact, neither Plaintiffs nor any of the member of the putative class received any tuna, the food

8    product they reasonably thought they were buying. Plaintiffs consumed units of the Products as

9    intended and would not have bought them if they had known the advertising and labeling as

10   described herein was false and deceptive. Additionally, the Products are worth less than what

11   Plaintiffs paid for them. Plaintiffs and the putative Class would not have paid as much as they did

12   for the Products absent Defendants' false and misleading statements and omissions.

13   31.     The malicious actions taken by Defendants caused significant harm to consumers.

14   Plaintiffs and similarly situated class members who purchased the Products because they reasonably

15   believed, based on Defendants' marketing, packaging, labeling and advertising schemes, that the

16   Products were comprised of tuna. Had Plaintiffs and other class members known the Products

17   actually lacked tuna as an ingredient, they would not have bought the Products or would have paid

18   substantially less money for them. As a result, Plaintiffs and similar situated class members have

19   been deceived and suffered economic injury. Plaintiffs were economically harmed by Defendants'

20   false labeling, deceptive marketing and misleading packaging conveying the message that the

21   Products were made with tuna. The value of the Products that Plaintiffs actually purchased and

22   consumed was materially less than their value as misrepresented by Defendants.

23   32.     Plaintiffs purchased units of the Products from one of Defendants' eateries located in

24   Alameda County, as well as other counties within the State of California, during the relevant time

25   period, including as recently as 2020.  Plaintiffs bought and consumed the Products because, based

26   on Defendants' marketing and labeling scheme, they believed the Products were made with tuna,

27   contained tuna, and were actually a tuna sandwich and/or wrap. Plaintiffs purchased the Products in

28   reliance upon the labeling and advertising of the Products claiming that they were comprised of

1    "tuna," without knowledge of the fact that they lacked tuna. Plaintiffs consumed the Products as
2    intended and would not have purchased the Products if they had known that the advertising as
3    described herein was false, misleading and deceptive.

4        33.    During the time when they were each purchasing and consuming the Products,
5    Plaintiffs did not take steps to verify the Products' components, or whether the Products contained
6    tuna as an ingredient. Reasonable consumer such as Plaintiffs would not have considered it
7    necessary to verify the clear message conveyed by Defendants' labeling, advertising, marketing and
8    packaging of the Products.

9                                **RULE 9(B) ALLEGATIONS**

10       34.    Federal Rule of Civil Procedure 9(b) provides that "[i]n alleging fraud or mistake, a
11   party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P.
12   9(b). To the extent necessary, as detailed in the paragraphs above and below, Plaintiffs have satisfied
13   the requirement of Rule 9(b) by establishing the following elements with sufficient particularity:

14       35.    WHO: Defendants made material misrepresentations and omissions of fact in the
15   labeling, packaging and marketing of the Products.

16       36.    WHAT: Defendants made material misrepresentations and omissions of fact by
17   labeling, packaging and marketing the Products as "tuna."  Defendants made these claims with
18   respect to the Products even though the Products were not in fact made with tuna, nor meet the
19   requirements to make such claims.  Defendants' misrepresentations and omissions were material
20   because a reasonable consumer would not have purchased or paid as much for the Products if he or
21   she knew that they contained false representations.

22       37.    WHEN: Defendants made the material misrepresentations and omissions detailed
23   herein continuously throughout the Class Period.

24       38.    WHERE: Defendants' material misrepresentations and omissions were made, *inter*
25   *alia*, on the labeling of the Products, on Defendants' website, and throughout Defendants' various
26   other marketing and advertising scheme for the Products, including its menus.

27       39.    HOW: Defendants made written misrepresentations and failed to disclose material
28   facts on the labeling and packaging of the Products and on their website and other advertising.

40.   WHY: Defendants engaged in the material misrepresentations and omissions detailed herein for the express purpose of inducing Plaintiffs and other reasonable consumers to purchase and/or pay a premium for the Products based on the belief that they actually contained "tuna." Defendants profited by selling the Products to millions of unsuspecting consumers statewide in California, as well as nationwide.

## CLASS ACTION ALLEGATIONS

41.   Plaintiffs bring this class action on behalf of themselves individually and all others similarly situated, pursuant to Fed. R. Civ. P. 23(a) and (b)(2) and/or (b)(3).  Pursuant to Fed. R. Civ. P. 23, Plaintiffs bring this class action on behalf of themselves individually and all others similarly situated statewide in California. Plaintiff seeks to represent a class a comprised of all persons in California who, on or after January 21, 2017 (the "Class Period")  purchased the Products for household use and not for resale or distribution.

