| | |
|---|---|
| Patrick McNicholas, Esq., SBN 125868<br>pmc@micholaslaw.com<br>Jeffrey Lamb, Esq., SBN 257648<br>jrl@mcnicholaslaw.com<br>Emily Pincin, Esq., SBN 334566<br>erp@mcnicholaslaw.com<br>McNICHOLAS & McNICHOLAS, LLP<br>10866 Wilshire Blvd., Ste. 1400<br>Los Angeles, California 90024<br>Tel: (310) 474-1582<br>Fax: (310) 475-7871<br><br>Mark Lanier, Esq., (Admitted *Pro Hac Vice*)<br>mark.lanier@lanierlawfirm.com<br>Alex Brown, Esq., (Admitted *Pro Hac Vice*)<br>alex.brown@lanierlawfirm.com<br>Jonathan Wilkerson, Esq., (Admitted *Pro Hac Vice*)<br>jonathan.wilkerson@lanierlawfirm.com<br>THE LANIER LAW FIRM, PC<br>10940 W. Sam Houston Pkwy N, Ste. 100<br>Houston, TX 77064<br>Tel: (713) 659-5200<br>Fax: (713) 659-2204<br><br>Shalini Dogra, Esq., SBN 309024<br>shalini@dogralawgroup.com<br>DOGRA LAW GROUP PC<br>2219 Main Street, Unit 239<br>Santa Monica, CA 90405<br>Tel: (747) 234-6673<br>Fax: (310) 868-0170<br><br>Attorneys for Named Plaintiffs KAREN DHANOWA and NILIMA AMIN and Proposed Class | Mark C. Goodman (State Bar No. 154692)<br>  mark.goodman@bakermckenzie.com<br>**BAKER & McKENZIE LLP**<br>Two Embarcadero Center, 11th Floor<br>San Francisco, CA 94111<br>Telephone: +1 415 576 3000<br>Facsimile: +1 415 576 3099<br><br>Alexander G. Davis (State Bar No. 287840)<br>  alexander.davis@bakermckenzie.com<br>Anne Kelts Assayag (State Bar No. 298710)<br>  anne.assayag@bakermckenzie.com<br>**BAKER & McKENZIE LLP**<br>600 Hansen Way<br>Palo Alto, CA 94304-1044<br>Telephone: +1 650 856 2400<br>Facsimile: +1 650 856 9299<br><br>Attorneys for Defendants<br>SUBWAY RESTAURANTS, INC.,<br>FRANCHISE WORLD HEADQUARTERS, LLC and SUBWAY FRANCHISEE ADVERTISING TRUST FUND LTD. |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KAREN DHANOWA and NILIMA AMIN, on behalf of themselves and all others similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>SUBWAY RESTAURANTS, INC., a Delaware Corporation; FRANCHISE WORLD HEADQUARTERS, LLC., a Connecticut Limited Liability Corporation; SUBWAY FRANCHISEE ADVERTISING TRUST FUND LTD., a Connecticut | Case No: 4:21-CV-00498-JST<br><br>**(***Assigned for all purposes to the Honorable Jon S. Tigar, Courtroom 6)*<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Complaint Filed: January 21, 2021 |

1

Corporation; and DOES 1 through 50, Inclusive,

Defendants.

TO THE HONORABLE JON S. TIGAR, JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

The undersigned counsel, on behalf of their respective clients, submit the following Joint Case Management Statement in accordance with the requirements of Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 16-9, the Standing Order for All Judges of the Northern District of California, and the Court's Order Setting Mandatory Scheduling Conference dated March 2, 2021 (Dkt. 21.) Counsel for Plaintiffs and Defendants (the "Parties") engaged in telephonic and electronic meet and confer efforts to jointly prepare this Joint Case Management Statement.

## **JOINT CASE MANAGEMENT STATEMENT**

**I.     Jurisdiction And Service**

Plaintiffs submit that this Court has subject matter jurisdiction in this case under 28 U.S.C. § 1332(a) and (d).  Named Plaintiffs are citizens of California.  Defendant Subway Restaurants, Inc. is an entity duly incorporated in the state of Delaware with its principal place of business in Connecticut.  Defendant Franchise World Headquarters, LLC and Defendant Subway Franchisee Advertising Trust Fund, Ltd. are incorporated in Connecticut with their principal places of business in Connecticut.

