Mark C. Goodman (State Bar No. 154692)
mark.goodman@bakermckenzie.com
**BAKER & McKENZIE LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111
Telephone: +1 415 576 3000
Facsimile: +1 415 576 3099

Alexander G. Davis (State Bar No. 287840)
alexander.davis@bakermckenzie.com
Anne Kelts Assayag (State Bar No. 298710)
anne.assayag@bakermckenzie.com
**BAKER & McKENZIE LLP**
600 Hansen Way
Palo Alto, CA 94304-1044
Telephone: +1 650 856 2400
Facsimile: +1 650 856 9299

Attorneys for Defendants
SUBWAY RESTAURANTS, INC.,
FRANCHISE WORLD HEADQUARTERS, LLC, and
SUBWAY FRANCHISEE ADVERTISING TRUST FUND LTD.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KAREN DHANOWA and NILIMA AMIN, on behalf of themselves and all others,<br><br>Plaintiffs,<br><br>vs.<br><br>SUBWAY RESTAURANTS, INC., a Delaware Corporation; FRANCHISE WORLD HEADQUARTERS, LLC., a Connecticut Limited Liability Corporation; SUBWAY FRANCHISEE ADVERTISING TRUST FUND LTD., a Connecticut Corporation; and DOES 1 through 50, Inclusive,<br><br>Defendants. | Case No. 4:21-cv-00498-JST<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>Date: September 2, 2021<br>Time: 2:00 p.m.<br>Ctrm: Courtroom 6 – 2nd Floor<br>Judge: Hon. Jon S. Tigar<br>Oakland Courthouse<br><br>Complaint Filed: January 21, 2021<br>Amended Complaint Filed: June 8, 2021 |

## I.  INTRODUCTION

Pursuant to Federal Rule of Evidence 201, Defendants Subway Restaurants, Inc., Franchise World Headquarters, LLC and Subway Franchisee Advertising Trust Fund Ltd. (collectively, "Subway") respectfully request that the Court take judicial notice of the following exhibits in connection with the concurrently-filed Motion to Dismiss First Amended Complaint:

**Exhibit A**:  Subway Take-Out Menu Template for 2017;

**Exhibit B**:  Subway Point of Purchase Instructions for March 2017;

**Exhibit C**:  Subway Point of Purchase Instructions for May 2017;

**Exhibit D**:  Subway Template Menu for 2017 and 2018;

**Exhibit E**:  Subway Point of Purchase Instructions for February 2019;

**Exhibit F**:  Subway Point of Purchase Instructions for June 2019;

**Exhibit G**:  Subway Point of Purchase Instructions for 2019 and 2020;

**Exhibit H**:  Subway Take-Out Menu Template for 2019 and 2020;

**Exhibit I**:  Subway Tuna-Specific Advertising for 2018 and 2019;

**Exhibit J**:  Sample Packaging for Subway Tuna Sandwiches and Wraps 2019 and 2020;

**Exhibit K**: Sample Packaging for Subway Tuna Salads 2019 and 2020;

**Exhibit L**: Sample Subway To-Go Packaging;

**Exhibit M**: Subway Classic Tuna Sandwich Product Details Webpage as of February 24, 2017;

**Exhibit N**: Subway Tuna Sandwich Product Details Webpage as of October 28, 2020;

**Exhibit O**: Subway Tuna Wrap Product Details Webpage as of March 3, 2018;

**Exhibit P**: Subway Tuna Wrap Product Details Webpage as of October 24, 2020;

**Exhibit Q**: Subway Tuna Salad Product Details Webpage as of March 6, 2017;

**Exhibit R**: Subway Tuna Salad Product Details Webpage as of October 24, 2020;

**Exhibit S**: Subway "Our People Our Communities" Webpage as of September 5, 2018;

**Exhibit T**: Subway "Our People Our Communities" Webpage as of November 19, 2020; and

**Exhibit U**: Subway US Product Ingredient Guide.

## II. DISCUSSION

Under Evidence Rule 201, the Court may take judicial notice of facts not "subject to reasonable dispute" that are either "(1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). On a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court may further take judicial notice of any evidence on which the complaint relies, provided "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (internal quotation marks and citations omitted); *see also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim") (citations omitted). As the Ninth Circuit has explained, the policy underlying this rule is to "[p]revent [the] [p]laintiff from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which [their] claims are based." *Bunag v. Aegis Wholesale Corp.*, No. C 09-00558 MEJ, 2009 WL 2245688, at *3 (N.D. Cal. July 27, 2009) (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998)) (internal emphasis omitted). The stated policy applies squarely to this case.

The gravamen of the plaintiffs' claims here concerns alleged representations made by Subway about its tuna products. (*See* FAC at ¶¶2, 4-8, 21, 23, 25, 31-33.) However, the plaintiffs provide no plausible factual allegations about where they allegedly encountered such representations, simply claiming that they may have appeared at some point in Subway's "labeling," "packaging," "marketing," "advertising," "website" and "menus." (*See, e.g.*, *id.* at ¶¶2, 21 and 31.) Because the plaintiffs' fraud and related claims necessary rely on the content of such materials for purposes of establishing actual reliance, and liability, the Court should take judicial notice of the ***actual*** "labeling," "packaging," "marketing," "advertising," "website" and "menus" used by Subway in California during the applicable time period. With only one exception, none of the materials referred to by the plaintiffs included the representations about which the plaintiffs

complain in this lawsuit. Indeed, the only place the statements in question ever appeared during the relevant time period was in the "Responsible Sourcing" sub-subsection of the "Our Communities" subsection of the "Responsibility" section of the Subway website, none of which has anything to do with advertising or purchasing Subway's tuna products. Because the plaintiffs do not allege they ever visited this specific location on Subway's website prior to purchasing any tuna products, they have not plausibly alleged actual reliance on the statements on that one page and their fraud and related California statutory claims must be dismissed.

