PATRICK MCNICHOLAS, SBN 125868
pmc@mcnicholaslaw.com
JEFFREY LAMB, SBN 257648
jrl@mcnicholaslaw.com
EMILY PINCIN, SBN 334566
erp@mcnicholaslaw.com
**McNICHOLAS & McNICHOLAS, LLP**
10866 Wilshire Blvd., Ste. 1400
Los Angeles, California 90024
Tel: (310) 474-1582
Fax: (310) 475-7871

MARK LANIER, (Admitted *Pro Hac Vice*)
wml@lanierlawfirm.com
ALEX BROWN, (Admitted *Pro Hac Vice*)
alex.brown@lanierlawfirm.com
JONATHAN WILKERSON, (Admitted *Pro Hac Vice*)
jonathan.wilkerson@lanierlawfirm.com
**THE LANIER LAW FIRM, PC**
10940 W. Sam Houston Pkwy N, Ste. 100
Houston, TX 77064
Tel: (713) 659-5200
Fax: (713) 659-2204

SHALINI DOGRA, SBN 309024
shalini@dogralawgroup.com
**DOGRA LAW GROUP PC**
2219 Main Street, Unit 239
Santa Monica, CA 90405
Tel: (747) 234-6673
Fax: (310) 868-0170

Attorneys for Named Plaintiffs KAREN DHANOWA and NILIMA AMIN and Proposed Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN DHANOWA and NILIMA AMIN, on behalf of themselves and all others similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>SUBWAY RESTAURANTS, INC., a Delaware Corporation; FRANCHISE WORLD HEADQUARTERS, LLC., a Connecticut Limited Liability Corporation; SUBWAY FRANCHISEE ADVERTISING TRUST FUND LTD., a Connecticut Corporation; and DOES 1 through 50, Inclusive,<br><br>Defendants. | Case No: 4:21-CV-00498-JST<br>[*Assigned for all purposes to Hon. Judge Jon S. Tigar*]<br><br>**PLAINTIFFS' OPPOSITION AND OBJECTIONS TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:  September 2, 2021<br>Time: 2:00 p.m.<br>Ctrm: Courtroom 6 – 2nd Floor<br>Juge:  Hon. Jon S. Tigar<br><br>Complaint Filed:   January 21, 2021<br>FAC Filed:   June 7, 2021 |

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS.................................................................................2

TABLE OF AUTHORITIES ..........................................................................3

MEMORANDUM OF POINTS AND AUTHORITIES....................................6

   I.  INTRODUCTION ............................................................6

   II. STATEMENT OF THE ISSUES.......................................6

   III.RELEVANT FACTUAL BACKGROUND..........................6

   IV.LEGAL STANDARD ........................................................7

   V. LEGAL DISCUSSION ......................................................8

      A. A Rule 56 Motion Disguised as a Motion
         to Dismiss Under Rule 12(b)(6) .................................8

      B. What Federal Rule of Civil Procedure 9(b) Requires .............9

      C. Plaintiffs Have Sufficient Pled Their Claims............................10

          1. Plaintiffs' Allegations Regarding Common
             Law Fraud Satisfy Rule 9(b)........................................11

             a. Plaintiffs Have Adequately Pled the
               "Who," "What," "When," and "Where" .........................11

             b. Plaintiffs Have Adequately Pled the "Why" ..................13

             c. Plaintiffs Have Adequately Pled Reliance ......................14

          2. Plaintiffs Have Alleged Their UCL and FAL
             Claims With Requisite Particularity...........................14

          3. Plaintiffs Have Alleged Their CLRA Claim With
             Requisite Particularity.................................................16

      D. In the Alternative, Leave to Amend Should be Granted.........................17

   VI.   CONCLUSION ...............................................................18

1

<u>**TABLE OF AUTHORITIES**</u>

2

<u>**Cases**</u>                                                                                      <u>**Page**</u>

3

<u>Bly-Magee v. California,</u>

4
    236 F.3d 1014 (9th Cir. 2001) ..................................................................9

5

<u>Broam v. Bogan,</u>

6
    320 F.3d 1023 (9th Cir. 2003) .............................................................7, 18

7

<u>Cafasso ex rel. United States v. General Dynamics C4 Sys.,</u>

8
    637 F.3d 1047 (9th Cir. 2011) ................................................................10

9

<u>Collins v. eMachines, Inc.,</u>

10
    202 Cal.App.4th 1282 (2011) ...........................................................14, 16

