PATRICK MCNICHOLAS, SBN 125868
*pmc@mcnicholaslaw.com*
JEFFREY LAMB, SBN 257648
*jrl@mcnicholaslaw.com*
EMILY PINCIN, SBN 334566
*erp@mcnicholaslaw.com*
**McNICHOLAS & McNICHOLAS, LLP**
10866 Wilshire Blvd., Ste. 1400
Los Angeles, California 90024
Tel: (310) 474-1582
Fax: (310) 475-7871

MARK LANIER, (Admitted *Pro Hac Vice*)
*wml@lanierlawfirm.com*
ALEX BROWN, (Admitted *Pro Hac Vice*)
*alex.brown@lanierlawfirm.com*
JONATHAN WILKERSON, (Admitted *Pro Hac Vice*)
*jonathan.wilkerson@lanierlawfirm.com*
**THE LANIER LAW FIRM, PC**
10940 W. Sam Houston Pkwy N, Ste. 100
Houston, TX 77064
Tel: (713) 659-5200
Fax: (713) 659-2204

SHALINI DOGRA, SBN 309024
*shalini@dogralawgroup.com*
**DOGRA LAW GROUP PC**
2219 Main Street, Unit 239
Santa Monica, CA 90405
Tel: (747) 234-6673
Fax: (310) 868-0170

Attorneys for Named Plaintiffs KAREN DHANOWA and NILIMA AMIN and Proposed Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN DHANOWA and NILIMA AMIN, on behalf of themselves and all others similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>SUBWAY RESTAURANTS, INC., a Delaware Corporation; FRANCHISE WORLD HEADQUARTERS, LLC., a Connecticut Limited Liability Corporation; SUBWAY FRANCHISEE ADVERTISING TRUST FUND LTD., a Connecticut Corporation; and DOES 1 through 50, Inclusive,<br><br>Defendants. | Case No: 4:21-CV-00498-JST<br>[*Assigned for all purposes to Hon. Judge Jon S. Tigar*]<br><br>**PLAINTIFFS' OPPOSITION AND OBJECTIONS TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**<br><br>Date:  September 2, 2021<br>Time: 2:00 p.m.<br>Ctrm: Courtroom 6 – 2nd Floor<br>Juge:  Hon. Jon S. Tigar<br><br>Complaint Filed:  January 21, 2021<br>FAC Filed:  June 7, 2021 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants ask this Court to take judicial notice of twenty-one (21) exhibits that were filed in support of Defendants' Motion to Dismiss pursuant to Rule 12(b)(6).  Defendants seek to introduce evidence of certain facts through its Request for Judicial Notice ("RJN").  While the Court may take judicial notice of the existence of the documents, the RJN does not establish the truth of the factual matters set forth in the documents.  Further, judicial notice for documents not referenced or otherwise incorporated by reference in the complaint is improper.

## II. ARGUMENT

> "[T]he consequences of taking judicial notice are significant. Where the trial court has taken judicial notice of a fact, the jury must be instructed to accept that fact as conclusive. Judicial notice also precludes either party from introducing evidence to disprove that fact. The Ninth Circuit has accordingly urged the district courts to be cautious in taking judicial notice and to do so only when the matter is beyond controversy."

Metro. Creditors' Trust v. Pricewaterhousecoopers, LLP, 463 F. Supp. 2d 1193, 1197 (E.D. Wash. 2006) (internal citations and quotation marks omitted) (discussing Fed. R. Evid. 201(g) and Rivera v. Philip Morris, Inc., 395 F.3d 1142, 1151 (9th Cir.2005)) (emphasis added).  Under Federal Rule of Evidence 201, the Court may take judicial notice of a fact only if it is: "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

As to the documents for which Defendants seek judicial notice, neither of the reasons for judicially noticing them have been shown. Further, within the requests, Defendants have impermissibly advanced additional substantive arguments (e.g., that Plaintiffs could not have reasonably relied on Defendants' statements, because those statements are allegedly found at only one location on Defendants' website). The requested documents are not properly subject to judicial notice, and the request itself should be stricken as improper argument regarding the merits of the underlying Motion to Dismiss.

Under Fed. R. Evid. 201, where the truth of the documents is disputed or capable of dispute,

judicial notice would be reversible error.  Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001).  Further, documents not referenced in the complaint may not be considered at all.  Branch v. Tunnell, 14 F.3d 449 (9th Cir. 1994).

### III. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court deny Defendants' request for judicial notice in its entirety.


Dated:  August 6, 2021                    McNICHOLAS & McNICHOLAS, LLP,


By:    /s/ Jeffrey R. Lamb
       Patrick McNicholas, Esq.
       Jeffrey R. Lamb, Esq.
       Emily R. Pincin, Esq.
       Attorneys for Plaintiffs

       Additional Counsel:

       THE LANIER LAW FIRM, PC
       Mark Lanier, (Admitted *Pro Hac Vice*)
       Alex Brown (Admitted *Pro Hac Vice*)
       Mark Lanier, (Admitted *Pro Hac Vice*)
       Jonathan Wilkerson (Admitted *Pro Hac Vice*)
       10940 W. Sam Houston Pkwy N, Ste. 100
       Houston, TX 77064
       Telephone: (713) 659-5200
       Facsimile: (713) 659-2204

       DOGRA LAW GROUP PC
       Shalini Dogra, SBN 309024
       2219 Main Street, Unit 239
       Santa Monica, CA 90405
       Telephone: (747) 234-6673
       Facsimile: (310) 868-0170