1   Mark C. Goodman (State Bar No. 154692)
      mark.goodman@bakermckenzie.com
2   **BAKER & McKENZIE LLP**
    Two Embarcadero Center, 11th Floor
3   San Francisco, CA  94111
    Telephone:   +1 415 576 3000
4   Facsimile: +1 415 576 3099

5   Alexander G. Davis (State Bar No. 287840)
      alexander.davis@bakermckenzie.com
6   Anne Kelts Assayag (State Bar No. 298710)
      anne.assayag@bakermckenzie.com
7   **BAKER & McKENZIE LLP**
    600 Hansen Way
8   Palo Alto, CA  94304-1044
    Telephone:   +1 650 856 2400
9   Facsimile: +1 650 856 9299

10  Attorneys for Defendants
    SUBWAY RESTAURANTS, INC.,
11  FRANCHISE WORLD HEADQUARTERS, LLC and
    SUBWAY FRANCHISEE ADVERTISING TRUST FUND LTD.

12
                    **UNITED STATES DISTRICT COURT**
13
                    **NORTHERN DISTRICT OF CALIFORNIA**
14

15  KAREN DHANOWA and NILIMA AMIN, on            Case No.  4:21-cv-00498-JST
    behalf of themselves and all others,
16                                               **REPLY IN SUPPORT OF MOTION TO**
                Plaintiffs,                      **DISMISS FIRST AMENDED**
17                                               **COMPLAINT**
                vs.
18                                               Date:    September 2, 2021
    SUBWAY RESTAURANTS, INC., a Delaware          Time:   2:00 p.m.
19  Corporation; FRANCHISE WORLD                  Ctrm:  Courtroom 6 – 2nd Floor
    HEADQUARTERS, LLC., a Connecticut Limited     Judge:  Hon. Jon S. Tigar
20  Liability Corporation; SUBWAY FRANCHISEE      Oakland Courthouse
    ADVERTISING TRUST FUND LTD., a
21  Connecticut Corporation; and DOES 1 through 50,   Complaint Filed: January 21, 2021
    Inclusive,                                    Amended Complaint Filed: June 8, 2021
22
                Defendants.
23

24

25

26

27

28

1

## **TABLE OF CONTENTS**

2
                                                                                              **Page**

3    I.      INTRODUCTION ......................................................................................... 1

4    II.     DISCUSSION ............................................................................................... 2

5            A.      Plaintiffs Allege No Facts Explaining *Why* Subway's Representations Are
                     False ................................................................................................... 2
6
             B.      Plaintiffs Have Not Alleged Actual Reliance And Cannot Fix That Defect ................ 4
7
             C.      Plaintiffs' Fraudulent Concealment Theory Fails ........................................... 6
8
             D.      Subway's Request For Judicial Notice Is Entirely Appropriate ................................. 8
9
     III.    CONCLUSION............................................................................................. 10
10
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allen v. ConAgra Foods, Inc.*,
   No. 13-cv-01279-JST, 2013 U.S. Dist. LEXIS 125607 (N.D. Cal. Sept. 2, 2013) .....................9

*Anderson v. Jamba Juice Co.*,
   888 F.Supp.2d 1000 (N.D. Cal. Aug. 24, 2012) .......................................................................8, 9

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...........................................................................................................................2

*Augustine v. Talking Rain Bev. Co.*,
   386 F.Supp.3d 1317 (S.D. Cal. 2019)...............................................................................................7

*Branca v. Bai Brands, Ltd. Liab. Co.*,
   No. 3:18-cv-00757-BEN-KSC, 2019 U.S. Dist. LEXIS 37105 (S.D. Cal. Mar. 7, 2019)............7

*Brazil v. Dole Food Co.*,
   935 F.Supp.2d 947 (N.D. Cal. 2013) .............................................................................................6, 8

*Bronson v. Johnson & Johnson, Inc.*,
   No. 12-4104, 201 U.S. Dist. LEXIS 54029 (N.D. Cal. Apr. 16, 2013)........................................9

*Hadley v. Kellogg Sales Co.*,
   243 F.Supp.3d 1074 (N.D. Cal. March 21, 2017).............................................................................8

