UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NILIMA AMIN, et al.,<br><br>        Plaintiffs,<br><br>      v.<br><br>SUBWAY RESTAURANTS, INC., et al.,<br><br>        Defendants. | Case No. 21-cv-00498-JST<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTION TO DISMISS**<br><br>Re: ECF No. 39 |

Before the Court is Subway Restaurant, Inc.'s; Franchise World Headquarters, LLC's; and Subway Franchisee Advertising Trust Fund Ltd.'s ("Subway") motion to dismiss. ECF No. 39. The Court will grant the motion.

I.     **BACKGROUND**

Plaintiffs Karen Dhanowa and Nilima Amin, individually and on behalf of a proposed class ("Plaintiffs") who purchased tuna fish products (the "Products") from Subway between January 21, 2017 and the present, bring this action to address Subway's alleged misrepresentations about its Products. Specifically, the fact that Subway labels and advertises its Products as "100% tuna" and claims that its Products contain "100% sustainably caught skipjack and yellowfin tuna," and that the Products do not contain "tuna species that come from anything less than healthy stocks, for example Albacore and Tongol." FAC ¶¶ 2, 4-6.[1]

Plaintiffs filed the first amended complaint ("FAC") on June 7, 2021. ECF No. 33. The FAC asserts seven claims: common law fraud, intentional misrepresentation, negligent

---

[1] It is not clear on the face of Plaintiffs' complaint whether they are alleging the claims together or in the alternative. For purposes of this order, the Court takes an expansive view and understands Plaintiffs to be alleging all three claims in the alternative.

misrepresentation, unjust enrichment, and violations of the Consumers Legal Remedies Act ("CLRA"), California Civil Code §§ 1750 *et seq.*, False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 *et seq.*, and Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq. Id.* ¶ 10.

Subway filed this motion to dismiss on July 23, 2021. ECF No. 39. Plaintiffs filed an opposition, ECF No. 46, and Subway filed a reply, ECF No. 48.

## II.     JURISDICTION

This Court has jurisdiction over this putative class action pursuant to 28 U.S.C. § 1332(d)(2) because the amount in controversy exceeds $5 million and at least one member in the proposed class of over 100 members is a citizen of a state different from Subway.[2]

## III.    REQUEST FOR JUDICIAL NOTICE

Before turning to the merits, the Court addresses Subway's request for judicial notice. "Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Judicial notice provides an exception to this rule. *Id.*

Pursuant to Federal Rule of Evidence 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." If a fact is not subject to reasonable dispute, the court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

Subway requests that this Court take notice of twenty-one exhibits accompanying its motion to dismiss. ECF No. 39-1. Subway argues that because Plaintiffs allege misrepresentations on Subway's "labeling," "packaging," "advertising," "website," and "menu," the Court should take judicial notice of materials in those categories. *Id.* at 3:24-27. The exhibits

---

[2] Defendant Subway Restaurants, Inc. is a Delaware corporation and named Plaintiffs are citizens of California. FAC ¶¶ 14-17.

2

include templates of Subway menus (Exs. A, D, H), website images accessed from the internet archive known as the "Wayback Machine" (Exs. M-T), Subway's U.S. product ingredient guide (Ex. U), photos of Subway's food packaging materials (Exs. J-L), copies of advertisements (Ex. I), and point of purchase layout instructions (Exs. B-C, E-G). *Id.* at 2:6-26. Plaintiffs oppose the request for judicial notice but do not question the authenticity or relevance of the exhibits. ECF No. 47.

Subway's food packaging labels, copies of menus, and advertising materials are all matters generally known within this Court's territorial jurisdiction. *See Brazil v. Dole Food Co.*, 935 F. Supp. 2d 947, 963 n.4 (N.D. Cal. 2013) (taking judicial notice of the defendants' food product labels under Rule 201(b)(1)). Accordingly, the Court takes notice of Exhibits A, D, H-L. The Court denies Subway's request for judicial notice of Exhibits B-C and E-G because the point of purchase instruction sheets are internal documents that are not generally known within the Court's jurisdiction.

