PATRICK MCNICHOLAS, SBN 125868
*pmc@mcnicholaslaw.com*
JEFFREY LAMB, SBN 257648
*jrl@mcnicholaslaw.com*
EMILY PINCIN, SBN 334566
*erp@mcnicholaslaw.com*
**McNICHOLAS & McNICHOLAS, LLP**
10866 Wilshire Blvd., Ste. 1400
Los Angeles, California 90024
Tel: (310) 474-1582
Fax: (310) 475-7871

MARK LANIER, (Admitted *Pro Hac Vice*)
*wml@lanierlawfirm.com*
ALEX BROWN, (Admitted *Pro Hac Vice*)
*alex.brown@lanierlawfirm.com*
JONATHAN WILKERSON, (Admitted *Pro Hac Vice*)
*jonathan.wilkerson@lanierlawfirm.com*
**THE LANIER LAW FIRM, PC**
10940 W. Sam Houston Pkwy N, Ste. 100
Houston, TX 77064
Tel: (713) 659-5200
Fax: (713) 659-2204

SHALINI DOGRA, SBN 309024
*shalini@dogralawgroup.com*
**DOGRA LAW GROUP PC**
2219 Main Street, Unit 239
Santa Monica, CA 90405
Tel: (747) 234-6673
Fax: (310) 868-0170

Attorneys for Named Plaintiffs KAREN DHANOWA and NILIMA AMIN and Proposed Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN DHANOWA and NILIMA AMIN, on behalf of themselves and all others similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>SUBWAY RESTAURANTS, INC., a Delaware Corporation; FRANCHISE WORLD HEADQUARTERS, LLC., a Connecticut Limited Liability Corporation; SUBWAY FRANCHISEE ADVERTISING TRUST FUND LTD., a Connecticut Corporation; and DOES 1 through 50, Inclusive,<br><br>Defendants. | Case No: 4:21-CV-00498-JST<br>[*Assigned for all purposes to Hon. Judge Jon S. Tigar*]<br><br>**PLAINTIFFS' OPPOSITION AND OBJECTIONS TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**<br><br>Date:  February 3, 2022<br>Time: 2:00 p.m.<br>Ctrm: Courtroom 6 – 2nd Floor<br>Juge:  Hon. Jon S. Tigar<br><br>Complaint Filed:  January 21, 2021<br>FAC Filed:  June 7, 2021<br>SAC Filed:  November 8, 2021 |

## MEMORANDUM OF POINTS AND AUTHORITIES

**I. INTRODUCTION**

Defendants ask this Court to take judicial notice of twenty-four (24) exhibits that were filed in support of Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint pursuant to Rule 12(b)(6). Defendants seek to introduce evidence of certain facts through its Request for Judicial Notice ("RJN"). While the Court may take judicial notice of the existence of the documents, the RJN does not establish the truth of the factual matters set forth in the documents.

**II. ARGUMENT**

> "[T]he consequences of taking judicial notice are significant. Where the trial court has taken judicial notice of a fact, the jury must be instructed to accept that fact as conclusive. Judicial notice also precludes either party from introducing evidence to disprove that fact. The Ninth Circuit has accordingly urged the district courts to be cautious in taking judicial notice and to do so only when the matter is beyond controversy."

Metro. Creditors' Trust v. Pricewaterhousecoopers, LLP, 463 F. Supp. 2d 1193, 1197 (E.D. Wash. 2006) (internal citations and quotation marks omitted) (discussing Fed. R. Evid. 201(g) and Rivera v. Philip Morris, Inc., 395 F.3d 1142, 1151 (9th Cir.2005)) (emphasis added). Under Federal Rule of Evidence 201, the Court may take judicial notice of a fact only if it is: "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

As to the documents for which Defendants seek judicial notice, neither of the reasons for judicially noticing them have been shown. Further, within the requests, Defendants have impermissibly advanced additional substantive arguments (*e.g.*, that Plaintiffs' DNA test results are unreliable or otherwise insufficient to support Plaintiffs' claims). The requested documents are not properly subject to judicial notice, and the request itself should be stricken as improper argument regarding the merits of the underlying Motion to Dismiss.

///

///

///

The Court may properly consider matters of public record as long as the facts are not subject to reasonable dispute.  Under Fed. R. Evid. 201, where the truth of the documents is disputed or capable of dispute, taking judicial notice of those documents would constitute reversible error.  Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001).

### III. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court deny Defendants' request for judicial notice in its entirety.

Dated:  December 22, 2021            McNICHOLAS & McNICHOLAS, LLP,

By:     /s/ Patrick McNicholas
        Patrick McNicholas, Esq.
        Jeffrey R. Lamb, Esq.
        Emily R. Pincin, Esq.
        Attorneys for Plaintiffs

        Additional Counsel:

        THE LANIER LAW FIRM, PC
        Mark Lanier, (Admitted *Pro Hac Vice*)
        Alex Brown (Admitted *Pro Hac Vice*)
        Mark Lanier, (Admitted *Pro Hac Vice*)
        Jonathan Wilkerson (Admitted *Pro Hac Vice*)
        10940 W. Sam Houston Pkwy N, Ste. 100
        Houston, TX 77064
        Telephone: (713) 659-5200
        Facsimile: (713) 659-2204

        DOGRA LAW GROUP PC
        Shalini Dogra, SBN 309024
        2219 Main Street, Unit 239
        Santa Monica, CA 90405
        Telephone: (747) 234-6673
        Facsimile: (310) 868-0170

**FILER'S ATTESTATION OF CONCURRENCE**

I, Emily Pincin, attest that I am one of the attorneys for Plaintiffs Nilima Amin and Karen Dhanowa.  As the ECF user and filer of this document, I attest that concurrence with the filing of this document has been obtained from its signatories.  I also hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/s/) within this e-filed document.

Dated:  December 22, 2021                                By:   /s/  Emily Pincin
                                                                              Emily Pincin