Mark C. Goodman (State Bar No. 154692)
mark.goodman@bakermckenzie.com
Christina M. Wong (State Bar No. 288171)
christina.wong@bakermckenzie.com
**BAKER & McKENZIE LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA  94111
Telephone:   +1 415 576 3000
Facsimile:    +1 415 576 3099

Attorneys for Defendants
SUBWAY RESTAURANTS, INC.,
FRANCHISE WORLD HEADQUARTERS, LLC and
SUBWAY FRANCHISEE ADVERTISING TRUST FUND LTD.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NILIMA AMIN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SUBWAY RESTAURANTS, INC., a Delaware Corporation; FRANCHISE WORLD HEADQUARTERS, LLC., a Connecticut Limited Liability Corporation; SUBWAY FRANCHISEE ADVERTISING TRUST FUND LTD., a Connecticut Corporation; and DOES 1 through 50, Inclusive,<br><br>Defendants. | Case No.  4:21-cv-00498-JST<br><br>**DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT**<br><br>Ctrm:   Courtroom 6 – 2nd Floor<br>Judge:  Hon. Jon S. Tigar<br>Oakland Courthouse<br><br>Complaint Filed: January 21, 2021<br>Amended Complaint Filed: June 8, 2021<br>Second Amended Complaint Filed:<br>        November 8, 2021<br>Third Amended Complaint Filed<br>        July 28, 2022 |

Defendants Subway Restaurants, LLC (improperly sued as "Subway Restaurants, Inc."), Franchise World Headquarters, LLC and Subway Franchisee Advertising Fund Trust LTD. (improperly sued as "Subway Franchisee Advertising Trust Fund LTD.") hereby answer Plaintiff Nilma Amin's Third Amended Complaint as follows:

## "NATURE OF ACTION"

1. Paragraph 1 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

2. Paragraph 2 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

3. Paragraph 3 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

4. Paragraph 4 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

5. Paragraph 5 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

6. Paragraph 6 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

7. Paragraph 7 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

8. Paragraph 8 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

9. Paragraph 9 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

## "JURISDICTION AND VENUE"

10. Paragraph 10 of the complaint states a legal conclusion as to jurisdiction to which no response is required. To the extent a response is required, Defendants deny the allegations.

11. Paragraph 11 of the complaint states a legal conclusion as to jurisdiction to which no response is required.  To the extent a response is required, Defendants admit that the Court has personal jurisdiction over Defendants with respect to the dispute at issue.

12. Paragraph 12 of the complaint states a legal conclusion as to venue to which no response is required.  To the extent a response is required, Defendants admit that venue is proper in this District with respect to the dispute at issue.

## "PARTIES"

13. Paragraph 13 of the complaint states a legal conclusion to which no response is required.  In any event, Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 13 of the complaint and, therefore, deny those allegations.

14. Defendants admit that Defendant Subway Restaurants, LLC is a limited liability company organized and existing under the laws of the state of Delaware, with its headquarters located at 325 Sub Way, Milford, Connecticut 06461.  Defendants specifically deny that Subway Restaurants, LLC sells food products in the United States or in California or is engaged in any other activity relating to the allegations in the complaint.  Subway Restaurants, LLC is not a proper party to this litigation.

15. Defendants admit that Defendant Franchise World Headquarters, LLC is a limited liability company organized and existing under the laws of the state of Connecticut, with its headquarters located at 325 Sub Way, Milford, Connecticut 06461.  Franchise World Headquarters, LLC does not sell tuna in California or anywhere else in the United States.  Defendants deny any and all other allegations.

16. Defendants admit that Defendant Subway Franchisee Advertising Fund Trust Ltd. is a statutory trust organized and existing under the laws of the state of Connecticut, with its headquarters located at 325 Sub Way, Milford, Connecticut 06461.  Subway Franchisee Advertising Fund Trust Ltd. does not sell tuna in California or anywhere else in the United States.  Defendants deny any and all other allegations.

17. Paragraph 17 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

**"FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS"**

**A.     "Subway Falsely Advertises the Tuna Products as Being 'Tuna' and '100% Tuna'"**

18. Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 18 of the complaint and, therefore, deny all of those allegations.

19. Paragraph 19 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

20. Paragraph 20 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

21. Defendants admit that in-store menus and websites refer to products containing tuna. Defendants deny any and all other allegations.

22. Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 22 of the complaint and, therefore, deny all of those allegations.

23. Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 23 of the complaint and, therefore, deny all of those allegations.

24. Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 24 of the complaint and, therefore, deny all of those allegations.

