Patrick McNicholas, Esq. SBN 125868
pmc@micholaslaw.com
Jeffrey Lamb, Esq. SBN 257648
jrl@mcnicholaslaw.com
Emily Pincin, Esq. SBN 334566
erp@mcnicholaslaw.com
McNICHOLAS & McNICHOLAS, LLP
10866 Wilshire Blvd., Ste. 1400
Los Angeles, California 90024
Tel: (310) 474-1582
Fax: (310) 475-7871

Mark Lanier, Esq. (Admitted *Pro Hac Vice*)
mark.lanier@lanierlawfirm.com
Alex Brown, Esq. (Admitted *Pro Hac Vice*)
alex.brown@lanierlawfirm.com
Jonathan Wilkerson, Esq. (Admitted *Pro Hac Vice*)
jonathan.wilkerson@lanierlawfirm.com
THE LANIER LAW FIRM, PC
10940 W. Sam Houston Pkwy N, Ste. 100
Houston, TX 77064
Tel: (713) 659-5200
Fax: (713) 659-2204

Shalini Dogra, Esq., SBN 309024
shalini@dogralawgroup.com
DOGRA LAW GROUP PC
2219 Main Street, Unit 239
Santa Monica, CA 90405
Tel: (747) 234-6673
Fax: (310) 868-0170

Attorneys for Named Plaintiffs
NILIMA AMIN and Proposed Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NILIMA AMIN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUBWAY RESTAURANTS, INC., a Delaware Corporation; FRANCHISE WORLD HEADQUARTERS, LLC., a Connecticut Limited Liability Corporation; SUBWAY FRANCHISEE ADVERTISING TRUST FUND LTD., a Connecticut Corporation; and DOES 1 through 50, Inclusive, | Case No: 4:21-CV-00498-JST<br><br>(*Assigned for all purposes to the Honorable Jon S. Tigar, Courtroom 6*)<br><br>**PLAINTIFF'S CASE MANAGEMENT STATEMENT**<br><br>Complaint Filed: January 21, 2021<br>Amended Complaint Filed: June 7, 2021<br><br>CMC Date:      January 20, 2023<br>Time:              1:30 p.m. via Zoom |

Defendants.

Plaintiff NILIMA AMIN, on behalf of herself and the Proposed Plaintiff Class hereby submit this Case Management Statement in accordance with the Court's order dated November 1, 2022 (Dkt. 70) as follows.  Plaintiff's counsel apologizes to the Court for two statements being filed. Plaintiff's counsel was finalizing the joint statement and provided the below portions of the Plaintiff's statement to counsel at or around 12:21p.m. on January 17, 2023, but counsel for Defendant had already filed their portions and did not respond until the afternoon.

## I. THE PARTIES' DISCOVERY

### A. Discovery Propounded by Plaintiffs

Plaintiff has not propounded any written discovery.  Plaintiff has received the discovery propounded by Defendant and is preparing responses.  Plaintiff also anticipates serving requests for production of documents, special interrogatories, and requests for admissions shortly.  Plaintiff anticipates Defendant will require a stipulated protective order as to some of the materials sought and Plaintiff is ready to address this issue now such that there is not any delay in the exchange of information.

### B. Discovery Propounded by Defendants

On January 4, 2023, Defendants served the plaintiff with their first sets of requests for production of documents, interrogatories and requests for admission.  Plaintiff's deadline to respond to this written discovery is February 3, 2023.

Defendants intend to take the plaintiff's deposition following receipt of the plaintiff's production of documents and complete responses to Defendants' written discovery, including any follow up discovery.  Defendants anticipate that they will also take expert depositions bearing on class certification issues.  The Parties have not discussed any other discovery to date.

## II. OTHER ISSUES REQUIRING THE COURT'S ATTENTION / PROGRESS OF THE CASE

### A. Plaintiff's Statement

At present, Plaintiff remains the only named class representative for this

matter.

   B.   **Defendants' Statement**

Plaintiff failed to amend the complaint to add one or more named class representatives by the November 10, 2022 deadline. Accordingly, the case has proceeded with the plaintiff as the sole named plaintiff.

On November 15, 2022, the Parties exchanged initial disclosures but neither party produced any documents. Due to the confidential and proprietary nature of their documents, Defendants will only produce documents once the Parties have entered into a stipulated protective order that is approved by the Court.

In accordance with the Parties' agreement in the October 25 joint case management statement (Dkt. 68 at 5), on December 19, 2022, Defendants prepared a proposed stipulated protective order and proposed stipulated ESI protocol based on the Northern District of California's model documents and sent them to the plaintiff for review and approval. Plaintiff did not respond to the proposed orders submitted by Defendants. Having received no response for over two weeks, Defendants followed up on January 3 and January 11, 2023. On January 11, counsel for plaintiff responded that he would provide comments. On January 13, the plaintiff sent Defendants revisions to the stipulated protective order and ESI protocol. The parties are continuing to finalize the stipulated protective order and stipulated ESI protocol.

Dated: January 19, 2023

**THE LANIER LAW FIRM, PC**

By: /S/ Mark Lanier
   Mark Lanier
Attorneys for Plaintiffs
NILIMA AMIN and Proposed Class

Dated: January 19, 2023

**DOGRA LAW GROUP PC**

By: /S/ Shalini Dogra
   Shalini Dogra
Attorneys for Plaintiffs
NILIMA AMIN and Proposed Class

Dated:  January 19, 2023

McNICHOLAS & McNICHOLAS, LLP

By: /S/ Patrick McNicholas
Patrick McNicholas
Attorneys for Plaintiffs
NILIMA AMIN and Proposed Class

**FILER'S ATTESTATION OF CONCURRENCE**

I, Jeffrey R. Lamb, attest that I am one of the attorneys for Plaintiff Nilima Amin.  As the ECF user and filer of this document, I attest that concurrence with the filing of this document has been obtained from its signatories.

Dated:  January 19, 2023

Jeffrey R. Lamb