

Baker & McKenzie LLP

Two Embarcadero Center, 11th Floor
San Francisco, CA 94111-3802
United States

Tel: +1 415 576 3000
Fax: +1 415 576 3099
www.bakermckenzie.com

March 10, 2023

VIA E-FILE

District Judge Jon S. Tigar
U.S. District Court, Northern District of California
Oakland Courthouse, Courtroom 6 – 2nd Floor
1301 Clay Street, Oakland, CA 94612

Re: *Amin, et al. v. Subway Restaurants, Inc., et al.* (USDC, N.D. Cal. Case 4:21-cv-00498-JST)
Joint Discovery Letter Brief Regarding Plaintiff's Responses To Written Discovery

Judge Tigar:

Defendants Subway Restaurants, LLC (improperly sued as "Subway Restaurants, Inc."), Franchise World Headquarters, LLC and Subway Franchisee Advertising Fund Trust Ltd. (improperly sued as "Subway Franchisee Advertising Trust Fund Ltd."), on the one hand, and Plaintiff Nilima Amin, on the other hand, respectfully submit this joint discovery letter brief. The Court has not yet set fact discovery and dispositive motion cutoff deadlines due to the bifurcation of this case. However, class certification motions are due May 25 and class expert designations and rebuttal reports are due April 3 and May 1, respectively. The close of class expert discovery is May 12, 2023.

## I.    STATEMENT OF DISPUTE

Due to the fact that she served her responses ***over two weeks after the statutory deadline***, the plaintiff: (1) has waived her objections to Defendants' interrogatories, document requests and requests for admission, (2) has admitted the requests for admission and (3) must immediately provide complete written responses (without objections) to Defendants' written discovery and produce all responsive documents in her possession, custody or control.

The parties have exchanged multiple correspondence relating to these discovery issues and, on March 6, 2023, met and conferred about the issues by videoconference, as required by the Court's rules.

## II.    DEFENDANTS' POSITION

Plaintiff cannot deny that her discovery responses were due February 3 (*see* Dkt. 72) and she did not respond by that deadline. Thus, as a matter of law, the plaintiff waived her objections to Defendants' discovery. When the plaintiff finally served responses more than two weeks later, she asserted waived objections, provided incomplete and evasive responses and produced a grand total of two documents. To date, the plaintiff has refused to provide compliant responses to the discovery, which has prejudiced Defendants' ability to fully prepare their challenge to class certification.

### A.    Relevant Procedural History

On January 4, 2023, Defendants served their first set of written discovery on the plaintiff, making the plaintiff's deadline to respond February 3. (*See* Fed. R. Civil P. 33(b)(2), 34(b)(2)(A) & 36(a)(3).) Although represented by three law firms, the plaintiff failed to respond by the deadline. Having received



no request for an extension and no responses, on February 10, Defendants sent notice to the plaintiff that she waived her objections and demanded that the plaintiff provide substantive responses (without objections) by February 17. Plaintiff did not respond and failed to comply with that deadline, too.

On February 19, the Sunday of the President's Day weekend, the plaintiff finally served written discovery responses, with objections, and produced a total of *two documents* -- (1) a heavily redacted credit card statement with no transaction level details and (2) her resume -- totaling a mere 15 pages. Moreover, the plaintiff's responses were largely non-substantive and incoherent; several responses asserted *only* objections and provided no information whatsoever while others provided narratives that did not respond to the specific question asked.

On February 23, Defendants sent another meet and confer letter detailing the deficiencies in the responses and requesting complete responses by February 27. Rather than comply, the plaintiff -- through newly associated counsel from a *fourth* law firm -- demanded that Defendants "stipulate that all the responses were timely" while providing no justification for their client's failure to meet deadlines or provide complete responses. Three days later, the plaintiff provided supplemental written responses that still relied on waived objections and provided no substantive information responding to the requests.

### B.   No Good Cause Excuses Plaintiff's Waiver Of Objections

Plaintiff knew when her discovery responses were due. First, she confirmed in her January 19 Case Management Conference statement that her "deadline to respond…is February 3, 2023." (Dkt. 72.) If that were not enough, Defendants reminded her of the deadline in their January 17 CMC statement and at the January 20 conference. (Dkt. 71.) "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). Waiver is automatic and courts may only excuse untimely objections on a showing of good cause. *See Doe v. Swift Transp. Co.*, No. 2:10-cv-00899 JW, 2015 U.S. Dist. LEXIS 154019, at *6 (D. Ariz. Nov. 13, 2015). Plaintiff cannot show good cause for disregarding a deadline of which she was fully aware.

Plaintiff claims in a February 27 letter that her responses were late due to "medical issues" that limited her availability to provide information. Defendants are sympathetic to the plaintiff's situation, if true, but her unavailability does not excuse the inaction of her large team of lawyers across the four law firms that represent her. Plaintiff's unavailability surely would not have prevented her counsel from notifying Defendants and asking for an extension. No such request was made and no notification of a pregnancy, much less medical issues, was ever provided to Defendants. Nor would the plaintiff's supposed medical issues have prevented her counsel from timely lodging objections to the requests. It is just not believable that health issues are why the plaintiff chose to serve responses over two weeks late with no explanation.

