| | |
|---|---|
| 1 | Patrick McNicholas, Esq., SBN 125868 |
| | pmc@micholaslaw.com |
| 2 | Jeffrey Lamb, Esq., SBN 257648 |
| | jrl@mcnicholaslaw.com |
| 3 | McNICHOLAS & McNICHOLAS, LLP |
| | 10866 Wilshire Blvd., Ste. 1400 |
| 4 | Los Angeles, California 90024 |
| | Tel: (310) 474-1582; Fax: (310) 475-7871 |
| 5 | Richard Kellner, Esq. SBN 171416 |
| | rlk@kellnerlaw.com |
| 6 | KELLNER LAW GROUP LLC |
| | 1180 South Beverly Drive, Ste. 610 |
| 7 | Los Angeles, CA 90035-1158 |
| | Tel: (310) 780-6759; Fax: (310) 475-7871 |
| 8 | |
| | Mark Lanier, Esq., (Admitted *Pro Hac Vice*) |
| 9 | mark.lanier@lanierlawfirm.com |
| | Alex Brown, Esq., (Admitted *Pro Hac Vice*) |
| 10 | alex.brown@lanierlawfirm.com |
| | Jonathan Wilkerson, Esq., (Admitted *Pro Hac Vice*) |
| 11 | jonathan.wilkerson@lanierlawfirm.com |
| | THE LANIER LAW FIRM, PC |
| 12 | 10940 W. Sam Houston Pkwy N, Ste. 100 |
| | Houston, TX 77064 |
| 13 | Tel: (713) 659-5200; Fax: (713) 659-2204 |
| 14 | Shalini Dogra, Esq., SBN 309024 |
| | shalini@dogralawgroup.com |
| 15 | DOGRA LAW GROUP PC |
| | 2219 Main Street, Unit 239 |
| 16 | Santa Monica, CA 90405 |
| | Tel: (747) 234-6673; Fax: (310) 868-0170 |
| 17 | Attorneys for Plaintiff NILIMA AMIN and Proposed Class |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NILIMA AMIN, on behalf of herself and all others similarly situated, | Case No: 4:21-CV-00498-JST |
| Plaintiff, | **DECLARATION OF SHALINI DOGRA RE DISCOVERY DISPUTE** |
| v. | |
| SUBWAY RESTAURANTS, INC., a Delaware Corporation; FRANCHISE WORLD HEADQUARTERS, LLC., a Connecticut Limited Liability Corporation; SUBWAY FRANCHISEE ADVERTISING TRUST FUND LTD., a Connecticut Corporation; and DOES 1 through 50, Inclusive, | (*Referred to Hon. Magistrate Lisa J. Cisneros for discovery*) |
| Defendants. | |

1

DECLARATION OF SHALINI DOGRA RE DISCOVERY DISPUTE

## **DECLARATION OF SHALINI DOGRA**

I, Shalini Dogra, declare as follows:

1. I am an attorney at law duly licensed to practice before all of the courts of the State of California and am co-counsel of record for Plaintiff in this action. I have personal knowledge of the proceedings in this matter, including those facts and circumstances stated herein. If called upon to do so, I could and would competently testify under oath as to those matters set forth herein.

2. I was initially the point person on discovery for the Plaintiff team with Subway. My role has now been assumed by our new co-counsel who was recently associated in the case, Richard Kellner.

3. I acknowledge that I have acted with "informality" with defense counsel in my dealings. In early February 2023, before the first wave of discovery was due, I had conversations with defense counsel Christina Wong, Esq. regarding our need for more time to respond. Thereafter, when Ms. Wong stated that they expected the discovery responses after the deadline, it was my presumption that such extension was without conditions – since that is typically the types of courtesies that I have historically had with counsel in dealing with discovery.

4. At the time, our client and class representative (Nilima Amin) was experiencing some medical issues associated with her pregnancy – and that gave me limited opportunity to provide the responsive answers. We have since provided Subway with responses that – by even its math – was less than two weeks late.

5. If needed, Plaintiff is prepared to seek judicial intervention on a CCP Rule 36 "withdrawal" of any deemed admissions. To the extent that the Magistrate determines that the responses are untimely, we request the opportunity to file such a motion based upon the facts set forth in the joint March 10, 2023 letter (Dkt. 82.)

6. Otherwise, it is our intent to continue with discovery and the eventual filing of a motion for class certification based upon the issues and facts presented.

7. FRCP 36 provides that a court "may permit withdrawal or amendment [of any deemed admission] if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."

8. Here, Subway makes no claim of "detrimental reliance" or true prejudice. Indeed, much of the factual matters (which Plaintiff hopes to obtain in discovery) will be revealed when Subway fully responds to Plaintiff's discovery. Unfortunately, Plaintiff anticipates a discovery dispute on those issues.

9. We provided examples of Subway's gamesmanship here – especially with respect to the nature of the Requests for Admission that actually seek admissions of information that is solely in Subway's possession and/or would be something that Plaintiff cannot provide a response at this early juncture of the litigation (or until Subway actually responds to Plaintiff's outstanding discovery requests).

10. Accordingly, based upon our prior submission in the Joint letter brief, Plaintiff maintains that it has sufficient cause under FRCP 36 to have any "deemed admission" withdrawn. Plaintiff has provided her responses and this matter is best left to actual discovery between the parties on "information" and not "gotcha" litigation – especially where no prejudice is alleged or can be demonstrated.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 27th day of March, 2023 in Santa Monica, California.

Dated: March 27, 2023

_____
Shalini Dogra