```
1  Patrick McNicholas, Esq., SBN 125868
   pmc@micholaslaw.com
2  Jeffrey Lamb, Esq., SBN 257648
   jrl@mcnicholaslaw.com
3  McNICHOLAS & McNICHOLAS, LLP
   10866 Wilshire Blvd., Ste. 1400
4  Los Angeles, California 90024
   Tel: (310) 474-1582; Fax: (310) 475-7871
5
   Richard Kellner, Esq. SBN 171416
6  rlk@kellnerlaw.com
   KELLNER LAW GROUP LLC
7  1180 South Beverly Drive, Ste. 610
   Los Angeles, CA 90035-1158
8  Tel: (310) 780-6759; Fax: (310) 475-7871

9  Mark Lanier, Esq., (Admitted Pro Hac Vice)
   mark.lanier@lanierlawfirm.com
10 Alex Brown, Esq., (Admitted Pro Hac Vice)
   alex.brown@lanierlawfirm.com
11 Jonathan Wilkerson, Esq., (Admitted Pro Hac Vice)
   jonathan.wilkerson@lanierlawfirm.com
12 THE LANIER LAW FIRM, PC
   10940 W. Sam Houston Pkwy N, Ste. 100
13 Houston, TX 77064
   Tel: (713) 659-5200; Fax: (713) 659-2204
14
   Shalini Dogra, Esq., SBN 309024
15 shalini@dogralawgroup.com
   DOGRA LAW GROUP PC
16 2219 Main Street, Unit 239
   Santa Monica, CA 90405
17 Tel: (747) 234-6673; Fax: (310) 868-0170

18 Attorneys for Attorneys for Plaintiff NILIMA AMIN
```

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NILIMA AMIN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUBWAY RESTAURANTS, INC., a Delaware Corporation; FRANCHISE WORLD HEADQUARTERS, LLC., a Connecticut Limited Liability Corporation; SUBWAY FRANCHISEE | Case No: 4:21-CV-00498-JST<br><br>**PLAINTIFF NILIMA AMIN'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO F.R.C.P. 41(a)(2))**<br><br>Date:      July 6, 2023<br>Time:     2:00p.m.<br>Ctrm:     Courtroom 6 – 2nd Floor |

| | |
|---|---|
| ADVERTISING TRUST FUND LTD., a Connecticut Corporation; and DOES 1 through 50, Inclusive,<br><br>        Defendants. | Judge:        Hon. Jon S. Tigar<br><br>Complaint Filed:   January 21, 2021<br>TAC Filed:           July 28, 2022 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

   NOTICE IS HEREBY GIVEN that on July 6, 2023, at 2:00p.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at 1301 Clay Street, Oakland Courthouse, Courtroom 6-Second Floor, Oakland, CA 94612, Plaintiff Nilima Amin will and does move the Court to voluntarily dismiss the matter filed on January 21, 2021, against Defendants Subway Restaurants Inc.; Franchise World Headquarters LLC; and Subway Franchisee Advertising Trust Fund Ltd (collectively hereinafter referred to as "Subway").

   Plaintiff Nilima Amin seeks an Order dismissing this case on the grounds that in light of Plaintiff's medical condition and the health effects of her pregnancy, judicial efficiency and conservation of Court resources will be best served by dismissal of this matter. This motion is based upon this Notice of Motion, and the Memorandum of Points and Authorities filed concurrently herewith, the accompanying Declaration of Plaintiff, the accompanying Declaration of Jeffrey R. Lamb, as well as the records and files herein, and any such evidence as may be presented at the time of hearing of this motion.

Dated:  April 20, 2023                              **Respectfully Submitted By,**

                                          By:  _____
                                               Patrick McNicholas, Esq.
                                               Jeffrey Lamb, Esq.
                                               *Attorneys for Plaintiff*

PLAINTIFF NILIMA AMIN'S NOTICE OF MOTION AND
MOTION TO DISMISS PURSUANT TO F.R.C.P. 41(A)(2))

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Due to the unexpected and unforeseen complications of her pregnancy which have caused Plaintiff to be unavailable and/or required her to devote her limited time and resources elsewhere, Plaintiff seeks voluntary dismissal of the instant matter pursuant to FRCP 41(a)(2). Plaintiff filed this action in good faith and continues to believe there is good cause to continue it as addressed herein. However, granting Plaintiff's instant motion will not cause Defendants to incur any legal prejudice and Plaintiff cannot currently proceed. Voluntary dismissal is permissible here and Plaintiff respectfully requests the Court to dismiss her claims without prejudice here and grant the instant motion in its entirety.

