Patrick McNicholas, Esq., SBN 125868
pmc@micholaslaw.com
Jeffrey Lamb, Esq., SBN 257648
jrl@mcnicholaslaw.com
McNICHOLAS & McNICHOLAS, LLP
10866 Wilshire Blvd., Ste. 1400
Los Angeles, California 90024
Tel: (310) 474-1582; Fax: (310) 475-7871

Richard Kellner, Esq. SBN 171416
rlk@kellnerlaw.com
KELLNER LAW GROUP LLC
1180 South Beverly Drive, Ste. 610
Los Angeles, CA 90035-1158
Tel: (310) 780-6759; Fax: (310) 475-7871

Mark Lanier, Esq., (Admitted *Pro Hac Vice*)
mark.lanier@lanierlawfirm.com
Alex Brown, Esq., (Admitted *Pro Hac Vice*)
alex.brown@lanierlawfirm.com
Jonathan Wilkerson, Esq., (Admitted *Pro Hac Vice*)
jonathan.wilkerson@lanierlawfirm.com
THE LANIER LAW FIRM, PC
10940 W. Sam Houston Pkwy N, Ste. 100
Houston, TX 77064
Tel: (713) 659-5200; Fax: (713) 659-2204

Shalini Dogra, Esq., SBN 309024
shalini@dogralawgroup.com
DOGRA LAW GROUP PC
2219 Main Street, Unit 239
Santa Monica, CA 90405
Tel: (747) 234-6673; Fax: (310) 868-0170

Attorneys for Attorneys for Plaintiff NILIMA AMIN

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NILIMA AMIN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUBWAY RESTAURANTS, INC., a Delaware Corporation; FRANCHISE WORLD HEADQUARTERS, LLC., a Connecticut Limited Liability Corporation; SUBWAY FRANCHISEE | Case No: 4:21-CV-00498-JST<br><br>**PLAINTIFF NILIMA AMIN'S REPLY BRIEF IN SUPPORT OF HER MOTION TO DISMISS PURSUANT TO F.R.C.P. 41(a)(2))**<br><br>Date:      July 27, 2023<br>Time:      2:00p.m.<br>Ctrm:      Courtroom 6 – 2nd Floor |

| | |
|---|---|
| ADVERTISING TRUST FUND LTD., a Connecticut Corporation; and DOES 1 through 50, Inclusive,<br><br>            Defendants. | Judge:         Hon. Jon S. Tigar<br><br>Complaint Filed:   January 21, 2021<br>TAC Filed:          July 28, 2022 |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The Subway Defendants opposition to Plaintiff's Motion to Dismiss acknowledges that the Defendants agree and request that this Court dismiss the case. The opposition fails to establish any **legal prejudice**; which, is the proper basis for an opposition to dismiss a case pursuant *F.R.C.P. 41(a)(2)*. *(Emphasis added.)*

Further, Plaintiff's papers sought dismissal after the Subway Defendants refused to stipulate to a dismissal; and the moving papers follow the Federal Rules which indicate that the dismissal shall be "by court order, on terms that the court considers proper." *F.R.C.P. 41(a)(2)*. At no time did Plaintiff seek dismissal without prejudice - Plaintiff is entirely agreeable and assumed this Court would dismiss the action with prejudice. The Plaintiff has made clear in her Declaration in support of the Motion to Dismiss that she is no longer interested in moving forward with her claims.