42.   The proposed class consists of all consumers who purchased the Products in the State of California for personal use and not for resale, during the time period January 21, 2017, through the present. Excluded from the Class are Defendants, their affiliates, employees, officers and directors, any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Products, the Judge(s) assigned to this case, and the attorneys of record in this case.  Plaintiffs reserve the right to amend the Class definitions if discovery and further investigation reveal that the Class should be expanded or otherwise modified.

43.   This action is properly brought as a class action for the following reasons:

(a) The members in the proposed class, which contains no less than one thousand members and based on good information and belief is comprised of several thousands of individuals, are so numerous that individual joinder of all members is impracticable and disposition of the class members' claims in a single class action will provide substantial benefits to the parties and Court, and is in the best interests of the parties and judicial economy.;

(b) Plaintiffs stand on equal footing with and can fairly and adequately protect the interests of all members of the proposed class. All marketing and packaging of units of the Products bear the misleading "tuna" labeling and are falsely advertised as "tuna." Defendants' false

statements and "tuna" labeling occur on the packaging of the units of Products themselves, and thus every individual consumer who purchases the Products is exposed to the false advertising. Defendants have, or have access to, address information for the Class Members, which may be used for the purpose of providing notice of the pendency of this class action. Further, the class definition itself describes a set of common characteristics sufficient to allow a prospective plaintiff or class member to identify herself or himself as having a right to recover based on the description. ;

(c) Plaintiffs will fairly and adequately represent and protect the interests of the class, have no interest incompatible with the interests of the class, and have retained counsel competent and experienced in class actions, consumer protection, and false advertising litigation, including within the context of food and the food industry. Plaintiffs' attorneys have the experience, knowledge, and resources to adequately and properly represent the interests of the proposed class. Plaintiffs have no interests antagonistic to those of other proposed class members, and they have retained attorneys experienced in consumer class actions and complex litigation as counsel.;

(d) Class treatment is superior to other options for resolution of the controversy because the relief sought for each class member is so small, that, absent representative litigation, it would be infeasible for class members to redress the wrongs done to them. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent or varying adjudications with respect to individual members of the class and thus establish incompatible standards of conduct for the party or parties opposing the class. Further, individual cases would be so numerous as to inefficiently exhaust judicial resources. Plaintiffs seek damages and equitable relief on behalf of the proposed class on grounds generally applicable to the entire proposed class.;

(e) Questions of law and fact common to the class predominate over any questions affecting only individual class members. There are questions of law and fact common to the proposed class which predominate over any questions that may affect particular class members. Such questions of law and fact common to Plaintiffs and the class include, without limitation:

i.  Whether Defendants were unjustly enriched by their conduct;

ii.  Whether Class Members suffered an ascertainable loss as a result of Defendants' misrepresentations;

iii.  Whether, as a result of Defendants' misconduct as alleged herein, Plaintiffs and the Class Members are entitled to restitution, injunctive relieve and/or monetary relief, and if so, the amount and natural of such relief;

iv.  Whether Defendants made any statement they knew or should have known were false or misleading;

v.  Whether Defendants maintained a longstanding marketing policy, practice and strategy of labeling, advertising and selling the Products with the "tuna" claim even though they were not comprised of tuna;

vi.  Whether the utility of Defendants' practices, if any, outweighed the gravity of the harm  to their victims;

vii.  Whether Defendants' conduct violated public policy, included as declared by specific constitutional, statutory, or regulatory provisions;

viii.  Whether Defendants' conduct or any of their practices violated the California False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.*, the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*, The Federal Food, Drug and Cosmetics Act, 28 U.S.C. §§ 301 *et seq.* and its implementing regulations, 21 C.F.R. §§ 101 *et seq.*, the Cal. Health & Safety Code §§ 109875 et seq., or any other regulation, statute or law;

ix.  Whether Defendants passed off the Products as that of another, within the meaning of Cal. Civ. Code § 1770(a)(1);

x.  Whether Defendants misrepresented the source, sponsorship, approval or certification of the Products, within the meaning of Cal. Civ. Code § 1770(a)(2);