Plaintiffs contend that the amount in controversy, exclusive of interests and costs, exceeds $5,000,000, the proposed class will include 100 or more members and at least one member of the proposed class is a citizen of a state different from any defendant.  Plaintiffs further contend that the amount in controversy, exclusive of interests and costs, is greater than $75,000.  Accordingly, this Court has subject matter jurisdiction over this matter on the basis of 28 U.S.C. § 1332(a) and 28 U.S.C. § 1332(d)(2).

Defendants contest that the plaintiffs have standing to assert the claims in their complaint, as they have no injury in fact as a result of the purchase of the products identified in the operative complaint.  Moreover, jurisdiction is improper under 28 U.S.C. § 1332(a) because the named

plaintiffs' individual claims do not exceed the $75,000 amount-in-controversy threshold for diversity jurisdiction. The complaint likewise does not allege jurisdiction under section 1332(a). Accordingly, Defendants contend that the Court does not have and cannot assert jurisdiction over this matter.

All named defendants have been served but their deadline to respond to the complaint has not yet occurred.

## II. Facts And Disputed Factual Issues

### A. Statement Of Plaintiffs

Plaintiffs contend that Defendants made false and misleading representations about their tuna products ("Products") and mislabeled the Products as "100% wild caught" "skipjack and yellowfin tuna," even though that is not the case. Plaintiffs' Complaint for Damages alleged that they purchased units of the Products from Defendants' locations in Alameda County, and at the time they made the purchases, Plaintiffs relied upon and believed Defendants' "tuna" marketing and labeling scheme. Plaintiffs have brought a class-wide suit on behalf of themselves and all purchasers of the Products statewide in California for common law fraud, negligent misrepresentation, and unjust enrichment. Additionally, Plaintiffs allege on behalf of themselves and all class members that Defendants have violated California's Legal Remedies Act ("CLRA") as well as the State's Business and Professions Code §§ 17200 and 17500, which prohibit false advertising and unfair competition.

### B. Defendants' Statement

Defendants contend that the plaintiffs' claims are without basis in fact or law. Defendants' tuna products consist of 100% wild caught skipjack or yellowfin tuna and there is no rational basis for the plaintiffs or their counsel to claim otherwise. Defendants have provided information to the plaintiffs demonstrating that the products about which the plaintiffs complain consist of tuna with the expectation that the plaintiffs would withdraw their complaint. Despite receiving this information, the plaintiffs have refused to dismiss this meritless litigation. Since the tuna products are not mislabeled, the plaintiffs purchased what they intended to purchase and they have not been

damaged in any amount whatsoever and they have no injury in fact to confer Article III standing in this case.

### III. Legal Issues And Disputed Points Of Law

Defendants will file a motion to dismiss this action pursuant to the Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiffs contend that Defendants have no basis to seek dismissal. Plaintiffs further assert that their claims have been pleaded with adequate particularity and on a reasonable basis; nevertheless, Plaintiffs have informed Defendants of their intent to file a First Amended Complaint to address Defendants' concerns and clarify their allegations. Defendants contend that, no matter how many times they try to amend their pleadings, Plaintiffs cannot state a claim relating to the Products on which relief can be granted against Defendants.

### IV. Motions

#### A. Motions Seeking To Add Other Parties Or Claims

At this time, Plaintiffs do not anticipate filing any motion to add other parties. At this time, Plaintiffs do not contemplate adding additional causes of action.

#### B. Motions To File Amended Pleadings

Plaintiffs intend to file a First Amended Complaint in this action. Defendants have stipulated to allow Plaintiffs to file a First Amended Complaint by June 7, 2021. Plaintiffs agreed to permit Defendants to file their responsive pleadings by June 21, 2021.

#### C. Motion To Dismiss

Defendants will file a motion to dismiss if the plaintiffs file an amended complaint or otherwise attempt to maintain this action.

### V. Amendment Of Pleadings

Plaintiffs intend to amend the operative complaint by June 7, 2021.

### VI. Evidence Preservation

Plaintiffs have reviewed the Guidelines for the Discovery of Electronically Stored Information and have spoken with the opposing parties about preserving evidence.

**VII. Disclosures**

The Parties have not yet made initial disclosures. Plaintiffs propose that the parties exchange initial disclosures by June 15, 2020. Defendants propose that such disclosures be made, if at all, only after the Court resolves Defendants' motion to dismiss this litigation with prejudice.