### A. The Court May Take Judicial Notice Of Advertising, Menus And Packaging

Subway requests the Court take judicial notice of the food packaging, menus and advertising appearing in Subway franchise restaurant locations in California during the relevant time period. (*See* Exhibits A through L.) Subway does not offer these exhibits for the truth of any matters asserted but simply to show the representations that Subway actually made about tuna to which California consumers would have been exposed between January 21, 2017 and December 31, 2020. A Director of Marketing Operations for Franchise World Headquarters LLC, who has worked at that company since 2012, authenticated these materials as true and accurate. (*See* Declaration of Jennifer Myers in Support of Request for Judicial Notice at ¶¶1-15.)

Courts routinely take judicial notice of such labels, product packaging, menus and advertising in considering motions to dismiss claims for false advertising, mislabeling and other consumer fraud causes of action. *See, e.g., Brazil v. Dole Food Co.*, 935 F. Supp. 2d 947, 963 (N.D. Cal. Mar. 15, 2013) (taking judicial notice of the defendant's packaging labels); *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1087 (N.D. Cal. March 21, 2017) (taking judicial notice of an image of the defendant's packaging); *Wright v. Gen. Mills, Inc.*, No. 08cv1532 L(NLS), 2009 WL 3247148, at *13 (S.D. Cal. Sep. 30, 2009) (taking judicial notice of a defendant's "various labels and packaging items"); *Maisel v. S.C. Johnson & Son, Inc.*, No. 21-cv-00413-TSH, 2021 WL 1788397, at *2 (N.D. Cal. May 5, 2021) (taking judicial notice of the defendant's labels). The Court is therefore respectfully requested to take judicial notice of Subway's packaging and marketing materials in this case.

**B.     The Court May Take Judicial Notice Of The Contents Of Subway's Website**

Exhibits M through U consist of screenshots of relevant portions of Subway's website during the alleged class period. Courts routinely take judicial notice of information appearing on parties' websites where, as here, the information is not offered for the truth of any matters asserted therein. *See, e.g.*, *Peacock v. The 21st Amendment Brewery Cafe, LLC*, No. 17-cv-01918-JST, 2018 WL 452153, at *2-3 (N.D. Cal. Jan. 17, 2018) (taking judicial notice of an excerpt of the defendant's website); *see also Caldwell v. Caldwell*, 420 F. Supp. 2d 1102, 1105 n.3 (N.D. Cal. Mar. 20, 2006) (taking judicial notice of the webpages at issue in the litigation), *aff'd*, 545 F.3d 1126 (9th Cir. 2008); *Coremetrics, Inc v. AtomicPark.com, LLC*, 370 F. Supp. 2d 1013, 1021 (N.D. Cal. May 19, 2005) (taking judicial notice of the defendant's website).

In this case, while the plaintiffs refuse to allege with any specificity when or where they supposedly purchased tuna products from one or more Subway restaurants in California, they claim it was sometime during the "relevant time period, including as recently as 2020." (FAC at ¶¶31 and 33.) Because the beginning of the class period is January 21, 2017 (FAC at ¶43), the website images offered for the Court's consideration were captured between that date and December 31, 2020, the last possible day on which the plaintiffs, according to their allegations, would have purchased Subway tuna products.

The website images of which the Court is asked to take judicial notice were last accessed on July 22, 2021 using a so-called "Wayback Machine" hosted by the Internet Archive at archive.org. This Court has routinely judicially noticed webpages archived on the Internet Archive's Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot be legitimately questioned. *See Arroyo v. IA Lodging Santa Clara*, No. 20-CV-08219-LHK, 2021 WL 2826707, at *2 (N.D. Cal. July 7, 2021) (taking judicial notice of a copy of a defendant's website archived by Internet Archive's Wayback Machine); *Brown v. Google LLC*, No. 20-CV-03664-LHK, 2021 WL 949372, at *5 (N.D. Cal. Mar. 12, 2021) (taking judicial notice of publicly-available websites archived using the Internet Archive's Wayback Machine); *Erickson v. Neb. Mach. Co.*, No. 15-cv-01147-JD, 2015 WL 4089849, at *1 n.1 (N.D. Cal. July 6, 2015) ("Courts have taken judicial notice of the contents of web pages available through the Wayback Machine as

facts that can be accurately and readily determined from those sources whose accuracy cannot reasonably be questioned").

The Court is therefore respectfully requested to take judicial notice of the content of Subway's website during the relevant time period.

**III.   CONCLUSION**

The matters of which Subway asks the Court to take judicial notice are not subject to reasonable dispute and preclude the plaintiffs from "hiding the ball" by making vague allegations without providing the supporting documentation.  The actual documents that the plaintiffs reference in their operative pleading make clear that the plaintiffs cannot plausibly allege actual reliance on the representations about Subway's tuna products alleged in the complaint.  The Court is therefore respectfully requested to grant Subway's request and take judicial notice of Exhibits A through U as part of its consideration of Subway's motion to dismiss.

Dated:  July 23, 2021                              **BAKER & McKENZIE LLP**

By:   /s/ Mark C. Goodman
            Mark C. Goodman
Attorneys for Defendants
SUBWAY RESTAURANTS, INC.,
FRANCHISE WORLD HEADQUARTERS, LLC, and SUBWAY FRANCHISEE ADVERTISING TRUST FUND LTD.