11

<u>Colucci v. ZonePerfect Nutrition Co.,</u>

12
    No. 12-2907, 2012 WL 6737800 (N.D. Cal. Dec. 28, 2012).....................13

13

<u>Continental Airlines, Inc. v. McDonnel Douglas Corp.,</u>

14
    216 Cal.App.3d 388 (1989) ....................................................................11

15

<u>De La Cruz v. Tormey,</u>

16
    582 F.2d 45 (9th Cir.1978) .......................................................................7

17

<u>E & E Co., Ltd. V. Kam Hing Enterprises, Inc.,</u>

18
    429 F.App'x 632 (9th Cir. 2011) .............................................................12

19

<u>E.I. du Pont de Nemours & Co. v. Kolon Industries, Inc.,</u>

20
    637 F.3d 435 (4th Cir. 2011) ....................................................................9

21

<u>Enesco Corp. v. Price/Costco Inc.,</u>

22
    146 F.3d 1083 (9th Cir.1998) ...................................................................7

23

<u>Falk v. General Motors Corp.,</u>

24
    496 F.Supp.2d 1088 (N.D. Cal. 2007) .....................................................15

25

<u>Foman v. Davis,</u>

26
    83 S. Ct. 227 (1962)................................................................................17

27

<u>Harrison v. Westinghouse Savannah River Co.,</u>

28
    176 F.3d 776 (4th Cir. 1999) ..................................................................10

In re Cardiac Devices Qui Tam Litig.,

    221 F.R.D. 318 (D. Conn. 2004) ..........................................................................12

In re Tobacco II,

    46 Cal.4th 298 (2009) ..........................................................................15

Joseph v. J.M. Smucker Co.,

    2019 WL 1219708 (C.D. Cal. Mar. 13, 2019)..........................................................................13

Khoja v. Province, Inc.,

    No. 16-56069, 2018 WL 3826298 (9th Cir. Aug. 13, 2018) ..................................8

Lopez v. Smith,

    203 F.3d 1122 (9th Cir. 2000) ..........................................................................17

Lormand v. US Unwired, Inc.,

    565 F3d 228 (5th Cir. 2009) ..........................................................................7

Lowrey v. Tex. A & M Univ. Syst.,

    117 F.3d. 242 (5th Cir. 1997) ..........................................................................17

Manzarek v. St. Paul Fire & Marine Ins. Co.,

    519 F.3d 1025 (9th Cir. 2008) ..........................................................................10

Massachusetts Mutual Life Ins. Co. v. Sup. Ct.,

    97 Cal.App.4th 1282 (2002) ..........................................................................14

Mirkin v. Wasserman,

    5 Cal.4th 1082 (1993) ..........................................................................16

Moss v. U.S. Secret Serv.,

    572 F.3d 962 (9th Cir. 2009) ..........................................................................10

Morongo Band of Mission Indians v. Rose,

    893 F.2d 1074 (9th Cir. 1990) ..........................................................................17

Owens v. Kaiser Found. Health Plan, Inc.,

    244 F.3d 708 (9th Cir. 2011) ..........................................................................17

Rice-Sherman v. Big Heart Pet Brands, Inc.,

    2020 WL 1245130 (N.D. Cal. Mar. 16, 2020)..........................................................................10

Snarr v. Cento Fine Foods Inc.,

    2019 WL 7050149 (N.D. Cal. Dec. 23, 2019)..........................................................17

Swartz v. KPMG LLP,

    476 F.3d 756 (9th Cir. 2007) ...................................................................................9, 11

Tellabs, Inc. v. Makor Issus & Rights, Ltd.,

    551 U.S. 308 (2007)......................................................................................................8

United States ex rel. Franklin v. Parke-Davis Div. of Warner-Lambert Co.,

    147 F. Supp. 2d 39 (D. Mass. 2001) ...........................................................................12

United States ex rel. Lee v. SmithKline Beecham, Inc.,

    245 F.3d 1048 (9th Cir. 2001) .....................................................................................12

Usher v. City of Los Angeles,

    828 F.2d 556 (9th Cir. 1987) .......................................................................................10

Vasquez v. Sup. Ct.,

    4 Cal.3d 800 (1971) .....................................................................................................16

Williams v. County of Alameda,

    26 F. Supp. 3d 925 (N.D. Cal. 2014) .............................................................................8

Wilson v. Frito-Lay N. Am., Inc.,

    260 F. Supp. 3d 1202 (N.D. Cal. 2017) .......................................................................15

**Statutes**

California Business and Professions Code §§ 17200, *et seq.* ..............................................14

California Business and Professions Code §§ 17500, *et seq.* ..............................................14

Fed. R. Civ. P. 9 .....................................................................................................................9

Fed. R. Civ. P. 12(b)(6)..........................................................................................................7

Fed. R. Civ. P. 15 ...................................................................................................................