*Howell v. Leprino Foods Co.*,
   No. 1:18-CV-01404-AWI-BAM, 2020 U.S. Dist. LEXIS 25515 (E.D. Cal. Feb. 12, 2020)........3

*Johnson v. Little Orchard Bus. Park Owners Ass'n*,
   No. 20-cv-06584-SVK, 2021 U.S. Dist. LEXIS 148053 (N.D. Cal. Aug. 6, 2021).....................3

*Maple v. Costco Wholesale Corp.*,
   No. 12-CV-5166, 2013 U.S. Dist. LEXIS 202217 (E.D. Wash. Aug. 1, 2013) .......................5, 9

*Romero v. Flowers Bakeries, LLC*,
   No. 14-cv-05189-BLF, 2015 WL 2125004 (N.D. Cal. May 6, 2015)...........................................9

*Santiago v. Subway Restaurants, Inc.*,
   No. 21STCV23826 (Los Angeles Cty. Sup. Ct. Jun. 28, 2021) ...................................................2

*United States v. United Healthcare Ins. Co.*,
   848 F.3d 1161 (9th Cir. 2016) ...........................................................................................................6

*Williams v. Apple, Inc.*,
   449 F.Supp.3d 892 (N.D. Cal. 2020) ...............................................................................................5

1

2

*Wilson v. Hewlett-Packard Co.*,
668 F.3d 1136 (9th Cir. 2012) ..................................................................................8

3

**Other Authorities**

4

Fed. R. Civ. P. Rule 9(b)............................................................................... *passim*

5

Fed. R. Civ. P. Rule 11 ...................................................................................7

6

Fed. R. Civ. P. Rule 12(b)(6) ...............................................................1, 2, 3, 6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# I.   INTRODUCTION

Plaintiffs' Opposition does not meaningfully address the core pleading defects in their First Amended Complaint (the "FAC"), defects that require dismissal under Rule 12(b)(6).

Plaintiffs charge Subway with making false statements about its tuna products but they ultimately do not dispute that their pleading alleges no facts explaining why those statements might be untrue or misleading or have caused them to buy the tuna products at a premium price, as Rule 9(b) requires.  Moreover, the plaintiffs appear to agree that the representations alleged only ever appeared in one paragraph on the Subway website that has nothing to do with purchasing tuna salad.  As Subway predicted in its opening papers, the plaintiffs do not, most likely because they cannot, allege that they ever actually visited that portion of the website.  They certainly do not allege that they visited that obscure webpage and then relied on specific representations on that page in deciding to purchase tuna products from Subway restaurants at some point during a four-year class period and that they were ever damaged by doing so.  Instead, in a key admission, the Opposition concedes that the plaintiffs' case is actually about being "indirectly exposed to" certain representations that they never actually saw.  (Opp. at 16:1.)  Such indirect exposure and vague allegations simply do not support claims for fraud under California law and this Court's Rule 9(b) pleading requirements.  Plaintiffs and their attorneys should have known that "indirect exposure," whatever that means, would never be enough to establish actual reliance and, thus, never should have brought these claims in the first place, claims that were only concocted after the plaintiffs had to retract their equally meritless "Subway tuna is not tuna" claim.

Interestingly, after being confronted about their failure to specify why Subway's website is misleading, the plaintiffs claim for the first time in their Opposition that the statements at issue -- that Subway sells only skipjack and yellowfin tuna and has a global ban on the sale of species like albacore -- are false because Subway's tuna salad includes albacore tuna.  Of course, neither this allegation nor any plausible supporting fact appears anywhere in the operative complaint filed in this action.  Nor could the plaintiffs ever truthfully make such an allegation:  Subway only orders and purchases skipjack and yellowfin tuna, a fact that is supported by documentation from Subway's suppliers, documents that were provided to the plaintiffs and that caused another class of plaintiffs to dismiss