Although a document "is not judicially noticeable simply because it appears on a publicly available website," courts have taken notice of archived web pages using the so-called Wayback Machine. *See Bell v. Oakland Cmty. Pools Project, Inc.*, No. 19-cv-01308-JST, 2020 WL 4458890, at *3 (N.D. Cal. May 4, 2020); *Erickson v. Neb. Mach. Co.*, No. 15-cv-01147-JD, 2015 WL 4089849, at *1 n.1 (N.D. Cal. July 6, 2015) ("Courts have taken judicial notice of the contents of web pages available through the Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). Accordingly, the Court takes notice of Exhibits M-T.[3]

Defendants "cannot use a request for judicial notice . . . as a backdoor avenue for introducing evidence of the facts themselves." *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1088 (N.D. Cal. 2017). In its request for judicial notice, Subway argues that these exhibits demonstrate that "none of the materials referred to by the plaintiffs included the representations about which the plaintiffs complain in this lawsuit." ECF No. 39-1 at 3-4. The Court takes

---

[3] The Court will not take judicial notice of Exhibit U because Subway has not provided any evidence that this PDF was accessed via the Wayback Machine.

judicial notice that Subway's submitted materials existed in the public realm during the class period, not as proof that these are the *only* examples of Subway's "labeling," "packaging," "advertising," "website," and "menu," during the class period. The Court also will not take judicial notice of the truth of the matters asserted in Exhibits A, D, H-T because they contain disputed facts.

## IV.  LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* When dismissing a complaint, the court must grant leave to amend unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

Although Federal Rule of Civil Procedure 8(a)(2) provides that a plaintiff's pleading need only contain "a short and plain statement of the claim showing the pleader is entitled to relief," parties "alleging fraud or mistake" are subject to the heightened pleading requirement of Federal Rule of Civil Procedure 9(b). To satisfy Rule 9(b), the complaint must "state with particularity the circumstances constituting fraud or mistake" and allegations of fraud must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged . . . ." Fed. R. Civ. P. 9(b); *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal citation and quotation marks omitted).

## V. DISCUSSION

### A. Failure to Plead Fraud with Particularity

The key question in this case is whether Plaintiffs' fraud claims satisfy Rule 9(b)'s particularity requirement. *See Kearns*, 567 F.3d at 1125 (applying Rule 9(b)'s heightened pleading requirements to claims "grounded in fraud," including claims for violations of California's Unfair Competition Law and Consumer Legal Remedies Act). By identifying Subway and its sandwiches, wraps, and salads containing tuna products, Plaintiffs adequately plead the "who" and "what" of the alleged fraud. *See In re Bang Energy Drink Mktg. Litig.*, No. 18-cv-05758-JST, 2020 WL 4458916, at *4 (N.D. Cal. Feb. 6, 2020) (finding that the plaintiffs satisfied the Rule 9(b) particularity requirement by identifying the defendant and particular products at issue). But Plaintiffs' complaint does not adequately allege any of the other requirements under Rule 9(b).

Plaintiffs' complaint states in broad terms that they relied on misrepresentations found on Subway's menus and website between January 21, 2017 and the present. *See, e.g.*, FAC ¶ 39 (alleging Subway's "misrepresentations and omissions" appeared "on the labeling of the Products, on Defendants' website, and throughout Defendants' various other marketing and advertising scheme for the Products, including its menus."). To meet the heightened pleading standard, Plaintiffs still need to describe the specific statements they saw and relied upon, when they saw the statements, and where the statements appeared. Because they fail to do so, the complaint does not satisfy the Rule 9(b) standard. *See Kearns*, 567 F.3d at 1126 (finding that the plaintiff failed to satisfy Rule 9(b) where he failed to state which marketing materials he relied upon); *Tabler v. Panera LLC*, No. 19-CV-01646-LHK, 2020 WL 3544988, at *8 (N.D. Cal. June 30, 2020) (dismissing complaint under Rule 9(b) where the plaintiff identified a range of allegedly misleading advertisements but did not indicate which statements the plaintiff saw and relied upon when making her purchasing decisions).

Plaintiffs argue that "[c]ourts have recognized that requiring a specific citation to each instance of fraudulent conduct is impractical where the violative conduct is repeated frequently over a lengthy period of time." ECF No. 46 at 12:4-6. The out-of-circuit cases Plaintiffs cite for

1    this proposition are unhelpful.  One holds that a *qui tam* relator need not identify every fraudulent
2    prescription submitted to the government to state a False Claims Act claim.  *U.S. ex rel. Franklin*
3    *v. Parke-Davis, Div. of Warner-Lambert Co.*, 147 F. Supp. 2d 39, 49 (D. Mass. 2001).  Similarly,
4    *In re Cardiac Devices Qui Tam Litigation* rejected defendants' argument that a False Claims Act
5    complaint did not adequately "identify specific claims submitted to the Government," 221 F.R.D.
6    318, 331 (D. Conn. 2004), noting that "in cases involving complex or extensive schemes of fraud,
7    the courts have relaxed the pleading requirements of Rule 9(b)," *id.* at 333.  These cases do not
8    address a plaintiff's need to plead reliance to state a California common law fraud claim or any of
9    the other claims stated in Plaintiffs' complaint.