25. Paragraph 25 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

26. Defendants admit that Subway restaurant franchisees in California may use the same supply chain for products, including tuna. Defendants deny any and all other allegations in Paragraph 26 of the complaint.

27. Paragraph 27 of the complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

28. Paragraph 28 of the complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

29. Paragraph 29 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants respond that the statutes referenced in that paragraph are the best evidence of their meaning and content and Defendants deny the remaining allegations.

30. Paragraph 30 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

31. Paragraph 31 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants respond that the statute referenced in that paragraph is the best evidence of its meaning and content and Defendants deny the remaining allegations.

32. Paragraph 32 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants respond that the statute referenced in that paragraph is the best evidence of its meaning and content and Defendants deny the remaining allegations.

33. Paragraph 33 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants respond that the statutes referenced in that paragraph are the best evidence of their meaning and content and Defendants deny the remaining allegations.

34. Paragraph 34 of the complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

**B.    "Plaintiff's Experience"**

35. Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 35 of the complaint and, therefore, deny all of those allegations.

36. Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 36 of the complaint and, therefore, deny all of those allegations.

37. Paragraph 37 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 37 of the complaint and, therefore, deny all of those allegations.

38. Defendants deny the allegations in Paragraph 38 of the complaint.

39. Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 39 of the complaint and, therefore, deny all of those allegations.

40. Defendants deny the allegations in Paragraph 40 of the complaint.

41. Paragraph 41 of the complaint and its subparts state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

C.  **"Class Action Allegations"**

42. Paragraph 42 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that the plaintiff purports to seek to represent a class of individuals but deny that any class should be certified in relation to this matter and deny the remaining allegations in Paragraph 42.

43. Paragraph 43 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that the plaintiff purports to seek to represent a class of individuals but deny that any class should be certified in this matter and deny the remaining allegations in Paragraph 43.

44. Paragraph 44 of the complaint and its subparts state a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that the plaintiff purports to seek to represent a class of individuals but deny that any class should be certified in this matter and deny the remaining allegations in Paragraph 44.

## "FIRST CAUSE OF ACTION

## Common Law Fraud"

45. In response to Paragraph 45 of the complaint, Defendants incorporate their responses to the allegations in Paragraphs 1 through 44 of the complaint as though fully set forth herein.

46. Defendants admit that the plaintiff purports to seek to represent a class of individuals and herself but they deny that any such class should be certified.

47. Defendants deny the allegations in Paragraph 47 of the complaint.

48. Defendants deny the allegations in Paragraph 48 of the complaint.

49. Defendants deny the allegations in Paragraph 49 of the complaint.

## "SECOND CAUSE OF ACTION

## Intentional Misrepresentation"

50. In response to Paragraph 50 of the complaint, Defendants incorporate their responses to the allegations of Paragraphs 1 through 49 of the complaint as though fully set forth herein.

51. Defendants deny the allegations of Paragraph 51 of the complaint.

52. Defendants deny the allegations in Paragraph 52 of the complaint.

53. Paragraph 53 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

54. Defendants deny the allegations in Paragraph 54 of the complaint.

55. Paragraph 55 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

## "THIRD CAUSE OF ACTION

## Negligent Misrepresentation"

56. In response to Paragraph 56 of the complaint, Defendants incorporate their responses to the allegations of Paragraphs 1 through 55 of the complaint as though fully set forth herein.

57. Defendants admit that the plaintiff purports to seek to represent a class of individuals and herself but they deny that any such class should be certified.

58. Defendants deny the allegations in Paragraph 58 of the complaint.

59. Defendants deny the allegations in Paragraph 59 of the complaint.

60. Defendants deny the allegations in Paragraph 60 of the complaint.

61. Defendants deny the allegations in Paragraph 61 of the complaint.

62. Defendants deny the allegations in Paragraph 62 of the complaint.

## "FOURTH CAUSE OF ACTION

### Unjust Enrichment"

63. In response to Paragraph 63 of the complaint, Defendants incorporate their responses to the allegations of Paragraphs 1 through 62 of the complaint as though fully set forth herein.

64. Defendants admit that the plaintiff purports to seek to represent a class of individuals and herself but deny that any such class should be certified.

65. Paragraph 65 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

66. Defendants deny the allegations in Paragraph 66 of the complaint.

67. Defendants deny the allegations in Paragraph 67 of the complaint.

## "FIFTH CAUSE OF ACTION

### Violation of Cal. Civ. Code §§1750, *et seq.*"

68. In response to Paragraph 68 of the complaint, Defendants incorporate their responses to the allegations of Paragraphs 1 through 67 of the complaint as though fully set forth herein.