Plaintiff also claims her waiver should be excused because her counsel "mistakenly believed that the extended deadline to provide responses included an implicit agreement that such responses would include the right to assert objections." This claim makes no sense. First, there was no "extended deadline;" the plaintiff *never* requested (and the Defendants never agreed to) *any* extension to the discovery deadline. Indeed, her counsel's argument does not pass the straight-face test, as Defendants' February 10 letter plainly says that, "[b]y failing to respond to the discovery requests by the deadline, *the plaintiff has waived all objections to Defendants' discovery*" and provides authority for such waiver.



It is simply not possible to interpret this language as providing an extension of time and agreeing that the plaintiff could preserve her objections.

Second, even if counsel did not understand the plain meaning of Defendants' letter, inadvertence of counsel does not excuse waiver. *Swift*, 2015 U.S. Dist. LEXIS 154019, at *6-7 ("inadvertent calendaring error" did not excuse waiver of objections). This is particularly true where, as here, the party that missed the deadline fails to provide "details about the error and why it happened." *Id.* at *7. As detailed *supra*, no reasonable explanation for the delay was provided and, compounding that failure, the plaintiff served incomplete and incoherent responses with her untimely objections. *See id*. These actions demonstrate distain for the rules, not good cause. Thus, the Court should not excuse the waiver in this case.

### C.   Plaintiff's Responses To The Requests For Admissions Are Deemed Admitted

Because her responses to the requests for admission were served over two weeks late, the plaintiff is deemed to have admitted each of those requests. (Rule 36(a) (matter is deemed admitted "unless, within 30 days after service of the request…the party to whom the request is directed serves…a written answer or objection").) Once admitted, a matter "is conclusively established" (Rule 36(b)) and can **only** be set aside "[u]nder compelling circumstances." *In re Heritage Bond Litigation*, 220 F.R.D. 624, 625 (C.D. Cal 2004). No compelling circumstances exist here.

### D.   Plaintiff's Interrogatory Responses And Document Production Are Deficient

Instead of responding to Defendant's contention interrogatories, the plaintiff simply recites the information already in her complaint. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 297, 305 (D. Nev. 2019) ("An interrogatory response is improper if it merely references information contained in declarations, pleadings, or other discovery responses"). Her responses are also inconsistent with the facts. For instance, the plaintiff claims that she purchased Subway tuna products in Palo Alto but the credit card statement she produced shows transactions in Fremont and Newark. Plaintiff must provide full and complete answers to the interrogatories without objections.

Plaintiff's document production is likewise woefully deficient. Plaintiff has produced two documents in response to Defendant's twenty nine (29) document requests. In her written responses, the plaintiff either (1) lodged only objections, (2) claimed no responsive documents could be located or (3) said she "**believes**" she does not have the documents or "does not **believe**" documents exist. These vague, non-committal responses do not demonstrate that the plaintiff made the reasonable or diligent effort to locate responsive documents required by the rules. Plaintiff must produce all responsive documents.

## III.   PLAINTIFF'S POSITION

In good faith, Plaintiff Nilima Amin has attempted to resolve the alleged discovery dispute that Subway purports in this letter. As will be demonstrated, this is not a genuine discovery dispute but a thinly-veiled attempt by Subway to obtain a "gotcha" result that is not consistent with case law applying Rule 36.

- This is the first discovery that Subway has propounded in this two-year old litigation.:
- Subway claims that Plaintiff's Request for Admissions responses were two weeks late.
- No depositions have been taken, and the expert designations are not set to take place until April 3, 2023.
- Nonetheless, Subway seeks that all of the Requests for Admission be deemed admitted (because



of a late response), effectively resulting in a dismissal of this action.

Plaintiff's counsel acknowledges that they engaged with Subway's counsel in an "informal" manner – and that they should have documented their understandings in writing.  At the time that the discovery responses were due, Plaintiff Nilima Amin was experiencing some medical issues with her pregnancy and that gave Plaintiff's counsel limited opportunities to provide the responsive answers.  Plaintiff's counsel Shalini Dogra, Esq. mistakenly believed that when Subway's counsel's communicated that an extension for responses was being provided – that was a blanket continuance without limitations or conditions.  Granted, Plaintiff's counsel should have sought a formal two-week extension – but, Plaintiff's counsel mistakenly believed that Subway would afford them the usual courtesies that are customarily provided to opposing counsel in litigation before this Court.[1]

The draconian remedy that Subway now seeks – effectively an admission of all issues in this case because the RFA responses were allegedly only two weeks late – is inconsistent with case law applying the FRCP.