## II. STATEMENT OF ISSUES

Whether the Court should ORDER dismissal of the action under Federal Rule of Civil Procedure ("FRCP") 41(a)(2), by granting Plaintiff's instant Motion to Dismiss.

## III. RELEVANT FACTUAL BACKGROUND

Plaintiff filed her First Amended Complaint [Dkt. No. 33] on June 8, 2021. Defendants filed a Motion to Dismiss the First Amended Complaint. The Court granted Plaintiff leave to amend the FAC to add additional factual allegations to support Plaintiffs' theory of misrepresentation and/or omission and to plead additional facts regarding reliance and damages. Plaintiff accordingly filed her Second Amended Complaint on November 8, 2021. [Dkt. No. 54.] Defendants filed their Motion to Dismiss Second Amended Complaint on December 8, 2021. [Dkt. No. 57.] On July 7, 2022, the Court denied Defendants' motion in part and ordered Plaintiff to file an amended complaint. [Dkt. No. 62.] Plaintiff filed her third amended complaint on July 28, 2022 [Dkt. No. 63] and Defendants filed their Answer on August 11, 2022. [Dkt. No. 64]. On November 1, 2022, the Court issued a scheduling order for the instant litigation, which included a filing deadline of May 25, 2023 for Plaintiff's motion for class certification. [Dkt. No. 70]. Subsequently, in January 2023, Plaintiff found out she was

pregnant with her third child. Plaintiff's Declaration ("Decl. of Amin"), ¶ 3. Plaintiff's third pregnancy triggered severe morning sickness and continues to cause her debilitating conditions which have affected her activities of daily living to a significant degree. Id at 3-4. Consequently, in light of her medical condition, Plaintiff has determined that she is unable to proceed with the obligations of a plaintiff and that she must focus on her health and family. As such, she requests this Court dismiss the currently pending action. Id., ¶ 5.

## IV.    LEGAL STANDARD

Plaintiff seeks dismissal of this case under FRCP 41(a)(2), which provides in relevant part, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FRCP 41(a)(2) at the plaintiff's request only by court order, on terms that the court considers proper." FRCP 41(a)(2).

## V.    LEGAL DISCUSSION

### a. The Court Should Grant Plaintiff's Motion to Dismiss This Action Under FRCP 41(a)(2) Because Defendant Subway Will Not be Unfairly Affected Nor Suffer Any Legal Prejudice as a Result of the Dismissal And Because Plaintiff's Health Condition Necessitates Dismissal

On January 21, 2021, Plaintiff this instant action in good faith on behalf of herself and with the intention of seeking certification of a class of plaintiffs against the Defendants based on allegations that they had and were misrepresenting the content and accuracy of their Tuna Products contained 100% tuna. The support for Plaintiff's claims included test results that showed no detectable tuna DNA sequences whatsoever were found in a substantial number of the Tuna Products which were actually tested for tuna DNA. [Dkt. No. 63, ¶¶ 22-24.] Thus, Plaintiff's complaint was unequivocally filed in good faith and based on reasonable investigation and in support and protection of consumers in the state of California. Despite this, Plaintiff seeks dismissal of the instant action because of unanticipated health issues she has encountered during her current pregnancy.

As a result of the unexpected medical health impact Plaintiff continues to suffer, she requests the Court to dismiss the case so that she can focus on her family and her health without the pressure of litigation which has been complicated and distracting as result of her current health issues. Plaintiff regrets this situation, but finds this course of action more prudent than any other, as it remains uncertain how her pregnancy will continue to impact her health.