### A. Subway Fails to Provide Facts to Establish Legal Prejudice

The opposition is further littered with speculation that is not based in fact and does not establish any legal prejudice. For instance, Subway claims that their chain of custody documents conclusively establish their substantive positions of where they obtained tuna. That of course goes to the merit-based portion of this litigation which they on the other hand claim is not appropriate to be before the Court or part of discovery prior to Class Certification. Those documents are also not under oath and have no particular indicia of reliability that any such tuna made it to their restaurants or was the only material that made it into the product being sold as tuna. It would also require this Court to make a credibility determination as to the attestation by Subway versus the DNA testing

proffered by Plaintiff.  On that note, the information in those documents is contradicted by the ample evidence of testing of various Subway locations and as alleged in the Third Amended Complaint which provide support that the product that is sold as "tuna" contains other proteins from chicken, pork, and cattle.  This is also supported by the NY Times article that performed testing and revealed similar results.  In the article, the author explains how they procured 60 inches of "tuna" sandwich from Subway, disassembled them, froze the product, and then sent the product to a food lab that specialized in fish testing.  The results reported in the NY Times article were similar to those in this case.  The article provides that "[n]o amplifiable tuna DNA present in the sample and so we obtained no amplification products from the DNA.  Therefore, we cannot identify the species."   As indicated by the article, which echoes the arguments Plaintiff has made in the lawsuit herein, "[t]he spokesman from the lab offered a bit of analysis. 'There's two conclusions,' he said. 'One, it's so heavily processed that whatever we could pull out, we couldn't make an identification. Or we got some and there's just nothing there that's tuna.'" (Decl. of Lamb ISO Mtn. to Dismiss, Ex. 4).  Subway has consistently failed to acknowledge or explain how the NY Times and Plaintiff both obtained similar results as to the proteins within the "tuna" product.

### B. Plaintiff Provided Her Declaration that She Does Not Wish to Proceed Given Her Health Issues

Subway also claims that the Plaintiff could have sought modification of the schedule for this case instead of seeking dismissal.  But Subway Defendants fail to acknowledge the Declaration of the Plaintiff wherein she states that she no longer wants to proceed.  Plaintiff states at paragraph 5 of her Declaration in Support of the Motion to Dismiss "…I have decided that it is best not to move forward with my case and request that the Court dismiss the action."  An attorney must follow the directive of their client, modification of the scheduling in this matter or seeking such would be contrary to the Plaintiff's instructions and wishes to seek that this Court terminate the proceedings.  Any arguments contrary to this by Subway are merely grandstanding and speculative and

suggest that contrary to the Rules of Professional Conduct, that the attorney's and not the parties are the ones that make these decisions. The fact of the matter is counsel for Plaintiff cannot force the Plaintiff to continue or to want to continue this matter.

Subway claims that Plaintiff failed to meet a deadline to amend the complaint to add another class representative. Plaintiff's counsel asked the Court for the time to do so; however, there was no Court order that was violated and counsel for Plaintiff ended up not adding a new plaintiff. Raising this as if counsel did something wrong is frivolous. Asking the Court for some additional time just in case another Plaintiff was going to be added and then eventually not doing so was neither prejudicial to the Defendants nor was it a violation of any Court order.

## II. LEGAL DISCUSSION

### A. Dismissal is Appropriate Because Subway Does Not Establish Any Legal Prejudice

As plaintiff provided in her moving papers, a District Court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some "plain legal prejudice" as a result. *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987); *see also Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145-46 (9th Cir. 1982). The Ninth Circuit has clarified that legal prejudice means "prejudice to some legal interest, some legal claim, some legal argument." *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001) (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996)); *see also WPP Luxembourg Gamma Three Sarl v. Sport Runner, Inc.*, 655 F.3d 1039, 1059 (9th Cir. 2011).

Here, because Plaintiff is willing and does not oppose the Court granting dismissal with prejudice, there is no reason to further burden this Court with the case or further law and motion practice.