CLASS ACTION COMPLAINT

xi.  Whether Defendants misrepresented the Products' affiliation, connection or association with, or certification by another, within the meaning of Cal. Civ. Code § 1770(a)(3);

xii.  Whether Defendants represented that the Products have characteristics, uses, or benefits which they does not have, within the meaning of Cal. Civ. Code § 1770(a)(5);

xiii.  Whether Defendants represented that the Products are of a particular standard, quality, or grade, when they were really of another, within the meaning of Cal. Civ. Code § 1770(a)(7);

xiv.  Whether Defendants advertised the Products with the intent not to sell them as advertised, within the meaning of Cal. Civ. Code § 1770(a)(9);

xv.  Whether Defendants represented that the Products have been supplied in accordance with a previous representation when they have not, within the meaning of Cal. Civ. Code § 1770(a)(16);

xvi.  The proper equitable and injunctive relief;

xvii.  The proper amount of restitution or disgorgement;

xviii.  The proper amount of reasonable litigation expenses and attorneys' fees;

(f) Plaintiffs' claims are typical of the claims of the members of the proposed class. Plaintiffs and all class members have been injured by the same practices of Defendants. Plaintiffs' claims arise from the same practices and conduct that give rise to the claims of all class members and are based on the same legal theories. Plaintiffs' claims are typical of class members' claims, as they are based on the same underlying facts, events and circumstances relating to Defendants' conduct.;

(g) As a result of the foregoing, class treatment is appropriate under Fed. R. Civ. P. 23(a), (b)(1), (b)(2) and (b)(3), and may be appropriate for certification "with respect to particular issues" under Rule 23(b)(4).

///

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST CAUSE OF ACTION**

**Common Law Fraud**

44.    Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

45.    Plaintiffs bring this claim individually and on behalf of the members of their proposed Class.

46.    As discussed above, Defendants provided Plaintiffs and the Class Members with false or misleading material information and failed to disclose material facts about the Products, including but not limited to the fact that they were not comprised of tuna.  These misrepresentations and omissions were made with knowledge of their falsehood.

47.    The misrepresentations and omissions made by Defendants, upon which Plaintiffs the Class Members reasonably and justifiably relied, were intended to induce and actually induced Plaintiffs and Class Members to purchase the Products.

48.    The fraudulent actions of Defendants caused damage to Plaintiffs and Class Members, who are entitled to damages and other legal and equitable relief as a result.

**SECOND CAUSE OF ACTION**

**Intentional Misrepresentation**

49.    Plaintiffs re-allege and incorporate herein by reference each and every allegation set forth above.

50.    Defendants represented to Plaintiffs and other class members that important facts were true. More specifically, Defendants represented to Plaintiffs and the other class members through their advertising and labeling scheme for the Products, including in-store menus, that the Products contained tuna.

51.    Defendants' representations were false. Defendants knew that the misrepresentations were false when they made them, or Defendants made the representations recklessly  and without regard for their truth. Defendants intended that Plaintiffs and other class members rely on the representations.

CLASS ACTION COMPLAINT

52.     Plaintiffs and the other class members reasonably relied on Defendants' representations.

53.     Plaintiffs and the other class members were financially harmed and suffered other damages, including but not limited to, emotional distress. Defendants' misrepresentations  and/or nondisclosure were the immediate cause of Plaintiffs and the other class members purchasing the Products. Plaintiffs' and the other class members' reliance on Defendants' representations was the immediate cause of the financial loss and emotional distress (of the type that would naturally result from being led to believe that the food product you are purchasing and consuming contains "tuna" when in fact it does not) sustained by Plaintiffs and the other class members.

54.     In absence of Defendants' misrepresentations and/or nondisclosure, as described above, Plaintiffs and the other class members, in all reasonable probability, would not have purchased the Products.

## THIRD CAUSE OF ACTION

### Negligent Misrepresentation

55.     Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

56.     Plaintiffs bring this claim individually and on behalf of the proposed Class against Defendants.

57.     As discussed above, Defendants represented the Products in fact contain "tuna" but failed to disclose that the Products actually lacked tuna.  Defendants had a duty to disclose this information.

58.     At the time Defendants made these misrepresentations, Defendants knew or should have known that these misrepresentations were false or made them without knowledge of their truth or veracity. At an absolute minimum, Defendants negligently misrepresented or negligently omitted material facts about the Products.

59.     The negligent misrepresentations and omissions made by Defendants, upon which Plaintiffs and Class Members reasonably and justifiably relied, were intended to induce and actually induced Plaintiffs and Class Members to purchase the Products.