**VIII. Discovery**

**A. Subjects On Which Discovery May Be Needed**

Plaintiffs intend to conduct discovery on all issues identified in Plaintiffs' Complaint, as well as any issues identified by Defendants in their answer thereto. Plaintiffs do not anticipate any unusual issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced. Plaintiffs anticipate that the scope of discovery will include seeking information related to class certification, as well as the merits of the instant matter. They do not seek a distinction between certification and merits discovery, because discovery that assists the certification decision will likely include information necessary to identify the nature of the issues. Plaintiffs anticipate that discovery outside of the United States may be required, because Defendants have supply chains outside of the United States. Therefore, intentional discovery may be needed to confirm all potential and actual sources of fraud.

Defendants do not believe that discovery will be required in this case because the litigation should be fully and finally dismissed at the pleadings stage, obviating the need to conduct discovery or to incur the expenses required to conduct discovery. If there is discovery in this case, discovery should be bifurcated to conserve resources. The first phase of discovery should focus on the plaintiffs' standing to bring the claims at issue. This would involve discovery relating to the tuna products at issue in the complaint and their ingredients. If the products consist of tuna, which they do, remaining costly and invasive discovery into Defendants' sales and business practices will be unnecessary. If discovery indicates that the products do not consist of tuna as advertised, then discovery into sales and business practices can proceed. Defendants will depose the plaintiffs, the plaintiffs' experts and consultants and third parties regarding the tuna products that the plaintiffs allegedly purchased and the ingredients of those products.

### C. Whether Discovery Should Be Conducted In Phases

Plaintiff believes that discovery does not need to be conducted in phases. Defendants submit that, in the interests of efficiency and economy, discovery should be conducted in phases as explained *supra*. The Parties agree that discovery should be limited to or focused on particular issues identified in the pleadings.

### D. What Discovery Has Been Conducted Thus Far

To date, no formal discovery has been conducted. Pursuant to the Manual for Complex Litigation, Plaintiffs are amenable to confer and stipulate to relevant facts that are not genuinely disputed. The Parties are amenable to entering into a stipulated e-discovery order as needed and any other written protective orders that will facilitate the exchange of information and support resolution efforts.

### E. Whether Applicable Limitations Should Be Changed Or Other Limitations Imposed

Other than the phasing of discovery identified by Defendants, the Parties do not believe that the ordinary limits should be modified at this point.

### F. Proposed Discovery Plan

The Parties' proposed discovery plan is set forth in Exhibit A to this Joint Statement.

## IX. Class Actions

Plaintiffs seek to maintain this case as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(1), (b)(2), and/or (b)(3). Pursuant to F.R.C.P. 23, Plaintiffs bring this class action on behalf of themselves individually and all other similarly situated statewide in California. Plaintiffs seek to represent a class comprised of all persons in California who, on or after January 21, 2017 (the "Class Period") purchased the Products for household use and not for resale or distribution. Excluded from the proposed class are Defendants, their affiliates, employees, officers, and directors, any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Products, the judge(s) assigned to this case, and the attorneys of record in this case. Defendants do not believe this matter is properly brought as a class action.

Plaintiffs' Statement

Plaintiffs contend that this action is properly brought as a class action for the following

reasons:

(a) The members in the proposed class, which contains no less than one thousand members and based on good information and belief is comprised of several thousands of individuals, are so numerous that individual joinder of all members is impracticable, and disposition of the claims in a single class action will provide substantial benefits to the Parties and Court, and is in the best interests of the parties and judicial economy;

(b) Plaintiffs can fairly and adequately protect the interests of all members of the proposed class. Plaintiffs' claims are typical of the claims of the members of the proposed class. Plaintiffs and all class members have been injured by the same practices of Defendants. Plaintiffs' claims arise from the same practices and conduct that give rise to the claims of all class members and are based on the same legal theories. Plaintiffs' claims are typical of class members' claims, as they are based on the same underlying facts, events and circumstances relating to Defendants' conduct. Plaintiffs will fairly and adequately represent and protect the interests of the class, have no interest incompatible with the interests of the class, and have retained counsel competent and experienced in class actions, consumer protection, and false advertising litigation, including within the context of food and the food industry. Plaintiffs' attorneys have the experience, knowledge, and resources to adequately and properly represent the interests of the proposed class. Plaintiffs have no interests antagonistic to those of other proposed class members, and they have retained attorneys experienced in consumer class actions and complex litigation as counsel;