Fed. R. Civ. P. 56(e)...............................................................................................................9

**Other Authorities**

Federal Civil Rules Handbook (2007) ....................................................................................9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

As provided by Defendants' Statement of the Issues, there are only two issues to resolve with respect to the instant Motion to Dismiss. First, Defendants (collectively referred to as "Subway") allege that the FAC must be dismissed because Plaintiffs failed to allege facts demonstrating that Subway's representation about its tuna products are false or misleading. Second, Defendants allege that the FAC must be dismissed because Plaintiffs failed to allege that Plaintiffs relied on the misleading statements or were damaged in any way by the misleading statements.

### II.  STATEMENT OF THE ISSUES

A.  Whether the FAC sufficiently demonstrates that based on the pleading, plaintiffs have alleged that Subway misrepresents and/or conceals the contents of their "tuna" product sold to consumers?

B.  Whether the FAC provides sufficient facts supporting a plausible inference that the plaintiffs relied upon representations by Defendants concerning their products, or alternatively, whether defendants concealed from consumers facts that were material to Subway's "tuna products" that should have been disclosed and as such consumers were damaged.

### III. RELEVANT FACTUAL BACKGROUND

Plaintiffs bring this class action on behalf of themselves and all other similarly situated statewide in California.  Specifically, Plaintiffs seek to represent a class comprised of all persons in California who, between January 21, 2017 and the present, have purchased Defendants' tuna products from a Subway store in California.  (FAC ¶ 42.)

Plaintiffs allege, and Defendants do not dispute, that their website markets or otherwise represents that their tuna products are made with 100% sustainably sourced skipjack and yellowtail tuna.  (See FAC ¶¶ 2, 4, 6, 8, 21, 23; see also Defendant's Motion to Dismiss ("Defs.' Mot.") at 5:6–17.)  Plaintiffs also allege that Defendants' website markets or otherwise represents that they have a "global ban on the sale of tuna species that come from anything less than healthy

stocks for example Albacore and Tongol."  (FAC ¶ 4–8, 21, 23; see also Defs.' Mot. at 5:6–17.)

Plaintiffs further allege that Defendants' tuna products *do not* in fact contain 100% skipjack and yellowfin tuna and/or that Defendants' tuna products do not come from tuna species that come from anything less than healthy stocks.  (FAC ¶ 4.)   In fact, Plaintiffs have information in their possession that establishes that the tuna that Plaintiffs and other consumers purchased contains other tuna products including albacore. Albacore is a product that Defendants' specifically indicate they do not include in the tuna salad, yet, it is included. Defendants' representations to consumers on that issue is that they do not include Albacore because it is part of a depleted fishery.

## IV. LEGAL STANDARD

A motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)") tests the legal sufficiency of a complaint.  De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir.1978). Accordingly, any defect must appear on the complaint's face.  In addition*,* all allegations of material fact in the complaint must be accepted as true and construed in the light most favorable to the plaintiff.  See Enesco Corp. v. Price/Costco Inc., 146 F.3d 1083, 1085 (9th Cir.1998)

Courts have viewed with "disfavor" motions to dismiss under Rule 12(b)(6) because of the lesser role pleadings play in federal practice and the liberal policy regarding amendment.  See Lormand v. US Unwired, Inc., 565 F3d 228, 232 (5th Cir. 2009) (Rule 12(b)(6) motions "viewed with disfavor and rarely granted"); Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003) (finding rule 12(b)(6) dismissal with prejudice proper only in "extraordinary" cases).

As demonstrated throughout the instant Opposition, the facts asserted in Plaintiffs' FAC, accepted as true, are sufficient to support, at the very least, a plausible claim for relief against Defendants on all theories asserted.  Assuming *arguendo* there were ambiguities in Plaintiffs' pleading, which Plaintiffs do not concede, all ambiguities must be resolved in favor of the Plaintiffs, as Federal Courts strongly favor determination of cases on their merits.

If, for some reason, this Court, does determine that Plaintiffs' pleading is ambiguous in any regard, given the limited role of pleadings in federal court and that "leave to amend the

pleadings is freely given," Plaintiffs respectfully request that this Court allow them to amend their pleading to conform with the Court's ruling.