their copy-cat class action.  *See Santiago v. Subway Restaurants, Inc.*, No. 21STCV23826 (Los Angeles Cty. Sup. Ct. Jun. 28, 2021).  Finally, even if the plaintiffs had alleged facts demonstrating that Subway stated that it sold only skipjack and yellowfin tuna, that the plaintiffs and all other consumers relied on those statements in purchasing Subway tuna products and that the tuna sold by Subway contained any albacore tuna, ***and there are no such facts in the FAC***, the plaintiffs still do not explain how those facts would make Subway's statement that it has a ban on the sale of albacore tuna fraudulent or how the plaintiffs plausibly could have incurred any damages as a result of any albacore (an expensive and prized species of tuna) being included in the tuna that they purchased from Subway.  Without being able to allege such facts, the plaintiffs' claims -- and certainly their class action -- must be dismissed.

## II.   DISCUSSION

Plaintiffs do not even bother to cite, much less actually address, the persuasive authority cited in Subway's opening papers in which Northern District of California courts decided Rule 12(b)(6) motions on consumer claims alleging fraud in representations about food products.  Instead, the plaintiffs rely on outdated cases suggesting that a Rule 12(b)(6) motion is viewed "with disfavor and rarely granted" (Opp. at 7), even though no Northern District court has made such an observation since 2009, when the United States Supreme Court imposed the "plausibility pleading" standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  In addition to citing overruled legal concepts, the plaintiffs offer sweeping legal conclusions without any supporting authority.  (*See, e.g.*, Opp. at 13:14-18.)  Plaintiffs' failure to confront the governing legal standards and multiple pleading defects in the FAC requires dismissing that complaint.

While Subway primarily relies on the arguments and authorities presented in its opening papers, it responds briefly to four issues raised in the Opposition, none of which, either taken together or standing alone, is sufficient to withstand dismissal under Rule 12(b)(6) and Rule 9(b).

### A.   Plaintiffs Allege No Facts Explaining *Why* Subway's Representations Are False

Plaintiffs' Opposition concedes, as it must, that Rule 9(b) requires pleading specific facts demonstrating ***why*** the statements at issue are supposedly false.  (Opp. at 13:23-24.)  In a neat microcosm of the plaintiffs' approach to pleading, the Opposition ***concludes*** this requirement is

1   satisfied, without identifying any actual facts pled in the complaint to support the plaintiffs'

2   conclusion.  Instead, the Opposition refers the Court to seven paragraphs in the FAC and references

3   "deliberate vulnerabilities," whatever that means.  (*Id.* at 13:26-27.)  Of course, the paragraphs cited

4   in the Opposition do not even attempt to explain "why" any statements are false.

5       For example, the plaintiffs cite to paragraph 2 of the FAC, which states:

6           Defendants label and advertise the Products as "100% tuna" and additionally represent
            that the tuna in their products contains either skipjack and/or yellowfin tuna from
7           sustainably farmed fisheries.  However, the Products' labeling, marketing and
            advertising is false and misleading.  In reality, the Products do not contain 100%
8           skipjack and yellowtail tuna, and/or do not consist of 100% tuna with respect to the
            fish portion of the product Defendants represent as tuna.

9

10  As Subway already explained in its opening papers, these allegations offer nothing more than

11  conclusions and circular logic:  Subway's representations are false because, "[i]n reality," the

12  representations are false.  (*See* ECF No. 39, Subway's Mot. to Dismiss at 11.)  This *petitio principii*

13  does not come close to satisfying federal requirements for pleading fraud.  Plaintiffs likewise make

14  no effort to respond to the fact that the FAC's allegations about "adulteration risks" are fatally vague

15  and speculative.  (*Id.* at 13.)  They instead simply cite back to the paragraphs, without further

16  comment.