          In fact, California law does contain an exception to the requirement that a false advertising plaintiff identify the specific representation she relied on before making a purchase.  *In re Tobacco II Cases*, 46 Cal. 4th 298, 328 (2009).  The named plaintiffs in *In re Tobacco II* alleged that the tobacco industry defendants conducted "a decades-long campaign of deceptive advertising and misleading statements about the addictive nature of nicotine and the relationship between tobacco use and disease."  *Id.* at 306.  The California Supreme Court held that "where, as here, a plaintiff alleges exposure to a long-term advertising campaign, the plaintiff is not required to plead with an unrealistic degree of specificity that the plaintiff relied on particular advertisements or statements."  *Id.* at 328.

          This Court has previously identified the factors that courts use in determining whether to apply the *Tobacco II* exception.  *Opperman v. Path, Inc.*, 87 F. Supp. 3d 1018, 1047-51 (N.D. Cal. 2014).  As relevant here, these include, "to state the obvious, [that] a plaintiff must allege that she actually saw or heard the defendant's advertising campaign."  *Id.* at 1048.  Although Plaintiffs allege that they purchased Subway sandwiches "[i]n reliance on Defendants' misleading marketing and deceptive advertising practices," FAC ¶ 6, they do not say that they actually read or heard any such advertising or packaging.  *See also id.* ¶ 7 ("Plaintiffs and other consumers purchased the Products because they reasonably believed, based on Defendants' packaging and advertising that that the Products contained 100% tuna"); ¶ 31 ("In reliance on Defendants' misleading marketing and labeling and deceptive advertising practices of the Products, Plaintiffs

United States District Court
Northern District of California

and similarly situated class members reasonably thought they were purchasing 100% sustainably caught skipjack and yellowfin tuna"). This factor weighs dispositively against application of the *Tobacco II* exception. *Delacruz v. Cytosport, Inc.*, No. C 11-3532 CW, 2012 WL 1215243, at *8 (N.D. Cal. Apr. 11, 2012) ("Plaintiff does not plead that she actually saw and relied upon any particular statements in Defendant's advertising.").

"Second, the advertising campaign at issue should be sufficiently lengthy in duration, and widespread in dissemination, that it would be unrealistic to require the plaintiff to plead each misrepresentation she saw and relied upon." *Opperman*, 87 F. Supp. 3d at 1048. The FAC conclusorily pleads the length but not the pervasiveness of Subway's advertising campaign. FAC ¶ 38 ("Defendants made the material misrepresentations and omissions detailed herein continuously throughout the Class Period."). This sparse description is insufficient to bring the FAC within the *Tobacco II* exception. *See Delacruz*, 2012 WL 1215243, at *8 ("Plaintiff has failed to allege that Defendant's advertising campaign approached the longevity and pervasiveness of the marketing at issue in *Tobacco II*."). The Court need not examine the remaining factors identified in *Opperman* because it is clear based on these two factors alone that Plaintiffs have not pleaded sufficient facts to excuse them from adequately pleading reliance.

Plaintiffs also argue that the Rule 9(b) pleading standard "is relaxed somewhat where factual information is peculiarly within a defendant's knowledge or control." ECF No. 46 at 12:13-15 (citing *E & E Co., Ltd. v. Kam Hing Enters., Inc.*, 429 F. App'x 632, 633 (9th Cir. 2011)). But this is not a situation where Subway possesses the missing information. Plaintiffs are the only ones who can identify which statements they saw and relied upon and where they saw them. The purpose of Rule 9(b)'s heightened standard is to ensure that defendants may "defend against the charge and not just deny they have done anything wrong." *Semegen*, 780 F.2d at 731. Subway cannot properly defend itself against a complaint that does not identify the misstatements it allegedly made.[4]

---

[4] Plaintiffs also allege that Subway was unjustly enriched because purchasers were "denied the full benefit of their purchase" due to Subway's fraudulent conduct. FAC ¶ 66. Plaintiffs' claim for unjust enrichment fails to identify any independent theory of unjust enrichment that does not rise or fall with their fraud claims or is not merely duplicative of those claims. As such, this separate

7

**CONCLUSION**

For the reasons set forth above, the Court will grant Subway's motion to dismiss with leave to amend.

**IT IS SO ORDERED.**

Dated: October 7, 2021



JON S. TIGAR
United States District Judge

---

cause of action is also dismissed.  *See, e.g.*, *Robie v. Trader Joe's Co.*, No. 20-cv-07355-JSW, 2021 WL 2548960, at *7 (N.D. Cal. June 14, 2021) (dismissing the plaintiff's unjust enrichment claim alongside fraud-based claims where the plaintiff did not provide an independent theory of unjust enrichment that did not rise and fall with their allegations of fraud).

8