69. Paragraph 69 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants respond that the statutes referenced in this paragraph are the best evidence of their content and meaning and Defendants deny the remaining allegations.

70. Paragraph 70 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants respond that the statute referenced in this paragraph is the best evidence of its content and meaning and Defendants deny the remaining allegations.

71. Paragraph 71 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

72. Paragraph 72 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

73. Paragraph 73 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

74. Paragraph 74 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

75. Paragraph 75 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

76. Defendants deny the allegations in Paragraph 76 of the complaint.

77. Defendants deny the allegations in Paragraph 77 of the complaint.

78. Defendants deny the allegations in Paragraph 78 of the complaint.

79. Defendants admit that Defendants received a demand letter from the plaintiff's counsel purporting to provide notice of violations of the CRLA but deny that the letter constitutes valid notice under the CRLA. Defendants responded to that letter with evidence establishing that the plaintiff's claims had no basis in fact or law.

80. Defendants deny the allegations in Paragraph 80 of the complaint.

81. Defendants deny the allegations in Paragraph 81 of the complaint.

82. Defendants deny the allegations in Paragraph 82 of the complaint.

## "SIXTH CAUSE OF ACTION

## Violation of California Business & Professions Code §§ 17500, *et seq.*"

83. In response to Paragraph 83 of the complaint, Defendants incorporate their responses to the allegations of Paragraphs 1 through 82 of the complaint as though fully set forth herein.

84. Defendants deny the allegations in Paragraph 84 of the complaint.

85. Defendants deny the allegations in Paragraph 85 of the complaint.

86. Defendants deny the allegations in Paragraph 86 of the complaint.

87. Defendants deny the allegations in Paragraph 87 of the complaint.

88. Defendants deny the allegations in Paragraph 88 of the complaint.

# "SEVENTH CAUSE OF ACTION

## Violation of Business & Professions Code § 17200, *et seq.*"

89. In response to Paragraph 89 of the complaint, Defendants incorporate their responses to the allegations of Paragraphs 1 through 88 of the complaint as though fully set forth herein.

90. Defendants admit that Plaintiff purports to seek to represent a class of individuals but deny that a class should be certified in this matter.

91. Paragraph 91 of the complaint states a legal proposition to which no response is required. To the extent a response is required, Defendants respond that the statute referenced in this paragraph is the best evidence of it content and meaning and Defendants deny the remaining allegations.

**A.    "'Unfair' Prong"**

92. Paragraph 92 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants respond that the statute referenced in this paragraph is the best evidence of its contents and meaning and Defendants deny the remaining allegations.

93. Defendants deny the allegations in Paragraph 93 of the complaint.

94. Defendants deny the allegations in Paragraph 94 of the complaint.

95. Defendants deny the allegations in Paragraph 95 of the complaint.

96. Defendants deny the allegations in Paragraph 96 of the complaint.

97. Defendants deny the allegations in Paragraph 97 of the complaint.

98. Defendants deny the allegations in Paragraph 98 of the complaint.

99. Defendants deny the allegations in Paragraph 99 of the complaint.

100. Defendants deny the allegations in Paragraph 100 of the complaint.

101. Defendants deny the allegations in Paragraph 101 of the complaint.

102. Defendants deny the allegations in Paragraph 102 of the complaint.

103. Defendants deny the allegations in Paragraph 103 of the complaint.

104. Defendants deny the allegations in Paragraph 104 of the complaint.

105. Defendants deny the allegations in Paragraph 105 of the complaint.

9   Case No. 4:21-cv-00498-JST
DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

106. Defendants deny the allegations in Paragraph 106 of the complaint.

107. Defendants deny the allegations in Paragraph 107 of the complaint.

**B.      "'Fraudulent' Prong"**

108. Paragraph 108 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants respond that the statute referenced in this paragraph is the best evidence of its content and meaning and Defendants deny the remaining allegations.

109. Defendants deny the allegations in Paragraph 109 of the complaint.

110. Defendants deny the allegations in Paragraph 110 of the complaint.

111. Defendants deny the allegations in Paragraph 111 of the complaint.

112. Defendants deny the allegations in Paragraph 112 of the complaint.

113. In response to Paragraph 113, Defendants admit that the plaintiff purports to seek to relief under the California Business and Professions Code but deny that such relief should be awarded and deny all other allegations in that paragraph.