- Case law does not encourage the drastic remedy suggested by Subway when responses are provided shortly after a response deadline – especially when discovery has scarcely commenced.  Courts are generally guided by the principle that "forcing [a plaintiff] to adhere to [her automatic] admissions does not serve truthseeking or judicial efficiency." *Artemis v. Louie,* 2016 WL 7386148 at * 3 (N.D. Cal., December 31, 2016), quoting *Northern Venture Partners, LLC v. Vocus, Inc.,* 2016 WL 1177923, at * 6 (N.D. Cal.., March 22, 2016).

- As the Ninth Circuit observed, the question of whether the Court should enforce a "technical" admission (due to late responses) examines (among other things) whether the admissions are being sought to obtain an unfair tactical advantage, *See Conlon v. United States* (9th Cir. 2007) 474 F.3d 616, 621-22, 624-25.

- Indeed, FRCP 36 provides that a court "may permit withdrawal or amendment [of any deemed admission] if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."

Here, Subway makes no claim of "detrimental reliance" or true prejudice.  Many of the key factual and legal issues relating to class certification will be addressed in expert exchanges – which are due to be initially exchanged on April 3, 2023.  Other factual matters will be revealed in Subway's responses to discovery (which are presently pending).

Strikingly, many of the RFA's that Subway wants deemed admitted relates to information that is particularly in its possession.  For example:

---

[1]  Richard Kellner, Esq. of Kellner Law Group PC has subsequently been associated in the case, and will henceforth serve a point person for the Plaintiff in all communications with Subway counsel through [at a minimum] class certification.



> **REQUEST NO. 1:**
>
> Admit that TUNA PRODUCTS are prepared on the same surfaces as other Subway menu items.
>
> **REQUEST NO. 2:**
>
> Admit that TUNA PRODUCTS are prepared with the same utensils as other Subway menu items.
>
> **REQUEST NO. 3:**
>
> Admit that individual food items at a Subway restaurant may come into contact with one another during food preparation.

Further, Plaintiff has provided responses to most of the factual requests.  Most significantly, Plaintiff's deposition has yet to be even noticed in this case.  As a result, Subway is attempting to obtain a "gotcha" remedy that is anathema to the discovery process and the general purpose of discovery.

It is telling – INDEED – that the bulk of Subway's letter brief is devoted to "waiver."  Only a few lines of the letter are devoted to the substance of Plaintiff's responses.  Even more telling, the complaints alleged are not the proper province of a "motion to compel."  For example, in the first of the two paragraphs addressing the substance of Plaintiff's response, Subway asserts:

> "Her responses are also inconsistent with the facts.  For instance, the plaintiff claims that she purchased Subway tuna products in Palo Alto but the credit care statement she produced shows transactions in Fremont and Newark. . .."

Apparently, Subway is trying to engage in "preconditioning" of the Court by now asserting in this letter that Plaintiff is not being consistent in her responses.

- <u>It is difficult to fathom how the foregoing critique can be included in this discovery dispute letter.</u>
- Ironically, Subway's attack on Plaintiff's answers is self-defeating.
    - That is because Subway fails to appreciate the fact that Plaintiff paid cash for Subway sandwiches in certain instances.
    - – which facts could have been adduced through more precise interrogatories and/or the usual (more comprehensive) examination at a deposition.

With respect to document requests, Plaintiff has made a search and provided the responsive documents in her possession.  Again, it appears that Subway is improperly seeking premature disclosure of expert information – which, again, will be provided in due course at the April 3 exchange.

In sum, if Subway persists in its position regarding "waiver" of objections and effectively preclusion to proceed with their case, Plaintiff will seek the appropriate relief of a judicial withdrawal of any deemed admission (if found to be late disclosure).  Would the parties and the Court be better served by continuing with discovery in this expert-driven case by actually taking the deposition of the experts (as well as Plaintiff's discovery of information that is uniquely in Subway's possession)?  Of course.

Plaintiff will continue to work in good faith to complete discovery and timely file their motion for class certification which (as the Court will expect) is dependent on Subway providing Plaintiff with the requested documents that are uniquely in Subway's possession and control.



Respectfully submitted,

BAKER & McKENZIE LLP

*/s/ Christina M. Wong*
Mark C. Goodman
Christina M. Wong

Attorneys for Defendants
Subway Restaurants, LLC,
Franchise World Headquarters, LLC and
Subway Franchisee Advertising Fund Trust Ltd.

McNICHOLAS & McNICHOLAS, LLP

*/s/ Richard Kellner*
Richard Kellner
Patrick McNicholas
Jeffrey Lamb
Emily Pincin
Nilima Amin

Attorneys for Plaintiff

## ATTESTATION

Pursuant to United States District Court, Northern District, Local Rule 5-1(h)(3) of the Electronic Case Filing Procedures the undersigned electronic filer attests that all Signatories have concurred in the filing of the Joint Letter Brief herein.

BAKER & McKENZIE LLP

*/s/ Christina M. Wong*
Mark C. Goodman
Christina M. Wong

Attorneys for Defendants
Subway Restaurants, LLC,
Franchise World Headquarters, LLC and
Subway Franchisee Advertising Fund Trust Ltd.