### b. Given that Subway Has Not and Cannot Show Any Legal Prejudice the Motion to Dismiss Should Respectfully be Granted

A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some "plain legal prejudice" as a result. *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987); *see also Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145-46 (9th Cir. 1982). The Ninth Circuit has clarified that legal prejudice means "prejudice to some legal interest, some legal claim, some legal argument." *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001) (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996)); *see also WPP Luxembourg Gamma Three Sarl v. Sport Runner, Inc.*, 655 F.3d 1039, 1059 (9th Cir. 2011). In so holding, the Court further explained that "uncertainty because a dispute remains unresolved" or because "the threat of future litigation . . .causes uncertainty" does not result in plain legal prejudice. *Smith*, 263 F.3d at 976. Moreover, plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal. *Hamilton*, 679 F.2d at 145. In addition, whether Defendants have already incurred substantial legal expenses does not constitute sufficient prejudice or hardship to justify refusing a voluntary motion to dismiss. *See, e.g., In re Lowenschuss*, 67 F.3d 1394, 1400-01 (9th Cir. 1995). No such showing of any legal prejudice can be established by Defendants in having this case dismissed.

Plaintiff is not seeking to temporarily avoid an adverse ruling by filing this motion to voluntarily dismiss since there are no such pending motions before this court. Many

courts have determined that unless a third party's rights would be affected the court lacks discretion and must grant a voluntary motion to dismiss. *See, e.g., Smoot v. Fox*, 340 F.2d 301, 303 (6th Cir. 1964); *Century Manufacturing Co., Inc. v. Central Transport Int'l, Inc.*, 209 F.R.D. 647, 648 (D. Mass. 2002); *Shepard v. Egan*, 767 F. Supp. 1158, 1165 (D. Mass. 1990); *Bridgeport Music, Inc. v. London Music, U.K.*, 345 F. Supp. 2d 836, 841 (M.D. Tenn).

Rather than being prejudiced by voluntarily dismissal, defendants are benefitted by not having to make extensive expenditures that cannot be recouped even if Defendants are prevailing parties. The Supreme Court and numerous subsequent Ninth Circuit cases have made it clear that prevailing defendants can only recovery attorney fees and non-taxable costs by a clear showing that the case was frivolous.[1] Subway cannot make any such showing here, given that Plaintiff's claims were supported by scientific test results. *See Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421-22 (1978). Dismissing this action will not cause Subway any harm and in fact will provide them with the relief they sought in their prior law and motion. Thus, Plaintiff's motion to dismiss pursuant to Fed. R. Civ. P. 41(a)(2) is not legally prejudicial and should respectfully be granted.

      **c. Plaintiff's Allegations Are in Good Faith and Based on Scientific Evidence Justifying the Action**

Plaintiff's claims are based on reliable and valid scientific test results. Declaration of Jeffrey R. Lamb ("Lamb Decl.") ¶ 2. As detailed in Plaintiff's complaint, marine biologist Paul Barber, Ph.D. of Integrative Biology, performed testing on twenty (20) samples of Tuna Products from twenty different Subway restaurants in the greater Southern California region. Id. This testing was performed at the direction of Dr. Paul Barber who runs the Barber Lab at UCLA's Department of Ecology and Evolutionary

---

[1] There is no contractual or statutory basis to award attorney's fees in this action. This case follows the general rule in the United States that in the absence of legislation providing otherwise, litigants must pay their own attorney's fees. *Alyeska Pipeline Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141.

Biology. Id. Dr. Barber had DNA barcoding analysis performed by collecting and testing twenty samples of Defendants' Tuna Products.  DNA barcoding is a method for identifying an unknown sample to a particular specie(s) based on a diagnostic DNA sequencing. Id.  Much like how barcodes can differentiate the broad diversity of products in a grocery store, DNA barcoding can accurately identify organisms to species based on the uniqueness of their DNA sequence at a predefined region of the genome.  DNA barcoding is widely applied as a forensic tool to identify wildlife products, including marine wildlife, and is increasingly used to detect seafood fraud both in commercial and consumer markets. [Dkt. No. 63, ¶22].  Fifty grams of Tuna Products were collected from each of the twenty Subway restaurant locations. Custom sequencing was used to try and identify the kind of genetic information that was present in each of the twenty samples of Tuna Products. The samples were tested against four different primers: vertebrate primers, tuna primers, COI (cytochrome c oxidase I) primers, and plant primers. Id., ¶23; see also Lamb Decl., ¶ 2., Exhiibit 1.  Of the twenty samples tested, nineteen of them had no detectable tuna DNA sequences whatsoever.  Additionally, the test results indicate that all twenty of the samples contained detectable sequences of chicken DNA; Eleven of of twenty samples contained detectable sequences of pork DNA; and seven out of twenty samples contained detectable sequences of cattle DNA. Id., ¶24.  Therefore, Plaintiff has reasonable grounds to allege that the Tuna Products being sold were not "tuna" or "100% tuna."  Similarly, Plaintiff's conclusions and reasoning for why the Tuna Products are adulterated or otherwise contaminated reflect a reasonable interpretation of Dr. Barber's findings.  In addition to Dr. Barber's test results, Plaintiff also relied on separate rounds of polymerase chain reaction ("PCR") tests, all of which yielded test results of "ND< 4ppm (None Detected)" of tuna/fish protein in Subway samples.  Lamb, Decl., ¶ 3.  Research has demonstrated that protein-based testing methods, such as PCR, can be used to examine the adulteration of cooked fish samples.  The technique of real- time polymerase chain reaction (PCR) has been described as a "highly effective tool for detection of fish species in canned and processed products, in which the raw material is