//

//

//

**B. Defendant's Requests for Costs and Fees Are Counter-Indicated by the Facts and Circumstances of the Case and by the Case Law They Cite**

**i. There is No Question as to the Merits of the Issues Related to "Tuna" Product at Issue**

Simply put, if a product's DNA structure is so denatured, broken down, and/or mixed with other products that its DNA is undetectable, it raises two questions: (1) Is there even tuna in the product? (2) Is there an alternative product being masqueraded as "tuna" to consumers within this state? Either way, the purchaser of said product which is being represented as "tuna" is not actually purchasing tuna. The ample evidence of DNA and protein testing of the product at issue is more than sufficient to establish that Plaintiff and her counsel had a good faith basis of advancing the instant case. While Defendants tout their chain of custody documentation, did they produce any DNA evidence? Did they explain the DNA evidence? Did Defendants sue the New York Times for defamation when they published an article and transmitted the identical results of Plaintiff's DNA testing to a national audience? The answer to all those questions is no. In fact, Defendants argue in their papers both that they provided chain of custody documentation and at the same time argue that the Court and the parties should not even be addressing the substantive merits of the liability claim because it is too early in the proceedings.

In assessing whether sanctions are appropriate or whether there is some bad faith conduct, it is clear based on the facts presently in the record there was more than ample good faith basis to bring and maintain this action. Defendants have also sought sanctions in their separately filed motion against Plaintiff and her counsel pursuant to *28 U.S.C. §1927*. However, prior to imposing sanctions upon an attorney for unreasonably and vexatiously multiplying proceedings, the court must find that offending attorney's multiplication of proceedings was both "unreasonable" and "vexatious"; evidence of recklessness, bad faith, or improper motive must be present. *Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc.*, 38 F.3d 1414 (5th. Cir 1994). It cannot be said that the

maintenance of this action given the multitude of DNA testing was unreasonable, nor is there evidence of any counsel or Plaintiff being vexatious. Additionally, "[p]unishment under this statute is sparingly applied, and 'except when the entire course of proceedings were unwarranted and should neither have been commenced nor persisted in, an award under 28 U.S.C. § 1927 may not shift the entire financial burden of an action's defense.'" *F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1297 (5th Cir. 1994) *citing*, *Browning v. Kramer,* 931 F.2d 340, 345 (5th Cir.1991).

### ii. Courts Do Not Typically Award Monetary Payments as A Condition Of Dismissal and They Are Not Warranted In the Instant Case Either

Defendants acknowledge that Courts typically do not award payments of costs and fees absent a showing of bad faith in bringing and/or maintaining an action. As set forth in the moving papers and in the reply, there is no such bad faith conduct. There is also no evidence of a multiplicity of unmeritorious lawsuits. Defendants cite the case of *Fast v. Godaddy.COM LLC*, No. CV-20-01448-PHX-DGC, WL 901380 (Dist. Ct. Ariz.), arguing that the costs and fees should be awarded when they are unnecessarily incurred. In the *Fast* case, the Plaintiff sought dismissal under Rule 41(a)(2) and the Defendants did not oppose. However, the Defendants in that case sought as a condition of the dismissal that the Plaintiff be required to pay some of the discovery sanctions that had previously been assessed. Prior to the dismissal motion, the Plaintiff had been found to have knowingly destroyed and withheld relevant evidence and in so doing committed serious violations of her duty to preserve evidence. The Court found that the Defendants were entitled to an adverse jury instruction and additional discovery sanctions. The Court also ordered payment of fees and costs of the additional forensic discovery with the amount to be determined at the trial of the action. After the sanctions were imposed, the plaintiff proceeded to terminate her lawyers and discussed with the Defendants the possibility of dismissing her case. When she and the Defendants could not agree, the Plaintiff filed her motion. Significant law and motion ensued with the Defendants

requesting $115,000 in attorney's fees.  Ultimately, the Plaintiff was ordered to pay $10,000 because the Court found that based on the Plaintiff's conduct as outlined in the prior order, exceptional circumstances existed.  Even so, the Court also recognized the disparity between the Plaintiff's economic status and the large and successful defendant Go Daddy.  "Balancing these equitable factors, the Court concludes that Plaintiff should be required, as a condition of her dismissal with prejudice, to pay $10,000 in sanctions previously awarded. This amount is less than Defendants have incurred, but it is a sizeable amount for an individual plaintiff to pay and a sufficient amount to recognize the preservation and discovery violations in this case and to vindicate the interests protected by the preservation and discovery rules." *Fast* at 4.