60.     Plaintiffs and Class Members would not have bought the Products if they had known the true facts.

61.     The negligent actions of Defendants caused damage to Plaintiffs and Class Members, who are entitled to damages and other legal and equitable relief as a result.

**FOURTH CAUSE OF ACTION**

**Unjust Enrichment**

62.     Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

63.     Plaintiffs bring this claim individually and on behalf of the proposed Class against Defendants.

64.     Plaintiffs and Class Members conferred benefit on Defendants by purchasing the Products.

65.     Defendants have been unjustly enriched in retaining the revenues derived from Plaintiffs' and Class Members' purchases of the Products. Retention of those moneys under these circumstances is unjust and inequitable because the Products are not in fact tuna sandwiches or tuna wraps and resulted in purchasers being denied the full benefit of their purchase because they did not purchase a food product that was actually made with any tuna.

66.     Because Defendants' retention of the non-gratuitous benefits conferred on them by Plaintiffs and Class Members is unjust and inequitable, Defendants must pay restitution to Plaintiffs and Class Members for their unjust enrichment, as ordered by the Court.

**FIFTH CAUSE OF ACTION**

**Violation of Cal. Civ. Code §§1750, *et seq*.**

67.     Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

68.     This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code §§ 1750, *et seq*. ("CLRA"). The CLRA prohibits any unfair, deceptive, and/or unlawful practices, as well as unconscionable commercial practices in connection with the sales of any goods or services to consumers. *See* Cal. Civ. Code §1770.

69.    The CLRA "shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient economical procedures to secure such protection." Cal. Civ. Code § 1760.

70.    Defendants are each a "person" under the CLRA. Cal. Civ. Code §1761 (c).

71.    Plaintiffs and the putative Class Members are "consumers" under the CLRA.  Cal. Civ. Code §1761 (d).

72.    The Products constitute a "good" under the CLRA. Cal. Civ. Code §1761 (a).

73.    Plaintiffs and the putative Class Members' purchases of the Products within the Class Period constitute "transactions'" under the CLRA. Cal. Civ. Code §1761 (e).

74.    Defendants' actions and conduct described herein reflect transactions that have resulted in the sale of goods to consumers.

75.    Defendants' failure to label the Products in accordance with California labeling requirements constitutes an unfair, deceptive, unlawful and unconscionable commercial practice.

76.    Defendants' actions have violated at least seven provisions of the CLRA, including §§ 1770(a)(1), 1770 (a)(2), 1770 (a)(3), 1770(a)(5), 1770(a)(7), 1770 (a)(9) and 1770(a)(16).

77.    As a result of Defendants' violations, Plaintiffs and the Class suffered, and continue to suffer, ascertainable losses in the form of the purchase price they paid for the unlawfully labeled and marketed Products, which they would not have paid had the Products been labeled correctly, or in the form of the reduced value of the Products relative to the Products as advertised and the retail price they paid.

78.    Pursuant to § 1782 of the CLRA Plaintiffs notified Defendants in writing of the particular violations of § 1770 of the CLRA, and demanded Defendants rectify the actions described above by providing monetary relief, agreeing to be bound by their legal obligations, and to give notice to all affected consumers of their intent to do so. On or about April 16, 2020, Plaintiffs' counsel sent Defendants a notice and demand letter, notifying Defendants of their violations of the CLRA and demanding that within 30 days, Defendants remedy the unlawful, unfair, false, and/or deceptive practices complained of herein. Plaintiffs' counsel advised Defendants that if they refused the demand, monetary damages would be sought, as well as injunctive relief, restitution, and any

1    other relief the Court may deem just and proper. Defendants have failed to comply with the letter.

2    Consequently, pursuant to California Civil Code §1782, Plaintiffs, on behalf of themselves and all

3    other members of the Class, seeks compensatory damages and restitution of any ill-gotten gains due

4    to Defendants' acts and practices that violate the CLRA.

5        79.    Defendants have failed to rectify or agree to rectify at least some of the violations

6    associated with actions detailed above and give notice to all affected consumers within 30 days of

7    receipt of the Cal. Civ. Code § 1782 notice.  Thus, Plaintiffs seek actual damages and punitive

8    damages for violations of the Act.