(c) Defendants have, or have access to, address information for the proposed Class Members, which may be used for the purpose of providing notice of the pendency of this class action. Further, the class definition itself describes a set of common characteristics sufficient to allow a prospective plaintiff or class member to identify himself or herself as having a right to recover based on the description;

(d) Class treatment is superior to other options for resolution of the controversy because the relief sought for each class member is so small, that, absent representative litigation, it would be infeasible for class members to redress the wrongs done to them. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent or varying

adjudications with respect to individual members of the class and thus establish incompatible standards of conduct for the party or parties opposing the class. Further, individual cases would be so numerous as to inefficiently exhaust judicial resources;

(e) Questions of law and fact common to the class predominate over any questions affecting only individual class members. There are questions of law and fact common to the proposed class which predominate over any questions that may affect particular class members. Such questions of law and fact common to Plaintiffs and the class include, without limitation:

Plaintiffs further contend that, whether Defendants were unjustly enriched by their conduct; whether Class Members suffered an ascertainable loss as a result of Defendants' misrepresentations; whether, as a result of Defendants' misconduct as alleged herein, Plaintiffs and the Class Members are entitled to restitution, injunctive relieve, and/or monetary relief, and if so, the amount and natural of such relief; whether Defendants made any statement they knew or should have known were false or misleading; whether Defendants maintained a longstanding marketing policy, practice and strategy of labeling, advertising and selling the Products labeled as "100% wild caught" "skipjack and yellowfin tuna," when that is not the case; whether the utility of Defendants' practices, if any, outweighed the gravity of the harm to their victims; whether Defendants' conduct violated public policy, included as declared by specific constitutional, statutory, or regulatory provisions; whether Defendants' conduct or any of their practices violated the California False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 et seq., the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 et seq., The Federal Food, Drug and Cosmetics Act, 28 U.S.C. §§ 301 et seq. and its implementing regulations, 21 C.F.R. §§ 101 et seq., the Cal. Health & Safety Code §§ 109875 et seq., or any other regulation, statute or law; whether Defendants passed off the Products as that of another, within the meaning of Cal. Civ. Code § 1770(a)(1); whether Defendants misrepresented the source, sponsorship, approval or certification of the Products, within the meaning of Cal. Civ. Code § 1770(a)(2); whether Defendants misrepresented the Products' affiliation, connection or association with, or certification by another, within the meaning of Cal. Civ. Code § 1770(a)(3); whether Defendants represented that the Products have characteristics, uses, or benefits which they does not have, within the meaning of Cal. Civ. Code § 1770(a)(5); whether Defendants represented

that the Products are of a particular standard, quality, or grade, when they were really of another, within the meaning of Cal. Civ. Code § 1770(a)(7); whether Defendants advertised the Products with the intent not to sell them as advertised, within the meaning of Cal. Civ. Code § 1770(a)(9); whether Defendants represented that the Products have been supplied in accordance with a previous representation when they have not, within the meaning of Cal. Civ. Code § 1770(a)(16); the proper equitable and injunctive relief, amount of restitution or disgorgement, and the proper amount of reasonable litigation expenses and attorneys' fees.

(f) As a result of the foregoing, class treatment is appropriate under Fed. R. Civ. P. 23(a), (b)(1), (b)(2) and (b)(3), and may be appropriate for certification "with respect to particular issues" under Rule 23(b)(4).

Plaintiffs' Counsel and Attorneys of Record have reviewed the Procedural Guidance for Class Action Settlements. Plaintiffs propose that the Court consider whether the case can be maintained as a class action on or by March 22, 2022.

<u>Defendants' Statement</u>

Defendants do not believe that this action is properly maintained as a lawsuit, much less a class action. If the claims survive a Rule 12 motion to dismiss -- and they should not, given the lack of factual support for any claim that the products at issue do not consist of tuna -- this litigation cannot proceed as a class action because individual issues of proof will predominate. Individual issue of damages alone will preclude class treatment in this case. Accordingly, if the case proceeds past the pleadings stage, Defendants will bring a motion to preclude class certification.

Defendants' counsel of record have reviewed the Procedural Guidance for Class Action Settlements.

**X.  Related Cases**

The Parties agree that this matter is not related to any matter pending in this Court or any other Court, including bankruptcy court.

**XI.  Relief**

Plaintiffs believe that they and members of the class are entitled to recover damages in the form of, *inter alia*, compensatory, statutory, and punitive damages, as well as reasonable

attorneys' fees and expenses and injunctive relief to enjoin Defendants from continuing to engage in the false and deceptive practices fully alleged in Plaintiffs' Complaint. Furthermore, Plaintiffs assert that they and all class members should be awarded equitable monetary relief, including restitution and disgorgement of the entirety of all Defendants' ill-gotten gains, and all other relief the Court deems proper.