## V.   LEGAL DISCUSSION

### A.   A Rule 56 Motion Disguised as a Motion to Dismiss Under Rule 12(b)(6)

Subway submitted twenty (20) documents and two declarations in support of its Motion to Dismiss.  If a Rule 12(b)(6) motion presents matters outside the pleadings, and such evidence is considered by the court, "the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Williams v. County of Alameda, 26 F. Supp. 3d 925, 936 (N.D. Cal. 2014).  Neither party to this action has suggested that the factual record is sufficiently developed such that a motion for summary judgment is appropriate at this stage of the proceedings.

In reviewing a motion to dismiss, a court may consider only the complaint, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.  Tellabs, Inc. v. Makor Issus & Rights, Ltd., 551 U.S. 308, 322 (2007).  The Ninth Circuit has observed that "the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid," adding that, "if defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief."  Khoja v. Province, Inc., No. 16-56069, 2018 WL 3826298, *6 (9th Cir. Aug. 13, 2018).

Further, while judicial notice of a document may be proper, it may not be proper to take judicial notice of the contents of each document for the purpose for which it is offered.  Plaintiffs object to Defendants' request for judicial notice for the twenty documents submitted in support of their Motion.

Should the court rely in substantial part on any of the evidence submitted by Defendants, Plaintiffs respectfully request that they be granted additional time to counter with their own

evidence.[1]  As with a motion for summary judgment, courts have discretion to defer ruling on a motion to dismiss if discovery is shown to be necessary to respond to the other parties' factual showing.  See F.R.C.P. 56(e); E.I. du Pont de Nemours & Co. v. Kolon Industries, Inc., 637 F.3d 435, 448–49 (4th Cir. 2011) (finding that conversion of motion to dismiss to motion for summary judgment not appropriate where parties have not had 'opportunity for reasonable discovery'").

### B.  What Federal Rule of Civil Procedure 9(b) Requires

Federal Rule 9 states, "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  On its face, what this Rule means is that those alleging fraud must go beyond a mere accusation that a Defendant violated the several elements of fraud.  Courts have provided further guidance on what is required of those who plead fraud. "[T]he amount of particularity or specificity required for pleading fraud or mistake will *differ from case to case*, but generally depends on *the amount of access the pleader has to the specific facts*, considering the complexity of the claim, the relationship of the parties, the context in which the alleged fraud or mistake occurs, *and the amount of specificity necessary for the adverse party to prepare a responsive pleading*."  (Federal Civil Rules Handbook (2007) p. 301–02 (emphasis added).)

The Ninth Circuit has highlighted the root purpose of the rule thusly:

> To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done nothing wrong.

Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007); citing Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotations omitted).  In particular, a plaintiff alleging fraud must only identify and plead "when" the fraud occurred, "where" it occurred, "what" the

---

[1] Plaintiffs have additional documentation to support their allegations; however, Defendant Subway claims that this information is subject to privilege and the parties have not yet entered into any protective order in this matter. As such, despite Plaintiffs' belief that the information is not privileged, the Plaintiffs respectfully request the Court allow the submission of these materials *in camera* or alternatively allow Plaintiffs to provide a Declaration under seal to provide the Court these documents, or allow the parties to address to the Court *in camera* the materials such that the Plaintiffs can honor the request of the Defendants not to file such documents while at the same time being provided a fair opportunity to provide the court with all of the extrinsic documentation necessary to make a determination on this motion.

false representation was, and "who" the parties to the representation were.  Id.

Defendants in this case cannot credibly assert that they do not understand the nature of Plaintiffs' claims, or the fraud alleged, such that they cannot adequately respond.

### C.  Plaintiffs Have Sufficiently Pled Their Claims

A complaint survives a 12(b)(6) motion to dismiss when its "non-conclusory factual content and reasonable inferences from that content plausibly suggest of a claim entitling plaintiff to relief."  Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

When courts analyze the plausibility of a complaint, they "accept the factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008). Moreover, when adjudicating motions to dismiss brought under Rule 12(b)(6), courts will "draw all reasonable inferences in favor of the plaintiff."  Rice-Sherman v. Big Heart Pet Brands, Inc., 2020 WL 1245130, *8 (N.D. Cal. Mar. 16, 2020) (citing Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987)).

Taking the facts alleged in the FAC as true, together with the reasonable inferences drawn from those facts, Plaintiffs have alleged more than sufficient facts to support Defendants' unlawful conduct as alleged in the FAC.  A complaint alleging fraud "must state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  To meet this standard, a complaint must describe the "who, what, when, where, and how of the misconduct."  Cafasso ex rel. United States v. General Dynamics C4 Sys., 637 F.3d 1047, 1055 (9th Cir. 2011).  Finally, "[a] court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial pre-discovery evidence of those facts."  See, e.g., Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999.)