17      Unable to cite to anything in their pleading that can avoid dismissal, the plaintiffs ask the

18  Court to consider extrinsic evidence for the truth of the matter asserted.  (Opp. at 7, 9 n.1.)  As the

19  Court is well aware, such materials may not be considered on a Rule 12(b)(6) motion, meaning the

20  evidence that the plaintiffs want to use cannot save their pleading.  *See Johnson v. Little Orchard

21  Bus. Park Owners Ass'n*, No. 20-cv-06584-SVK, 2021 U.S. Dist. LEXIS 148053, at *4 (N.D. Cal.

22  Aug. 6, 2021) ("In ruling on a motion to dismiss, the court may consider only 'the complaint,

23  materials incorporated into the complaint by reference, and matters of which the court may take

24  judicial notice'") (quoting *Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th

25  Cir. 2008)); *Howell v. Leprino Foods Co.*, No. 1:18-CV-01404-AWI-BAM, 2020 U.S. Dist. LEXIS

26  25515, at *6 (E.D. Cal. Feb. 12, 2020) ("Courts 'cannot take judicial notice of the contents of

27  documents for the truth of the matters asserted therein when the facts are disputed'") (quoting *Cal.

28  Sportfishing Prot. All. v. Shilog Grp. LLC*, 286 F.Supp.3d 1029, 1038 (N.D. Cal. 2017)).

1    At the very most, the question here is not whether the motion should be granted, it is whether

2    the supposedly "new" information referred to by the plaintiffs provides a basis for leave to amend

3    following dismissal.  It does not.  First, contrary to the plaintiffs' representation, the information

4    that they refer to in their Opposition for the first time "establishes" nothing about the tuna products

5    supposedly purchased by the plaintiffs.  (*See* Opp. at 7:4-6.)  Second, this is not new information:

6    The plaintiffs have had that information in their possession since April as part of Subway's effort

7    to provide evidence demonstrating that the plaintiffs' initial claim about Subway tuna products

8    containing no tuna was utterly false.  Plaintiffs' decision not to reference this information when they

9    filed their FAC in June indicates that they know it does not support claims against Subway.  Third,

10   the plaintiffs do not even try to contend that this information helps demonstrate their actual reliance

11   on the statements at issue or that they incurred any damages whatsoever, meaning that their fraud

12   claims are incurably and fundamentally deficient no matter what "evidence" the plaintiffs claim to

13   have in their back pockets.[1]

14   **B.       Plaintiffs Have Not Alleged Actual Reliance And Cannot Fix That Defect**

15       As Subway explained in its opening brief, the plaintiffs' original "no tuna" theory of liability

16   required them to allege reliance only on the word "tuna" in Subway's marketing and labeling

17   materials, a word that does actually appear on Subway's menus, website, advertising and other

18   marketing materials.  After the plaintiffs abandoned this baseless accusation and narrowed their

19   fraud claims to the representations described in the FAC (that Subway "only sell[s] skipjack and

20   yellowfin tuna" and that it has "a global ban on the sale of tuna species that come from anything

21   less than healthy stocks, for example Albacore and Tongol"), they created a new, and unsolvable,

22   reliance problem:   The representations about skipjack and yellowfin tuna appear only in one

23   paragraph on the Subway website that has nothing to do with product details or sandwich ordering

24   and requires a consumer to undertake at least five steps to reach a specific webpage entitled

25

26   _____

27   [1] It must be pointed out that the information provided to the plaintiffs certainly does not establish
     their claims.  Plaintiffs' attempts to create the illusion that they have some evidence of false
     statements are just further means by which they hope to avoid sanctions for bringing and
28   attempting to maintain claims with no basis in fact or law on which to do so.

"Responsible Sourcing."  (Mot. to Dismiss at 16.)  Plaintiffs do not dispute that this was the only place where the representations were made.[2]  (*See* Opp. at 13:2-4.)  This makes the reliance inquiry -- as well as the "where and when" of the plaintiffs' Rule 9(b) pleading burden -- very straightforward:  The plaintiffs were required to allege that they visited ***that*** page of Subway's website and then actually relied on specific statements ***before*** each of the plaintiffs and each class member visited a California Subway restaurant and purchased a tuna product ***because*** of those statements.  The FAC contains no such allegations, much less any facts that support them, and must be dismissed.  Critically, the plaintiffs not only do not make such allegations, which requires dismissing the FAC, they do not try to claim that they ***could*** truthfully make such allegations or plead such facts.  This is quite understandable given the obscure location of the statements at issue, that the species of tuna is not a material issue for ordinary consumers of tuna salad products and because the plaintiffs were originally selected for this lawsuit on the assumption that their reliance was simply on the word "tuna," which is no longer the case.  Because the plaintiffs cannot truthfully allege facts to support their claims against Subway, the Court must dismiss this suit with prejudice.