114. Defendants deny the allegations in Paragraph 114 of the complaint

**C.      "'Unlawful' Prong"**

115. Paragraph 115 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants respond that the statute referenced in this paragraph is the best evidence of its content and meaning and Defendants deny the remaining allegations.

116. Defendants deny the allegations in Paragraph 116 of the complaint.

117. Defendants deny the allegations in Paragraph 117 of the complaint.

118. Defendants deny the allegations in Paragraph 118 of the complaint.

119. Defendants deny the allegations in Paragraph 119 of the complaint.

120. Defendants deny the allegations in Paragraph 120 of the complaint.

121. Defendants deny the allegations in Paragraph 121 of the complaint.

122. Defendants deny the allegations in Paragraph 122 of the complaint.

123. Defendants deny the allegations in Paragraph 123 of the complaint.

124. Defendants deny the allegations in Paragraph 124 of the complaint.

### "PRAYER FOR RELIEF"

Defendants deny the propriety of each and every request for prayer for relief, including subsections 1–9. Defendants request that the Court deny all of the relief requested.

### "JURY DEMAND"

Plaintiff's demand for jury trial contains no factual allegations and no response is required.

### DEFENSES/AFFIRMATIVE DEFENSES

Without assuming the burden to prove that which properly falls on the plaintiff, Defendants plead the following separate and additional defenses.

### FIRST SEPARATE AND ADDITIONAL DEFENSE

Defendants deny all allegations not expressly admitted and specifically reserve all affirmative or other defenses that they may have against the plaintiff and the putative class. It is not necessary at this time for Defendants to delineate such defenses against the putative class because no class has been certified and the putative class members are not parties to this litigation.

### SECOND SEPARATE AND ADDITIONAL DEFENSE

Plaintiff's complaint, and each and every purported cause of action therein, fails to state a claim on which relief can be granted.

### THIRD SEPARATE AND ADDITIONAL DEFENSE

Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, because the plaintiff and the putative class members lack standing to assert such claims.

### FOURTH SEPARATE AND ADDITIONAL DEFENSE

The Court lacks jurisdiction over some or all of the claims asserted by the plaintiff and/or the purported class.

### FIFTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiff and the putative class members have not sustained any injury or damage as a result of any actions allegedly taken by Defendants and are, therefore, barred from asserting any claims against Defendants.

### SIXTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, because the damages sought by the plaintiff and the putative class members are speculative, remote and/or impossible to ascertain.

### SEVENTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of estoppel and/or waiver.

### EIGHTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, as the plaintiff unreasonably delayed notifying Defendants of the alleged actionable wrongs and/or unreasonably delayed seeking the relief requested, which delays resulted in prejudice to Defendants.

### NINTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, by federal preemption.

### TENTH SEPARATE AND ADDITIONAL DEFENSE

Each of the causes of action of the complaint is barred, in whole or in part, by applicable statutes of limitation and statutes of repose.

### ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiff and the putative class members' claims for equitable relief are barred to the extent there is, or the plaintiff asserts there is, an adequate remedy at law.

### TWELFTH SEPARATE AND ADDITIONAL DEFENSE

Defendants are absolved from any and all liability for the wrongs alleged in the complaint by reason of its full compliance with all statutes, regulations or other applicable laws in effect at the time of the conduct alleged in the complaint.

### THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiff and the putative class have enjoyed the full benefit of their alleged purchase of the products that are the subject of the Complaint and are thereby barred from making the claims for relief set forth in the Complaint.

**FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the plaintiff knew the characteristics, uses and benefits of Defendants' products and, therefore, could not have justifiably relied on the alleged misrepresentations or omissions asserted in the complaint.

**FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE**

This action is barred, in whole or in part, because Defendants provided clear and appropriate descriptions of the ingredients in the products at issue.

**SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE**

No advertisements or labels relating to Defendants' products contain or contained any false or misleading statement or promises or promised any good not intended to be delivered. Accordingly, the advertisements and product labels are not, and were not, deceptive, false, misleading, fraudulent, unlawful and/or unfair, and were not intended to mislead or deceive consumers in any way whatsoever.

**SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Defendants' menus and website do not, and did not, contain any false or misleading statements and, instead, accurately portrayed the characteristics of Defendants' products.

**EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff's claims, and those of some or all of the putative class, for alleged violations of California consumer protection laws are barred because: (a) the plaintiff and the putative class do not have standing to assert those claims and/or the Court does not have jurisdiction over those claims; (b) the plaintiff and all class members did not rely on an alleged misrepresentation or omission leading to a product purchase and subsequent loss; (c) there is no causal link between the alleged misrepresentation or omission and a resulting loss; (d) the information allegedly concealed is not the kind of information required to be disclosed under the applicable consumer protection acts; and/or (e) some or all of the statutes do not apply to actions authorized by a federal agency.

**NINETEENTH SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff may not maintain this lawsuit as a class action because the purported claims of the putative class representative are not sufficiently typical of those of the purported class members, common issues of fact and law do not predominate over individual issues and liability and damages cannot be proven on a class-wide basis, the putative class representative will not adequately represent the proposed class, the putative plaintiff class is not ascertainable and a class action is not a superior method for adjudicating the purported claims set forth in the complaint, all of which will require individual issues of reliance and/or damages.

**TWENTIETH SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff may not maintain this lawsuit as a class action because the interests of the purported class members are in conflict with each other.

**TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff and the putative class members did not suffer any economic harm and are therefore precluded from recovery under California's consumer protection laws.

**TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff and the putative class members are precluded from recovery because the representations, actions or omissions alleged by the plaintiff were not and are not material to the decisions to purchase or consume the products at issue.

**TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff's and the putative class members' claims are barred because the representations alleged were not made with the intent that the plaintiff or the putative class members rely on such representations.

**TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff's and the putative class members' claims are barred, in whole or in part, because the plaintiff and the putative class members had the means of knowing the truth concerning the products at issue.

**TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE**

Any finding of liability under the consumer protection laws of California would violate the Due Process Clauses of the Fourteenth Amendment to the United States Constitution, and of any analogous provision in the California Constitution, because the standards of liability under those consumer protection laws are unduly vague and subjective, and they permit retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.

**TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE**

Any award of restitution or other monetary relief under the consumer protection laws of California, based upon asserted interests or injuries of persons not named as plaintiffs in this case, or absent persons on whose behalf this action is allegedly prosecuted, would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Excessive Fines Clauses of the Eighth Amendment (as incorporated by the Due Process Clause of the Fourteenth Amendment) to the United States Constitution and of any analogous provision contained in the California Constitution.

**TWENTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE**

Any award of restitution under the consumer protection laws of California would constitute a taking of property without just compensation in violation of the Takings Clauses of the Fifth Amendment of the United States Constitution (as incorporated by the Due Process Clause of the Fourteenth Amendment to the United States Constitution) and of any analogous provision in the California Constitution.

**TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE**

As a matter of constitutional right and substantive due process, Defendants would be entitled to contest by jury trial their liability to any particular individual plaintiff, even if the representatives of the purported plaintiff class prevail on their claims. Treating this case as a class action would violate the United States Constitution and the Constitution of California.

**TWENTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE**

To the extent that the plaintiff seeks punitive damages for an alleged act or omission, any award of punitive damages is barred under the relevant state law.

**TWENTY-NINTH SEPARATE AND ADDITIONAL DEFENSE**

To the extent that the plaintiff seeks punitive damages for the conduct asserted in the complaint, such an award would, if granted, violate Defendants' state and federal constitutional rights.

**THIRTIETH SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff's and the putative class members' request for attorneys' fees in this matter is barred because it lacks any basis in law or contract.

**THIRTY-FIRST SEPARATE AND ADDITIONAL DEFENSE**

Defendants have insufficient knowledge or information on which to form a basis as to whether they may have additional, as yet unstated, separate defenses available. Defendants have not knowingly or intentionally waived any applicable affirmative defenses and reserve the right to raise additional affirmative defenses as they become known to it through discovery in this matter. Defendants further reserves the right to amend its answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that it determines are not applicable during the course of discovery.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants prays for the following relief:

A. That judgment on the complaint, and on each cause of action alleged therein, be entered in favor of Defendants;

B. That the Court finds that this suit cannot be maintained as a class action;

C. That the plaintiff and the members of the putative class take nothing by the complaint;

D. That the request for injunctive relief be denied;

E. That Defendants be awarded their costs incurred, including reasonable attorneys' fees; and

F.  For such other and/or further relief as this Court may deem just and proper.

Dated:  August 11, 2022

**BAKER & McKENZIE LLP**

By:  /s/ Mark C. Goodman
         Mark C. Goodman
Attorneys for Defendants
SUBWAY RESTAURANTS, INC.,
FRANCHISE WORLD HEADQUARTERS,
LLC, and SUBWAY FRANCHISEE
ADVERTISING TRUST FUND LTD.