subjected to high pressures and temperatures and DNA is partially degraded" because "due to its sensitivity, [real time PCR] can be applied to highly processed samples, allowing the amplification of small DNA fragments of less than 200bp." See Gerard Downey, Advances in Food Authenticity Testing, at 427 (Woodhead Publishing, 2016) citing S.A. Bustin, AZ of Quantitative PCR (International University of Line, La Jolla, 2004). Lamb Decl. ¶ 5. Furthermore, independent PCR testing conducted on the Tuna Products by the New York Times in June 2021 also yielded results of "[n]o amplifiable tuna DNA was present in the sample and so we obtained no amplification products from the DNA." Lamb Decl. ¶ 4.

Despite the good faith basis to maintain this action, as indicated above and in the Declaration of Nilima Amin, Plaintiff Nilima Amin respectfully requests this Court dismiss the instant action. Plaintiff anticipates that Defendants will argue that the complaint was "frivolous" and take a position against dismissal. It defies reason as to why Defendants would not then agree to stipulate to a dismissal of the action. Further, a case is "frivolous" when: 1) it is so lacking in arguable merit as to be groundless or without foundation; when 2) the result is obvious, or when 3) the plaintiff continues to litigate after the matter clearly becomes frivolous. *See Karam v. City of Burbank*, 352 F.3d 1188, 1195 (9th Cir. 2003). In deciding whether a claim is frivolous, the court must first "assess the claim at the time the complaint was filed." *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1060 (9th Cir. 2006). As demonstrated above, that is not the case here.

Ultimately, the health of the Plaintiff and her unborn child is paramount to her participation in this litigation. Given that this case remains in the early stages of litigation with no depositions taken and some basic written discovery exchanged, there is no prejudice to any party by dismissing the action at this juncture. Doing so will promote judicial economy and judicial efficiency in that it will allow the dismissal of a potential class case from the Court's dockets and will avoid protracted litigation and/or requests for continuances.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff requests the Court to grant the motion to dismiss under Fed. R. Civ. P. 41(a)(2), as such relief does not impose any plain legal prejudice to any party and is in the interest of judicial economy and judicial efficiency.

Dated:  April 20, 2023                    **Respectfully Submitted By,**

By: _____
Patrick McNicholas, Esq., SBN 125868
Jeffrey Lamb, Esq., SBN 257648
McNICHOLAS & McNICHOLAS, LLP
10866 Wilshire Blvd., Ste. 1400
Los Angeles, California 90024

Richard Kellner, Esq. SBN 171416
KELLNER LAW GROUP LLC
1180 South Beverly Drive, Ste. 610
Los Angeles, CA 90035-1158

Mark Lanier, Esq., (Admitted *Pro Hac Vice*)
Alex Brown, Esq., (Admitted *Pro Hac Vice*)
Jonathan Wilkerson, Esq., (Admitted *Pro Hac Vice*)

THE LANIER LAW FIRM, PC
10940 W. Sam Houston Pkwy N, Ste. 100
Houston, TX 77064

Shalini Dogra, Esq., SBN 309024
DOGRA LAW GROUP PC
2219 Main Street, Unit 239
Santa Monica, CA 90405
*Attorneys for Plaintiff*