The difference here is that there is no bad faith conduct, and there is no prior discovery or sanctions order against the Plaintiff.  Thus, Defendant's papers fail to establish any exceptional circumstances as the case law provides is required for a Court to impose sanctions.  There is also a significant inequity into economic prosperity of the Subway Defendants and plaintiff, which, as *Fast* establishes is also an equitable consideration in awarding any sanction.

The lack of justifiable sanctions is bolstered by *Carroll v. E One Inc.*, 893 F.3d 139 (3d Cir. 2018), another case cited by the Subway Defendants.  "…[C]ourts have often recognized the same general principle that the District Court recognized in this case: although attorneys' fees and costs may be frequently awarded when dismissal is *without* prejudice, attorneys' fees and costs are not typically appropriate when dismissal is *with* prejudice.  Importantly, however, these cases do not hold that fees can never be awarded in light of extraordinary circumstances. Indeed, courts have held that awarding attorneys' fees and costs as a term of a *Rule 41(a)(2)* dismissal may be appropriate where such fees and costs were unnecessarily incurred. *Carroll* at 146.  Most of the Circuits follow the rule of no fees or costs when dismissal is with prejudice.  The exceptions are in instances where there is bad faith or, "'[f]or example, in *Colombrito v. Kelly*, 764 F.2d 122 (2d Cir. 1985), the Second Circuit explained that although an award of attorneys' fees and costs is

not ordinarily paired with a dismissal with prejudice, the Second Circuit's "reading of Rule 41(a)(2) does not altogether foreclose fees in the event of a dismissal with prejudice.'" *Id.* at 134. Specifically, "such an award might be one of the appropriate 'terms or conditions' authorized by Rule 41(a)(2), *e.g.*, if a litigant had made a practice of repeatedly bringing potentially meritorious claims and then dismissing them with prejudice after inflicting substantial litigation costs on the opposing party and the judicial system." *Id.* at 134–35. *Carroll v. E One Inc*, 893 F.3d 139, 148.

Because Defendants fail to establish bad faith or any of the justifications for sanctions in their opposition, it is respectfully requested that this Court exercise its authority under *F.R.C.P. 41(a)(2)* and dismiss this action with prejudice and in so doing award no costs or fees as against Plaintiff or her counsel.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff requests the Court to grant the motion to dismiss under *Fed. R. Civ. P. 41(a)(2)*, as such relief does not impose any plain legal prejudice to any party and is in the interest of judicial economy and judicial efficiency.

Dated:  May 11, 2023

**Respectfully Submitted By,**

By:  _____
Patrick McNicholas, Esq., SBN 125868
Jeffrey Lamb, Esq., SBN 257648
McNICHOLAS & McNICHOLAS, LLP
10866 Wilshire Blvd., Ste. 1400
Los Angeles, California 90024

Richard Kellner, Esq. SBN 171416
KELLNER LAW GROUP LLC
1180 South Beverly Drive, Ste. 610
Los Angeles, CA 90035-1158

Mark Lanier, Esq., (Admitted *Pro Hac Vice*)

Alex Brown, Esq., (Admitted *Pro Hac Vice*)
Jonathan Wilkerson, Esq., (Admitted *Pro Hac Vice*)

THE LANIER LAW FIRM, PC
10940 W. Sam Houston Pkwy N, Ste. 100
Houston, TX 77064

Shalini Dogra, Esq., SBN 309024
DOGRA LAW GROUP PC
2219 Main Street, Unit 239
Santa Monica, CA 90405
*Attorneys for Plaintiff*

**PLAINTIFF NILIMA AMIN'S REPLY BRIEF IN SUPPORT OF
HER MOTION TO DISMISS PURSUANT TO F.R.C.P. 41(A)(2)**