9        80.    In addition, pursuant to Cal. Civ. Code §1780(a)(2), Plaintiffs are entitled to, and

10   therefore seek, a Court order enjoining the above-described wrongful acts and practices that violate

11   Cal. Civ. Code §1770.

12       81.    Plaintiffs and Class Members are also entitled to recover attorneys' fees, costs,

13   expenses, disbursements, and punitive damages pursuant to Cal. Civ. Code §§ 1780 and 1781.

14                                **SIXTH CAUSE OF ACTION**

15            **Violation of California Business & Professions Code §§ 17500,** *et seq.*

16       82.    Plaintiffs re-allege and incorporate by reference the allegations contained in the

17   paragraphs above as if fully set forth herein.

18       83.    Defendants engaged in unfair and deceptive acts and practices, in violation of the

19   California Business and Professions Code § 17500 *et seq.*, by marketing and/or selling the Products

20   without disclosure of the material fact that the Products did not actually contain tuna. These acts

21   and practices, as described above, have deceived Plaintiffs and other class members, causing them

22   to lose money as herein alleged and have deceived and are likely to deceive the consuming public,

23   in violation of those sections. Accordingly, Defendants' business acts and practices, as alleged

24   herein, have caused injury to Plaintiffs and the other class members.

25       84.    Defendants had a duty to disclose that the Products did not contain tuna and were not

26   comprised of tuna because this information was a material fact of which Defendants had exclusive

27   knowledge; Defendants actively concealed this material fact; and Defendants made partial

28   representations about the Products but suppressed some material facts.

85. Defendants' misrepresentation and/or nondisclosure of the fact that the Products lacked tuna was the immediate cause of Plaintiffs and the other class members purchasing the Products.

86. In the absence of Defendants' misrepresentation and/or nondisclosure of facts, as described above, Plaintiffs and other class members would not have purchased the Products.

87. Plaintiffs and the other class members are entitled to relief, including full restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits which may have been obtained by Defendants as a result of such business acts or practices, and enjoining Defendants to cease and desist from engaging in the practices described herein.

## SEVENTH CAUSE OF ACTION

### Violation of Business & Professions Code § 17200, *et seq*.

88. Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

89. Plaintiffs seek to represent a Class consisting of "All persons who purchased the Products in the State of California for personal use and not for resale during the time period January 21, 2017, through the present. Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Products."

90. The UCL prohibits "any unlawful, unfair... or fraudulent business act or practice." Cal. Bus & Prof. Code § 17200.

### A.    "Unfair" Prong

91. Pursuant to California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*., a challenged activity is "unfair" when "any injury it causes outweighs any benefits provided to consumers and the injury is one that the consumers themselves could not reasonably avoid," *or* "the utility of the defendant's conduct is outweighed by the gravity of the harm to the alleged victim.

92. Defendants' actions of engaging in false and deceptive advertising, marketing, and labeling of the Products do not confer any benefit to consumers.

93. Defendants' actions of advertising, marketing, and labeling the Products in a false,

deceptive and misleading manner cause injuries to consumers because the consumers do not receive a quality of food product commensurate with their reasonable expectation.

94.   Defendants' actions of advertising, marketing, and  labeling the Products in a false, deceptive and misleading manner cause injuries to consumers because the consumers do not receive the benefits they reasonably expect from the Products.

95.   Defendants' actions of advertising, marketing, and labeling the Products in a false, deceptive and misleading manner cause injuries to consumers because the consumers end up consuming a food  product that is of a lower quality than what they reasonably were expecting and sought.

96.   Defendants' actions of advertising, marketing, and labeling the Products in a false, deceptive and misleading manner cause injuries to consumers because the consumers end up overpaying for the Products and receiving a quality of food item that is less than what they expected to receive.

97.   Consumers cannot avoid any of the injuries caused by Defendants' false, misleading and deceptive labeling, advertising, and marketing of the Products.

98.   Accordingly, the injuries caused by Defendants' activity of advertising, marketing, and labeling, the Products in a false, deceptive and misleading manner outweigh any benefits.

99.   Here, Defendants' conduct of advertising, labeling  and marketing the Products in a false, deceptive, and misleading manner has no utility and financially harms purchasers.  Thus, the utility of Defendants' conduct is vastly outweighed by the gravity of harm.

100.   Defendants' labeling, marketing, and advertising of the Products, as alleged in the preceding paragraphs, is false, deceptive, misleading, and unreasonable, and constitutes unfair conduct.