Defendants contend that the facts demonstrate that the plaintiffs have not been -- and could not have been -- damaged in any amount, as they purchased tuna products that consisted of the ingredients set forth on the labels for the products available either at the restaurants at which the products were purchased or online.

**XII. Settlement And ADR**

The Parties have not yet tried to settle the case. Plaintiffs are amenable to engaging in settlement efforts after conducting limited discovery, but before moving for class certification. Additionally, in the event that pre-certification resolution is not reached, Plaintiffs will remain agreeable to settlement efforts after certification as well. Presently, Plaintiffs believe that private mediation will offer the most optimal opportunity for resolution efforts, but they are also agreeable to engaging in a settlement conference with a magistrate judge if necessary.

Defendants do not believe that private mediation would be productive in this case, as the case is meritless and, if the Court will not dismiss the case at the pleadings stage, Defendants intend to vindicate themselves on summary judgment, at trial or on appeal. Defendants agree to participating in a settlement conference with a magistrate judge if the case proceeds past the pleadings stage.

**XIII. Consent To Magistrate Judge For All Purposes**

On March 1, 2021, Defendants declined the jurisdiction of a magistrate judge for this matter. (ECF No. 18.)

**XIV. Other References**

The Parties agree that this case is not suitable for binding arbitration, a special master or referral to the Judicial Panel on Multidistrict Litigation.

## XV. Narrowing Of Issues

Given that this case is in the very initial stages of litigation, and given that no discovery or initial disclosures have commenced, Plaintiffs believe it is premature to consider if any issues can be narrowed by agreement or motion. However, after initial disclosures have been exchanged and some discovery has occurred, Plaintiffs are agreeable to revisiting the option of identifying issues that can be narrowed by agreement or motion and taking steps to expedite the presentation of evidence at trial, included through summaries or stipulated facts.

Defendants submit that the litigation can and should be eliminated at the pleadings stage, as the Court does not have subject matter jurisdiction over these claims because there has been no injury in fact or damages that can be plausibly alleged and, in any event, the plaintiffs cannot state a cause of action on which relief can be granted against Defendants. Even if the Court does not dismiss the litigation in full, the issues can be significantly narrowed in this case by a ruling on a motion to dismiss and then on a motion to preclude class certification.

## XVI. Scheduling And Trial

Attached hereto as Exhibit A is the Parties' proposed schedule of pretrial and trial dates.

## XVII. Disclosure Of Non-Party Interested Entities Or Persons

The Parties will file their "Certification of Interested Entities or Persons," pursuant to Civil Local Rule 3-15 prior to the June 1, 2021 Case Management Conference.

## XVIII. Professional Conduct

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: May 25, 2021　　　　　　　　　　　**McNICHOLAS & McNICHOLAS, LLP**

By:　/s/*Patrick McNicholas*
　　　Patrick McNicholas
Attorneys for Plaintiffs
KAREN DHANOWA and NILIMA AMIN

Dated: May 25, 2021                    **THE LANIER LAW FIRM, PC**


                                       By:  /s/ *Mark Lanier*
                                            Mark Lanier
                                       Attorneys for Plaintiffs
                                       KAREN DHANOWA and NILIMA AMIN


Dated: May 25, 2021                    **DOGRA LAW GROUP PC**


                                       By: _____
                                            Shalini Dogra
                                       Attorneys for Plaintiffs
                                       KAREN DHANOWA and NILIMA AMIN


Dated: May 25, 2021                    **BAKER & McKENZIE LLP**


                                       By:  /s/ *Mark C. Goodman*
                                            Mark C. Goodman
                                       Attorneys for Defendants
                                       SUBWAY RESTAURANTS, INC.,
                                       FRANCHISE WORLD HEADQUARTERS,
                                       LLC, and SUBWAY FRANCHISEE
                                       ADVERTISING TRUST FUND LTD.

## FILER'S ATTESTATION OF CONCURRENCE

I, Shalini Dogra, attest that I am one of the attorneys for Plaintiffs Nilima Amin and Karen Dhanowa. As the ECF user and filer of this document, I attest that concurrence with the filing of this document has been obtained from its signatories.

Dated: May 25, 2021

By: _____
Shalini Dogra