Under these standards, Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint should be denied.

**1. Plaintiffs' Allegations Regarding Common Law Fraud Satisfy Rule 9(b)**

Plaintiffs' common law fraud claims are based on Defendants' active concealment and failure to disclose the true content and source of their tuna products.  The elements of fraudulent nondisclosure are: (1) nondisclosure by the defendant of facts materially affecting the value or desirability of the product; (2) defendant's knowledge of such facts and of their being unknown to or beyond the reach of the plaintiff; (3) defendant's intention to induce action by the plaintiff; (4) inducement of the plaintiff to act by reason of the nondisclosure; and (5) resulting damages. Continental Airlines, Inc. v. McDonnel Douglas Corp., 216 Cal.App.3d 388, 404 (1989) (citations omitted).

**a. Plaintiffs Have Adequately Pled the "Who," "What," "When," and "Where"**

A complaint alleging fraud must allege "an account of the 'time, place, and specific content of the false representations as well as the identifies of the parties to the misrepresentations." Swartz, 476 F.3d at 764.  Plaintiffs have done so here:

**The WHO:** Defendants and Plaintiffs are the parties to Defendants' concealment of material facts and/or intentional misrepresentations (FAC ¶ 2–4).  Further, the FAC identifies the class and each Defendant (Id. at 14-19, 42-43);

**The WHAT:** The statement and misrepresentation that Defendants' tuna products "contain 100% skipjack and yellowfin tuna" and that Defendants have a global ban on tuna species that "come from anything less than healthy stocks, for example Albacore and Tongol" (Id.);

**The WHEN:** Between January 21, 2017 and the present (the Class period) (Id. at 42); and

**The WHERE:** The misrepresentation was advertised via Defendants' menus and website.  (Id. at 3.)

Subway does not challenge Plaintiffs' allegations with regard to pleading the "who." Further, though Defendants attempt to challenge the "what" allegations (see Defendants' Motion to Dismiss ("Mot.") at 14:15–17), Defendants provide no real argument why the content of this misrepresentation is insufficient to overcome a motion to dismiss.  To the contrary, Plaintiffs' allegations regarding Defendants' misrepresentations are not vague, nor do they require

Defendants to speculate as to the misrepresentations that are at issue.  Indeed, Defendants' Motion acknowledges and recognizes the two statements that Plaintiffs allege are misrepresentations and/or material facts that were concealed by Defendant.  (Mot. at 11:2–5.)

Second, Plaintiffs' "when" allegations are likewise sufficient.  Courts have recognized that requiring a specific citation to each instance of fraudulent conduct is impractical where the violative conduct is repeated frequently over a lengthy period of time.  See United States ex rel. Franklin v. Parke-Davis Div. of Warner-Lambert Co., 147 F. Supp. 2d 39, 39 (D. Mass. 2001) (finding that where allegations are "complex and far-reaching, pleading every instance of fraud would be extremely ungainly, if not impossible"); In re Cardiac Devices Qui Tam Litig., 221 F.R.D. 318, 333 (D. Conn. 2004) ("[W]here the alleged fraudulent scheme involved numerous transactions that occurred over a long period of time, courts have found it impractical to plead the specifics with respect to each and every instance of fraudulent conduct.").

Further, the heightened pleading standard for fraud claims is relaxed somewhat where factual information is peculiarly within a defendant's knowledge or control.  E & E Co., Ltd. V. Kam Hing Enterprises, Inc., 429 F.App'x 632, 633 (9th Cir. 2011).  As a result, any analysis of the FAC in this action under Rule 9(b) would be subject to the relaxed standard that is applied to claims where evidence "lies within [Defendants'] exclusive possession" and specific citation to each instance of fraudulent conduct would not be required. Id.; U.S. ex rel. Tamanaha, 2011 WL 3423788 at *2; (citing United States ex rel. Lee v. SmithKline Beecham, Inc., 245 F.3d 1048, 1052 (9th Cir. 2001)); United States ex rel. Franklin, 147 F. Supp. 2d at 49.  Accordingly, Plaintiffs' broadly pled "when" period is sufficient to overcome the instant motion.

Finally, Plaintiffs adequately pled the "where" as required by law.  Plaintiffs have alleged that Defendants' misrepresentations were made and accessible via Subway's menus and website. (FAC ¶¶ 3, 21.)  Defendants dispute these allegations and contend that they are insufficient on the following unpersuasive grounds: the tuna products are served in bags "that make no representations" (Defs.' Mot. at 4:9–12); a page on Subway's website simply describes the tuna products as "flaked tuna in brine" (Id. at 4:13–15); and Subway did not run any media advertising stating that its products are "100% sustainably caught skipjack and yellowfin tuna" or that Subway

does not use "tuna species that come from anything less than healthy stocks" (Id. at 4:22–5:2).