Plaintiffs' attempts to satisfy the reliance element of their claims are based on generalities -- *e.g.,* "Plaintiffs have adequately plead reliance inasmuch as they have indicated they relied upon the representations of Defendants regarding their purchase of a tuna sandwich" (Opp. at 14:6-7) -- and, thus, are insufficient to maintain a claim.  "[T]o make the reliance showing, this Court has consistently held that plaintiffs in misrepresentation cases ***must allege that they actually read the challenged representations***."  *Williams v. Apple, Inc.*, 449 F.Supp.3d 892, 913 (N.D. Cal. 2020) (emphasis added).  Indeed, even in cases where consumers allege fraud based on labels ***actually attached to the food products at issue***, Ninth Circuit courts still require specific allegations that the consumers actually read those labels before purchase.  *See, e.g., Maple v. Costco Wholesale Corp.*, No. 12-CV-5166, 2013 U.S. Dist. LEXIS 202217, at *16 (E.D. Wash. Aug. 1, 2013) ("In light of

---

[2] Adding to the skepticism that their claims deserve, the plaintiffs repeatedly claim that the representations at issue include the phrase "100%" but, as demonstrated by the materials included in Subway's request for judicial notice, and not disputed in the Opposition, the phrase "100%" does not appear on Subway's Responsible Sourcing page or in any other Subway materials during the relevant time period.  (*See* RJN, Exs. S, T.)

Plaintiff's failure to allege that he relied on the alleged deceptive statements on the label, ***or that he even read such statements prior to purchasing the drink***, the Court cannot credit the naked assertions that he would not have purchased the drink had the label not contained such statements") (emphasis added); *Brazil v. Dole Food Co.*, 935 F.Supp.2d 947, 964 (N.D. Cal. 2013) ("the FAC also does not clearly indicate the content of the labels upon which Brazil allegedly relied when making his purchases").  Where, as here, (1) the plaintiffs' have drastically changed their theory in the middle of the litigation, (2) the statements at issue are buried in a virtual corner of the Subway website having nothing to do with ordering food and (3) no reasonable consumer would be likely to encounter those statements before purchasing a Subway tuna product in a Subway restaurant, the plaintiffs must be required to allege reliance with specificity to avoid dismissal under Rule 12(b)(6).  *See Brazil*, 935 F.Supp.2d at 964 (the plaintiff had not supported his reliance allegations "with even a minimal degree of factual specificity").

Critically, this is not a case where the statements at issue appeared in numerous forms of marketing, labeling and advertising over the course of years.  (*Cf.* Opp. at 12:4-6 ("Courts have recognized that requiring a specific citation to each instance of fraudulent conduct is impractical where the violative conduct is repeated frequently over a lengthy period of time").)  Nor is this a case where the plaintiffs' reliance would be a matter "peculiarly within [Subway's] knowledge or control."  (*See* Opp. at 12:13-14.)  In fact, the precise opposite is true:  Because of the pleading deficiencies in this case, Subway has no idea when or if the plaintiffs' ever encountered the statements at issue and then relied on them in purchasing tuna products.  Rule 9(b) requires such specificity to, among other things, "prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis."  *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016).  Because these core allegations are solely within the plaintiffs' knowledge and, yet, absent from the FAC, the Court must grant the motion to dismiss without leave to amend.

## C.    Plaintiffs' Fraudulent Concealment Theory Fails

Plaintiffs' last gasp attempt to keep their lawsuit alive and avoid Rule 11 sanctions is to argue that, despite the FAC's causes of action for intentional and negligent misrepresentation and

the multiple (though conclusory) allegations that Subway's *affirmative* representations about tuna are false or misleading, they are actually relying on a theory of fraudulent *non*disclosure. (*See, e.g.*, Opp. at 11, 14.)  This concealment theory fails as profoundly as the plaintiffs' affirmative fraud theory.