101.   Defendants knew or should have known of their unfair conduct.

102.   As alleged in the preceding paragraphs, the misrepresentations by Defendants detailed above constitute an unfair business practice within the meaning of California Business and Professions Code § 17200.

103.   There were reasonable available alternatives to further Defendants' legitimate

1   business interests, other than the conduct described herein. Defendants could have marketed,
2   labeled, advertised and packaged the Products truthfully, without any dishonest claims about the
3   Products' ingredients, composition and identity.

4       104.   All of the conduct alleged herein occurs and continues to occur in Defendants'
5   business. Defendants' wrongful conduct is part of a pattern or generalized course of conduct
6   repeated on thousands of occasions daily.

7       105.   Pursuant to Business and Professions Code §§ 17203 and 17535, Plaintiffs and the
8   Class seek an order of this Court enjoining Defendants from continuing to engage, use, or employ
9   their practice of advertising, labeling and marketing the Products in an untruthful manner. Likewise,
10  Plaintiffs and the Class seek an order requiring Defendants to disclose such misrepresentations, and
11  additionally request an order awarding Plaintiffs restitution of the money wrongfully acquired by
12  Defendants by means of responsibility attached to Defendants' failure to disclose the existence and
13  significance of said misrepresentations in an amount to be determined at trial. Plaintiffs and the
14  Class Members also seek full restitution of all monies paid to Defendants as a result of their
15  deceptive practices, interest at the highest rate allowable by law and the payment of Plaintiffs'
16  attorneys' fees and costs pursuant to, *inter alia*, California Civil Code Procedure §1021.5.

17      106.   As a direct and proximate result of these acts, consumers have been and continue to
18  be harmed. Plaintiffs and the Class Members have suffered injury and actual out-of-pocket losses
19  as a result of Defendants' violation of the unfair prong of the UCL because Plaintiffs and the Class
20  would not have bought the Products if they had known the truth regarding the ingredients,
21  composition and identity of the Products. Plaintiffs and the Class paid an increased price due to the
22  misrepresentations about the Products and the Products did not have the promised quality, effective,
23  or value.

24                          **B.    "Fraudulent" Prong**

25      107.   California Business and Professions Code § 17200, *et seq.,* considers conduct
26  fraudulent and therefore prohibits said conduct if it is likely to deceive members of the public.

27      108.   Defendants' marketing, labeling, and advertising of the Products, as alleged in the
28  preceding paragraphs, is false, deceptive, misleading, and unreasonable, and constitutes fraudulent

conduct. As alleged in the preceding paragraphs, the misrepresentations by Defendants detailed above constitute a fraudulent business practice in violation of California Business & Professions Code § 17200 because they are likely to, and did indeed, deceive members of the public.

109.   Defendants knew or should have known of their fraudulent conduct.

110.   There were reasonable available alternatives to further Defendants' legitimate business interests, other than the conduct described herein. Defendants could have labeled, advertised, marketed and packaged the Products accurately.

111.   All of the conduct alleged herein occurs and continues to occur in Defendants' business. Defendants' wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

112.   Pursuant to Business and Professions Code §§ 17203 and 17535, Plaintiffs and the Class seek an order of this Court requiring Defendants to cease the acts of fraudulent competition alleged herein.  Likewise, Plaintiffs and the Class seek an order requiring Defendants to disclose such misrepresentations, and additionally request an order awarding Plaintiffs restitution of the money wrongfully acquired by Defendants by means of responsibility attached to Defendants' failure to disclose the existence and significance of said misrepresentations in an amount to be determined at trial. Plaintiffs and the Class Members also seek full restitution of all monies paid to Defendants as a result of their deceptive practices, interest at the highest rate allowable by law and the payment of Plaintiffs' attorneys' fees and costs pursuant to, *inter alia*, California Civil Code Procedure §1021.5.

113.   As a direct and proximate result of these acts, consumers have been and continue to be harmed. Plaintiffs and the Class Members have suffered injury and actual out-of-pocket losses as a result of Defendants' violation of the fraudulent prong of the UCL because Plaintiffs and the Class would not have bought the Products if they had known the truth regarding the ingredients and composition of the Products. Plaintiffs and the Class paid an increased price due to the misrepresentations about the Products and the Products did not have the promised quality, effectiveness, or value.

///

C.    **"Unlawful" Prong**

114.  California Business and Professions Code § 17200, *et seq.*, identifies violations of other laws as "unlawful practices that the unfair competition law makes independently actionable."