Nevertheless, Defendants admit that they make a statement on their website indicating that its

products are "100% sustainably caught skipjack and yellowfin tuna" and that Subway does not use

"tuna species that come from anything less than healthy stocks."  (Id. at 5:5–23.)

This is exactly what Plaintiffs allege in the FAC: "Defendants repeatedly emphasize the

[misrepresentations] prominently on the Products' labeling, as well as Defendants' menus and

website."  (FAC ¶¶ 3, 21, 39, 40.)  Whether Defendants dispute that their misrepresentations were

present on their menus, bags, or other products or merchandise is of no consequence.  "[T]he

Court is not inclined to assume the role of fact-finder in the guise of determining plausibility."

Colucci v. ZonePerfect Nutrition Co., No. 12-2907, 2012 WL 6737800, *8 (N.D. Cal. Dec. 28,

2012).  This factual dispute is not appropriate for determination on the pleadings and is not

relevant to determine whether it is plausible that Defendants made the alleged misrepresentations.

Indeed, Defendants admit to making the alleged misrepresentations on their website.  (Defs.' Mot.

at 5:5–23.)  If the menu in the restaurant only says tuna, and the Defendant intends a particular

type of tuna but does not so inform the consumer of that fact, and then despite that representation

and alleged intention provides a salad of inferior, different from intended, and/or entirely not

intended quality, then Defendants have committed fraud and/or concealment to the detriment of

the customer.

In sum, Plaintiffs' FAC adequately puts Defendants on notice of the particular alleged

misconduct that constitutes the charged fraud.

### b.  Plaintiffs Have Adequately Pled the "Why"

Pursuant to the requirements established under Rule 9(b), a complaint must set forth "what

is false or misleading about the [challenged] statement[s] and why [they are] false."  Joseph v.

J.M. Smucker Co., 2019 WL 1219708, *5 (C.D. Cal. Mar. 13, 2019) ( quotation omitted).  Here,

Plaintiffs satisfy this requirement.  The FAC provides reasons for why Defendants' challenged

representations are false, including information about the deliberate vulnerabilities in Defendants'

supply chain that result in the fraud.  (FAC ¶¶ 2, 6-7, 22-23, 27 and 30).  If the facts  alleged in

Plaintiffs' FAC as accepted as true, as they must at this stage of litigation, the Court has ample

1    justification to reasonably conclude that Defendant' statements are false, especially in light of the

2    details Plaintiffs have alleged regarding Defendants' compromised tuna supply chain for

3    California.  Furthermore, Plaintiffs have adequately pled Defendants' motivations for perpetuating

4    the alleged fraudulent misconduct.  (Id. at 1, 20-21, 28-30.)

5                    **c.   Plaintiffs Have Adequately Pled Reliance**

6            Plaintiffs have adequately plead reliance inasmuch as they have indicated they relied upon

7    the representations of Defendants regarding their purchase of a tuna sandwich.  (FAC ¶¶ 5-7, 9,

8    31-33, 123.)  Subway admittedly intends for its tuna (as alleged in the complaint) to contain **only**

9    skipjack and yellowfin tuna.  However, as alleged in the complaint, this is not true.  (Id. at 4.)

10   Subway, with knowledge of this falsity, fails to disclose and withholds the fact that their tuna is

11   not as it intends or purports to be on its website.  Thus, because Subway is the sole holder of this

12   information, and they have failed to disclose and/or remedy this representation, and under the

13   CLRA the Plaintiffs do not have to plead reliance, that element is waived.  Their reliance is upon

14   the representations in the stores where they have purchased the products.  If Subway contents that

15   their tuna products in fact contain only yellowtail and skipjack tuna, then that issue is simply a

16   disputed fact at this point.  Accordingly, based on the allegations of the complaint, disposition of

17   that issue would proper for the Court only with a properly noticed Rule 56 motion, which would

18   allow this Court to evaluate the evidence from both sides.