It is important to note that nondisclosure claims arise only in specific situations:  "Under California law, an allegedly fraudulent omission is actionable only if the omission is 'contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose.'"  *Augustine v. Talking Rain Bev. Co.*, 386 F.Supp.3d 1317, 1330 (S.D. Cal. 2019) (quoting *Daugherty v. Am. Honda Motor Co.*, 144 Cal.App.4th 824, 835 (2006)).  The FAC does not allege facts to satisfy either basis.

In this case, the plaintiffs do not allege that Subway failed to disclose information that was contrary to any representation on which they actually relied in purchasing Subway's tuna products. *Cf. Augustine*, 386 F.Supp.3d at 1330 (describing fraudulent omission theory as defendants "deliberately intend[ing] to give consumers the false impression that the Products are composed only of natural flavors and contain no artificial colors or flavors *by including pictures of fruit* on the front label of its Products and *including the words 'Naturally Flavored Sparkling Water* with Antioxidants and Vitamins'") (emphasis added).  Indeed, it appears that -- at the very most -- the plaintiffs saw the word "tuna" in making their decision to purchase tuna products at Subway restaurants in California.  The alleged misrepresentations at issue are not contrary to the plaintiffs having received a "tuna" sandwich or salad when they allegedly intended to purchase a tuna sandwich or salad.  In other words, they got exactly what was described.

Moreover, the plaintiffs do not allege facts that give rise to a duty to disclose by Subway. Plaintiffs do not claim, for instance, that Subway had any affirmative obligation under state or federal law to disclose to consumers at the point of purchase the species of tuna being offered for sale.  *Cf. Branca v. Bai Brands, Ltd. Liab. Co.*, No. 3:18-cv-00757-BEN-KSC, 2019 U.S. Dist. LEXIS 37105 at *19 (S.D. Cal. Mar. 7, 2019) (denying motion to dismiss fraudulent omission claim where defendant was allegedly required under FDA regulations to make certain disclosures about its food products).  Nor do the plaintiffs plausibly allege that Subway failed to disclose material

REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

facts within its exclusive knowledge or "actively concealed" any facts that would actually matter with respect to the purchase of Subway tuna products. (*See* Opp. at 15 (citing *Goodman v. Kennedy*, 18 Cal.3d 355, 346-47 (1976)).)

Instead, the plaintiffs essentially charge Subway with failing to disclose that statements appearing in a paragraph on the "Responsible Sourcing" section of its website were supposedly false, despite the fact that the plaintiffs never read those statements in the first place. In other words, the plaintiffs' theory of materiality derives solely from representations that the plaintiffs never encountered or relied on in making purchasing decisions. Plaintiffs cite no case in which a court has ever allowed a fraudulent concealment claim to proceed on such a basis. This is for good reason: Doing so would effectively read the reliance requirement out of a fraud claim altogether. Indeed, under the plaintiffs' reasoning, consumers could maintain a fraud claim simply by identifying ***any*** statement by a defendant, admit that they never read or relied on that statement in making a purchase and then charge the defendant with fraudulently concealing that the unread statement was supposedly false. Such an end run around the elements of fraud cannot be squared with California's stated policy of "reject[ing] a broad obligation to disclose." *See Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1141 (9th Cir. 2012). Plaintiffs' position would support a virtually ***limitless*** obligation to disclose. Because no legal authority supports their strained theory of omission liability, the Court must dismiss the complaint.

### D.   Subway's Request For Judicial Notice Is Entirely Appropriate

As this Court is well aware, taking judicial notice of product packaging and advertising is standard practice in consumer misrepresentation claims involving food products. *See, e.g., Hadley v. Kellogg Sales Co.*, 243 F.Supp.3d 1074, 1087 (N.D. Cal. March 21, 2017) (taking judicial notice of food packaging and noting that "courts addressing motions to dismiss product-labeling claims routinely take judicial notice of images of the product packaging"); *Brazil*, 935 F.Supp.2d at 963 (taking judicial notice of food packaging labels); *Anderson v. Jamba Juice Co.*, 888 F.Supp.2d 1000, 1003 (N.D. Cal. Aug. 24, 2012) (taking judicial notice of the defendant's food product labels); *Allen v. ConAgra Foods, Inc.*, No. 13-cv-01279-JST, 2013 U.S. Dist. LEXIS 125607 at *6 (N.D. Cal. Sept. 2, 2013) (taking judicial notice of the defendant's product labels and webpage). As Subway