115.  Defendants' labeling and marketing of the Products, as alleged in the preceding paragraphs, violates California Civil Code § 1750, *et. seq.*, California Business and Professions Code § 17500, *et. seq.*, California's Sherman Law, and the FDCA.

116.  Under  21 U.S.C §343 (a), the FDCA expressly defines food as misbranded if "its labeling is false or misleading in any particular."  Similarly, California's Sherman Law, Cal. Health & Safety Code § 110660,  states "any food is misbranded if its labeling is false or misleading in any particular." Additionally, § 402(b) of the FDCA and  Article 5, § 110585  of California's Sherman Law both state that a food product, including tuna,  is adulterated "if any valuable constituent has been in whole or in part omitted or abstracted therefrom; or if any substance has been substituted, wholly or in part therefor; or if damage or inferiority has been concealed in any manner; or if any substance has been added thereto or mixed or packed therewith so as to increase its bulk or weight or reduce its quality or strength or make it appear better or of greater value than it is."

117.  Defendants'  labeling and marketing of the Products, as alleged in the preceding paragraphs, is false, deceptive, misleading, and unreasonable, and constitutes unlawful conduct. Defendants have violated the "unlawful prong" by violating, the FDCA, California's Sherman Law, as well as the State's FAL (Cal. Bus. & Prof. Code § 17500 *et seq.)* and CLRA (Cal. Civ. Code §1770 *et. seq.*).

118.  Defendants knew or should have known of their unlawful conduct.

119.  As alleged in the preceding paragraphs, the misrepresentations by Defendants detailed above constitute an unlawful business practice within the meaning of California Business and Professions Code § 17200.

120.  There were reasonable available alternatives to further Defendants' legitimate business interests, other than the conduct described herein. Defendants could have refrained from displaying untruthful "tuna" claims on the Products' labeling and advertising. Similarly, Defendants could have abstained from misrepresenting the Products' ingredients, composition and identity.

CLASS ACTION COMPLAINT

121.   All of the conduct alleged herein occurred and continues to occur in Defendants' business. Defendants' wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

122.   As a direct and proximate result of these acts, consumers have been and continue to be harmed. Plaintiffs and the Class Members have suffered injury and actual out-of-pocket losses as a result of Defendants' violation of the unlawful prong of the UCL because Plaintiffs and the Class would not have bought the Products if they had known the truth regarding the ingredients of the Products. Plaintiffs and the Class paid an increased price due to the misrepresentations about the Products and the Products did not have the promised quality, effectiveness, or value.

123.   Pursuant to Bus. & Prof. Code §§ 17203 and 17535, Plaintiffs and the Class are therefore entitled to an order requiring Defendants to cease the acts of unfair competition alleged herein, full restitution of all monies paid to Defendants as a result of their deceptive practices, interest at the highest rate allowable by law and the payment of Plaintiffs' attorneys' fees and costs pursuant to, *inter alia*, California Civil Code Procedure §1021.5.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and on behalf of the Class defined herein, prays for judgment and relief on all Causes of Action as follows:

A.   This action be certified and maintained as a class action and certify the proposed class as defined, appointing Plaintiffs as representatives of the Class, and appointing the attorneys and law firms representing Plaintiffs as counsel for the Class;

B.   For an order declaring the Defendants' conduct violates the statutes referenced herein;

C.   That the Court awards compensatory, statutory and/or punitive damages as to all Causes of Action where such relief is permitted;

D.   That the Court awards Plaintiffs and proposed class members the costs of this action, including reasonable attorneys' fees and expenses;

E.   For an order enjoining Defendants from continuing to engage in the unlawful conduct and practices described herein;

1       F.      That the Court awards equitable monetary relief, including restitution and

2             disgorgement of all ill-gotten gains, and the imposition of a constructive trust upon,

3             or otherwise restricting the proceeds of Defendants' ill-gotten gains, to ensure that

4             Plaintiffs and proposed class members have an effective remedy;

5       G.      That the Court awards pre-judgment and post-judgment interest at the legal rate;

6       H.      That the Court orders appropriate declaratory relief; and

7       I.       That the Court grants such other and further as may be just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

Dated:      January 20, 2021       **DOGRA LAW GROUP PC**

                     By:  _____

                         SHALINI DOGRA, ESQ.

                         Attorneys for Plaintiffs