19           **2.   Plaintiffs Have Alleged Their UCL and FAL Claims With Requisite**

20               **Particularity**

21           Plaintiffs' fraudulent business practices claim under California's Unfair Competition Law,

22   California Business and Professions Code §§ 17200, et seq., (the "UCL") and the False

23   Advertising Law, California Business and Professions Code §§ 17500, et seq., (the "FAL") is

24   based on Defendants' failure to disclose and truthfully label, advertise, and market its tuna

25   products and the contents thereof.  In order to prove liability where a fraudulent practice is based

26   on a non-disclosure, the plaintiff must establish that the defendant had a duty to disclose the

27   omitted information and that the failure to do so would likely deceive the public.  See e.g., Collins

28   v. eMachines, Inc., 202 Cal.App.4th 1282, 1293 (2011); Massachusetts Mutual Life Ins. Co. v.

Sup. Ct., 97 Cal.App.4th 1282, 1293 (2002) (insurer's failure to disclose planned change to dividend policy stated claim for "fraudulent business practice" in violation of UCL); Falk v. General Motors Corp., 496 F.Supp.2d 1088, 1098 (N.D. Cal. 2007) (UCL violation to fail to disclosure material facts that defendant had a duty to disclose).  The test to determine whether members of the public are likely to be deceived is based on a reasonable consumer standard.  In re Tobacco II, 46 Cal.4th 298, 312, 320 (2009).  Here, the FAC alleges a duty to disclose and that the non-disclosed information would likely deceive the public.  (FAC ¶¶ 85, 86, 97, 109.)  Moreover, Plaintiffs have pled that Defendants knew about the "100% skipjack and yellowfin tuna" misrepresentation.  (Id. at 1, 22.)

As it relates to a duty to disclose under California law, the FAC pleads the applicable situations giving rise to a duty to disclose, both of which exist here:

(1)     Defendants have exclusive or superior knowledge of material facts not reasonably knowable to Plaintiffs; and

(2)     Defendants actively concealed one or more material facts from Plaintiffs. (See FAC ¶ 85.)  The presence of either one of these two situations requires disclosure.  Goodman v. Kennedy, 18 Cal.3d 355, 346–47 (1976) .

The test for materiality is whether "a reasonable man would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question."  Tobacco II, 46 Cal.4th at 327.  Plaintiffs' FAC pleads that the non-disclosed information was material because the concealed information affects the monetary value of the tuna products. (FAC ¶¶ 1, 30, 32, 37, 78, 107, 114, 123.)

Further, Plaintiffs have sufficiently alleged reliance under the UCL and FAL.  To bring claims under the UCL and FAL, Plaintiffs will have to demonstrate that they "suffered injury in fact," "lost money or property as a result of the unfair competition," and that they "relied on the challenged misrepresentation."  Cal. Bus.  & Prof. Code § 17204; see also Wilson v. Frito-Lay N. Am., Inc., 260 F. Supp. 3d 1202, 1208 (N.D. Cal. 2017).  Here, Plaintiffs alleged that they relied on Defendants' challenges misrepresentations and lost money as a result of Defendants' unfair competition.  (FAC ¶¶ 5-7, 9, 31-33, 123.)  Additionally, Plaintiffs detailed and described the

claims which they directly saw or were indirectly exposed to and upon which they relied, including explicit reference to reliance on Defendants' menu labelling. (Id. at 6, 33.) Accordingly, since Plaintiffs have alleged that the challenged "100% skipjack and yellowfin tuna" representations led to their purchases of the Products, they have adequately alleged a causal connection between Defendants' misrepresentation and Plaintiffs' economic injury.

### 3.   Plaintiffs Have Alleged Their CLRA Claim With Requisite Particularity

Plaintiffs' CLRA claim is likewise based on Defendants' failure to disclose that Subway's tuna products do not contain 100% skipjack and yellowfin tuna and that the tuna products are not comprised of species that come from anything less than healthy stocks. (See FAC ¶ 76.) An omission of fact a defendant is obliged to disclose is a violation of the CLRA.[2] See, e.g., Collins, 202 Cal.App.4th at 255 ("deceptive practices proscribed in the CLRA include the concealment or suppression of material facts"). Materiality under the CLRA is likewise judge by the effect on a reasonable consumer. Id. at 256.

Further, in pleading claims under the CLRA based on a defendant's failure to disclose, reliance is "best expressed in terms that the plaintiff would have behaved different has the true facts been known." See Mirkin v. Wasserman, 5 Cal.4th 1082, 1093 (1993). Here, Plaintiffs alleged that they would not have paid as much as they did for Defendants' tuna products if Defendants had disclosed that the tuna product were not in fact comprised of 100% skipjack and yellowfin tuna or that the products contained tuna species that came from anything less than healthy stocks. (FAC ¶¶ 31–32.) Further, Defendants' argument that Plaintiffs' allegations fail to establish actual reliance on behalf of "an entire class of consumers" (Defs.' Mot. at 16:24–17:4) is misplaced. Class-wide reliance does not require a showing of actual reliance on the part of every class member. Rather, if all class members have been exposed to the same material misrepresentations, class-wide reliance **will be inferred** unless appropriately rebutted by the defendants. Vasquez v. Sup. Ct., 4 Cal.3d 800, 814–815 (1971). Regardless, a motion to dismiss

---

[2] These types of non-disclosures violate § 1770, subdivisions (5), (7), (9), and (16) of the CLRA. See Outboard Marine Corp. v. Sup. Ct., 52 Cal.App.3d 30, 36 (1975).