explained in its Request for Judicial Notice, none of the exhibits to that request are offered for the truth of any matters asserted.  They instead establish the one place in which the representations at issue in the FAC appear and the many places -- including Subway's menus, packaging, online ordering portal and advertising -- in which they ***do not*** appear, notwithstanding the plaintiffs' generic allegations.  This showing was necessary because the FAC is devoid of any specific facts about where the plaintiffs supposedly saw these representations, despite their clear obligations under Rule 9(b) to allege such facts.

Taking judicial notice of these exhibits, or deeming them incorporated by reference based on the plaintiffs' allegations, does not convert Subway's motion to dismiss into a motion for summary judgment, as the plaintiffs urge.  *See, e.g.*, *Anderson*, 888 F.Supp.2d at 1002 (taking judicial notice of the packaging at issue and noting that "the Court may also consider a matter that is properly the subject of judicial notice without converting the motion to dismiss into a motion for summary judgment"); *Bronson v. Johnson & Johnson, Inc.*, No. 12-4104, 201 U.S. Dist. LEXIS 54029 at *1 n.1 (N.D. Cal. Apr. 16, 2013) (judicial notice of food product labels relied on in the complaint does not convert a motion to dismiss into one for summary judgment); *Maple v. Costco Wholesale Corp.*, No. 12-CV-5166, 2013 U.S. Dist. LEXIS 202217 at *8 (E.D. Wash. Aug. 1, 2013) (taking judicial notice of labels without converting the motion to dismiss into a motion for summary judgment).  Moreover, the plaintiffs do not claim that any of the exhibits offered by Subway are misleading or inaccurate or otherwise subject to any reasonable dispute.

Instead, Subway's exhibits had their intended effect: the plaintiffs now seem to admit the representations appeared only on the "Responsible Sourcing" section of the Subway website.  (*See* Opp. at 13:2-4.)  While the plaintiffs suggest that their pleadings raise a dispute about whether the representations ***also*** appeared on "menus, bags, or other products or merchandise" based on the generic allegations in the FAC, once again they misunderstand the law.  The Court must disregard "allegations that contradict matters properly subject to judicial notice."  *Romero v. Flowers Bakeries, LLC*, No. 14-cv-05189-BLF, 2015 WL 2125004 at *3 (N.D. Cal. May 6, 2015) (quoting *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)) (internal quotations omitted).

1   Much to their chagrin, the plaintiffs cannot avoid dismissal of their lawsuit by attacking Subway's

2   Request for Judicial Notice.

3                          **III.   CONCLUSION**

4           Plaintiffs cannot overcome the fundamental pleading defects that doom their FAC.  Plaintiffs

5   began this lawsuit with patently false accusations and, in a desperate effort to amend their pleading

6   to allege *something* they thought could avoid sanctions, they manufactured new, equally false

7   claims for which they cannot allege even the most basic elements of fraud.  Plaintiffs do not explain

8   why they believe Subway's statements to be false, and they cannot even claim to have read the

9   statements in the first place before making their alleged purchases.  Despite two opportunities to do

10  so, the plaintiffs have not alleged any such facts.  Accordingly, the Court must put an end to this

11  litigation and grant the motion to dismiss with prejudice.

12

13

14  Dated:  August 13, 2021                    **BAKER & McKENZIE LLP**

15                                              By:   /s/ Mark. C. Goodman
16                                                     Mark C. Goodman
                                                Attorneys for Defendants
17                                              SUBWAY RESTAURANTS, INC.,
                                                FRANCHISE WORLD HEADQUARTERS,
18                                              LLC, and SUBWAY FRANCHISEE
                                                ADVERTISING TRUST FUND LTD.

19

20

21

22

23

24

25

26

27

28