1  pursuant to 12(b)(6) is not the proper venue to seek dismissal based on a plaintiff's alleged failure

2  to adequately plead *class claims.*

3  **D.  In the Alternative, Leave to Amend Should Be Granted**

4  Based on the foregoing, Plaintiffs request that the Court deny Defendants' Motion to

5  Dismiss in its entirety.  However, should the Court sustain the Motion in any respect, Plaintiffs

6  hereby respectfully request that leave to amend be permitted.  Rule 15 advises courts that "leave to

7  amend shall be freely given when justice so requires."  Fed. R. Civ. P. 15.  This policy shall be

8  applied with "extreme liberality."  Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712

9  (9th Cir. 2011) (quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir.

10  1990).  Further, the Supreme Court held that when a district court considers granting leave to

11  amend, "in the absence of any apparently or declared reason—such as undue delay, bad faith, or

12  dilatory motive on the part of the movant, repeated failures to cure deficiency by amendments

13  previously allowed, undue prejudice to the opposing party by virtue of allowing of the

14  amendment, futility of the amendment," leave to amend should be "freely given."  Foman v.

15  Davis, 83 S.Ct. 227 (1962).

16  The factor of prejudice is given the greatest weight, and if no prejudice would result to the

17  moving party, there exists a presumption under Rule 15(a) in favor of granting leave to amend.

18  See Lowrey v. Tex. A & M Univ. Syst., 117 F.3d 242, 245 (5th Cir. 1997).  Here, there is no

19  cognizable argument that Defendants will be prejudiced should this Court permit Plaintiffs the

20  opportunity to amend the FAC to cure any alleged defects.  Moreover, there exist no defects that

21  are uncurable by amendment or that would render leave to amend futile.

22  Additionally, leave to amend should be granted when the plaintiff would be able to cure

23  any deficiencies in the pleadings by allegations of other facts.  Snarr v. Cento Fine Foods Inc.,

24  2019 WL 7050149, *7 (N.D. Cal. Dec. 23, 2019) (citing Lopez v. Smith, 203 F.3d 1122, 1127

25  (9th Cir. 2000)).  To the extent that this Court finds any defects in the pleadings as currently

26  constituted, Plaintiffs respectfully request the opportunity to cure deficiencies in a subsequent

27  pleading.

28

1       Finally, dismissal of a complaint with prejudice is proper only in "extraordinary" cases.

2   Broam, 320 F.3d at 1028 (9th Cir.  2003).

3       **VI.    <u>CONCLUSION</u>**

4       For the foregoing reasons, the Court should deny in its entirety Defendants' Motion to

5   Dismiss Plaintiffs' FAC.  In the alternative, Plaintiffs respectfully request that the Court grant

6   leave to amend.

7

8   Dated:  August 6, 2021                    McNICHOLAS & McNICHOLAS, LLP,

9

10                                      By:      /s/ Jeffrey R. Lamb
                                                Patrick McNicholas, Esq.
11                                              Jeffrey R. Lamb, Esq.
                                                Emily R. Pincin, Esq.
12                                              Attorneys for Plaintiffs

13                                              Additional Counsel:

14
                                                THE LANIER LAW FIRM, PC
15                                              Mark Lanier, (Admitted *Pro Hac Vice*)
                                                Alex Brown (Admitted *Pro Hac Vice*)
16                                              Mark Lanier, (Admitted *Pro Hac Vice*)
                                                Jonathan Wilkerson (Admitted *Pro Hac Vice*)
17                                              10940 W. Sam Houston Pkwy N, Ste. 100
                                                Houston, TX 77064
18                                              Telephone: (713) 659-5200
                                                Facsimile: (713) 659-2204
19

20                                              DOGRA LAW GROUP PC
                                                Shalini Dogra, SBN 309024
21                                              2219 Main Street, Unit 239
                                                Santa Monica, CA 90405
22                                              Telephone: (747) 234-6673
                                                Facsimile: (310) 868-0170
23

24

25

26

27

28