UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NILIMA AMIN, <br><br> Plaintiffs, <br><br> v. <br><br> SUBWAY RESTAURANTS, INC., et al., <br><br> Defendants. | Case No. 21-cv-00498-JST <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS AND DENYING DEFENDANTS' MOTION FOR SANCTIONS** <br><br> Re: ECF Nos. 93, 102 |

Before the Court are Plaintiff Nilima Amin's motion to dismiss her claims and Defendants Subway Restaurants, Inc., Franchise World Headquarters LLC, and Subway Franchisee Advertising Trust Fund LTD's ("Subway") motion for sanctions. ECF Nos. 93, 102. The Court will grant Amin's motion to dismiss and deny Subway's motion for sanctions.

## I. BACKGROUND

Plaintiff in this putative class action contends that Subway misrepresents the content of its tuna products. *See* ECF Nos. 4, 33, 54, 63. Before Plaintiff filed the action, her counsel, Shalini Dogra, sent demand letters to Subway on behalf of another Subway customer,[1] stating that her client intended to bring a class action against Subway for its "unlawful, misleading, and deceptive advertising" in violation of California's Consumer Legal Remedies Act. ECF No. 102-2 at 2–6, 11–16. Subway sent a letter in response, stating that its "records indicate tuna menu items in Subway restaurants are in fact tuna, and your client has no basis for his claims," ECF No. 102-2 at 8 (copyright symbol omitted), and that because the demand letter provided "no basis" for the claims, Subway "ha[s] no reason to believe that [the] claims have any merit," *id.* at 19.

---

[1] Dogra's client at that time was Thomas Bull, who never acted as a plaintiff in the litigation. *See* ECF No. 102-2 at 2–6, 11–16.

Plaintiffs Karen Dhanowa and Nilima Amin then filed the original complaint in this action on January 21, 2021. ECF No. 4. They alleged that Subway's tuna products "do not contain tuna nor have any ingredient that constitutes tuna." *Id.* ¶ 2. In March and April 2021, Subway's counsel sent Amin's counsel letters stating that any DNA testing of Subway's tuna products, including polymerase chain reaction ("PCR") testing, was unreliable, citing two scientific journal articles in support of that proposition. ECF No. 102-2 at 35. The letters also attached Subway's own testing showing that their tuna was, in fact, tuna and documents that purport to show the chain of custody of Subway's tuna. *Id.* at 37–82, 89–161.

On June 7, 2021, Dhanowa and Amin filed an amended complaint alleging that Subway misrepresents its products as "100% tuna," ECF No. 33 ¶ 2, falsely claims that "the tuna in [its] products contains either skipjack and/or yellowfin tuna from sustainably farmed fisheries, *id.*, and states that it has "a global ban on the sale of tuna species that come from anything less than healthy stocks, for example Albacore and Tongol, *id.* ¶ 4, when in fact the tuna products "do not contain 100% skipjack and yellowtail tuna, and/or do not consist of 100% tuna," *id.* The Court granted Subway's motion to dismiss the first amended complaint without prejudice, finding that the amended complaint failed to satisfy Rule 9(b) because it did not "describe the specific statements [Dhanowa and Amin] saw and relied upon, when they saw the statements, and where the statements appeared." ECF No. 51 at 5.

On November 8, 2021, Dhanowa and Amin filed a second amended complaint, alleging that Subway's "Tuna Products partially or wholly lack[] tuna as an ingredient," ECF No. 54 ¶ 4, and that "they contain other fish species, animal products, or miscellaneous products aside from tuna," *id.* ¶ 6. The Court granted in part and denied in part Subway's motion to dismiss the second amended complaint. ECF No. 62. First, the Court dismissed Dhanowa's claims with prejudice because the complaint did not allege any facts pertaining to Dhanowa and Plaintiffs failed to "identify how this defect could be cured . . . ." *Id.* at 4. Second, the Court dismissed Amin's theory that a "reasonable consumer could understand the phrase tuna on the menu to mean that the tuna salad, sandwich, or wrap contains 100% tuna and *nothing else*" because "a reasonable consumer will not disregard the well-known facts of life that a tuna sandwich, salad, or wrap likely

2

1 contains ingredients other than tuna." *Id.* at 6 (emphasis in original) (internal citations and
2 quotation marks omitted). But it held that Amin's misrepresentation claims could proceed under
3 her theory that "the tuna products contain 'other fish species, animal species, or miscellaneous
4 products,'" *id.* at 6–7 (quoting ECF No. 54 ¶ 4), because "[w]hether, and to what extent, a
5 reasonable consumer expects cross-contact between various Subway ingredients is a question of
6 fact," *id.* at 7. The Court also held that the claims could proceed under Amin's theory that the tuna
7 "products 'wholly lack[] tuna as an ingredient,'" *id.* (quoting ECF No. 54 ¶ 6), because "a
8 reasonable consumer would expect that a product advertised as 'tuna' to contain at least some tuna
9 as an ingredient," *id.* Finally, the Court denied Subway's motion to dismiss under Rule 9(b) of
10 the Federal Rules of Civil Procedure, holding that the complaint adequately alleged the "'who,
11 what, when, and where' of Rule 9(b)." *Id.* at 8.
12    On July 28, 2022, Amin filed a third amended complaint alleging Subway's statements
13 were misleading pursuant to the two theories that the Court held had been plausibly alleged. ECF
14 No. 63. Subway answered that complaint on August 11, 2022. ECF No. 64.
15    On November 1, 2022, the Court issued a scheduling order with deadlines for class
16 certification discovery and motion practice. ECF No. 70. The schedule set May 25, 2023 as the
17 deadline for Amin's class certification motion. *Id.* at 1.
18    The parties filed a joint discovery letter brief on March 10, 2023, ECF No. 82, which the
19 undersigned referred to Magistrate Judge Lisa Cisneros, ECF No. 83. The parties' discovery
20 dispute concerned whether, by serving her discovery responses late, Amin: "(1) ha[d] waived her
21 objections to Defendants' interrogatories, document requests and requests for admission, (2) ha[d]
22 admitted the requests for admission and (3) [was required to] immediately provide complete
23 written responses (without objections) to Defendants' written discovery and produce all
24 responsive documents in her possession, custody or control." *Id.* at 1. Judge Cisneros ordered the
25 parties to supplement the joint letter by March 21, 2023 by submitting the discovery requests and
26 responses at issue and "a copy of the written communications and/or a declaration by Plaintiff['s]
27 counsel describing the oral communications between counsel that led to the purported
28 misunderstanding regarding modified discovery deadlines." ECF No. 84 at 1.

3

On March 21, 2023, Christina Wong, Subway's counsel, submitted a declaration regarding the discovery dispute, stating that Amin failed to respond to Subway's discovery requests by the statutory deadline and had not requested an extension on the deadline. ECF No. 85 ¶¶ 3–6. On March 27, 2023, attorney Dogra filed an untimely declaration stating that she requested an extension from Wong before discovery was due, that "Wong stated that [Subway] expected the discovery responses after the deadline," ECF No. 86 ¶ 3, and that the discovery responses were delayed because Amin "was experiencing some medical issues associated with her pregnancy," *id.* ¶ 4. Wong then filed a subsequent declaration stating that Dogra's declaration was "inaccurate" because "[t]he first time [she] ever spoke to Ms. Dogra or any counsel for the plaintiff was on February 21, 2023, after the plaintiff's discovery responses were already overdue, during a meet and confer call regarding a different discovery matter" where they did not discuss Amin's discovery responses. ECF No. 89 ¶ 2. Wong further stated that "Dogra's representation that she told me that the plaintiff needed more time to respond [was] also untrue" because Subway "did not receive any communications from any of the plaintiff's counsel regarding the plaintiff's discovery responses until February 19, 2023, the date the plaintiff served her belated discovery responses." *Id.* ¶ 3.

Judge Cisneros held a hearing on the discovery disputes on March 30, 2023, at which she "order[ed] the parties to either send . . . an email . . . indicating whether they have reached a compromise on the discovery issue," or "if no compromise is reached, Plaintiff's counsel shall file a declaration . . . providing any facts that may support good cause to excuse untimely discovery responses." ECF No. 90. On April 4, 2023, the parties stated that they were unable to reach a comprise and "Amin . . . informed the Court that she intend[ed] to seek dismissal of the case under Rule 41(a) of the Federal Rules of Civil Procedure." ECF No. 91. Dogra did not at that time, or subsequently, respond to the assertion that Dogra's March 27, 2023 declaration was false. *See* ECF No. 101 at 10. In light of Amin's counsel's statement that she intended to seek dismissal, Judge Cisneros stayed her order that required Dogra to file a declaration with facts that might support good cause to excuse her untimely discovery responses. *Id.* The following day, Judge Cisneros issued an order stating "[t]o avoid further delay in this matter, [Amin] shall seek

4

1   dismissal . . . by April 20, 2023." ECF No. 92.

2         On April 20, 2023, Amin filed a motion to dismiss the case. ECF No. 93. In light of that

3   filing, Judge Cisneros "lift[ed] the stay on the parties' discovery dispute, and denie[d] without

4   prejudice [Amin]'s requests to set aside deemed admissions and waivers of objections." ECF No.

5   97. Subway opposed the motion to dismiss, ECF No. 101, and Amin replied, ECF No. 104.

6         Additionally, on May 4, 2023, Subway filed a motion for sanctions. Amin opposed the

7   motion, ECF No. 105, and Subway replied, ECF No. 106. The Court held a hearing on both

8   motions on July 27, 2023. ECF No. 109.

## II.   JURISDICTION

10         The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## III.   MOTION TO DISMISS

12         Amin requests that the Court dismiss her case pursuant to Rule 41(a)(2) of the Federal

13   Rules of the Civil Procedure "so that she can focus on her family and her health without the

14   pressure of litigation, which has been complicated and distracting." ECF No. 93 at 5. Amin's

15   "pregnancy triggered severe morning sickness and continues to cause her debilitating conditions

16   which have affected her activities of daily living to a significant degree." *Id.* at 4. Amin argues

17   that the action should be dismissed because her "complaint was unequivocally filed in good faith

18   and based on reasonable investigation," *id.*, and Subway cannot establish "any legal prejudice . . .

19   in having this case dismissed," *id.* at 5.

20         Subway does not oppose dismissing the action, but argues that the Court should dismiss it

21   with prejudice, ECF No. 101 at 14–20, and "to the extent the Court does not grant Subway's

22   motion for sanctions[,] . . . the Court should order [Amin] and/or her counsel to pay Subway's

23   litigation expenses as a condition to dismissal," *id.* at 19–20. Subway further argues that if the

24   Court dismisses the action without prejudice, it should do so only on the following conditions: (1)

25   that Subway be awarded its attorney's fees and costs, *id.* at 20–22; (2) that Amin and her counsel

26   be prohibited from "nam[ing] any new plaintiffs or class certification experts in any subsequent

27   action," *id.* at 23; and (3) that "any subsequent claims by [Amin] or her attorneys and their law

28   firms against Subway relating to tuna products . . . be filed in the Northern District of California

United States District Court
Northern District of California

and assigned to Judge Tigar," *id.*[2] In her reply, Amin contends in error that she never sought "dismissal without prejudice" and "assumed [that] this Court would dismiss the action with prejudice." ECF No. 104 at 2. In fact, Amin's motion to dismiss "request[ed] [that] the Court . . . dismiss her claims without prejudice." ECF No. 93 at 3.

Rule 41(a)(2) provides, in relevant part, that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The Court treats Amin's reply brief as having abandoned her original request for dismissal without prejudice and having conceded that dismissal with prejudice is appropriate. *See, e.g.*, *J.E.L. v. S. F. Unified Sch. Dist.*, 185 F. Supp. 3d 1196, 1200 (N.D. Cal. 2016) (deeming abandonment of argument in reply as concession); *Wilfong v. Tharco Packaging, Inc.*, No. CV 14-4583-R, 2014 WL 12850532, at *2 (C.D. Cal. Aug. 21, 2014) (same). Because the parties now effectively stipulate to dismissal with prejudice, Amin's motion for voluntary dismissal with prejudice is granted.

The Court next determines whether to impose fees and costs as a condition of dismissal. "Although the issue has not been resolved in the Ninth Circuit, district courts have concluded that payment of fees and costs should not . . . be imposed as a condition for voluntary dismissal with prejudice," absent "'exceptional circumstances' or pursuant to Federal Rule of Civil Procedure 11." *Internmatch, Inc. v. Nxtbigthing, LLC*, No. 14-cv-05438-JST, 2016 WL 540812, at *2 (N.D. Cal. Feb. 11, 2016); *see also Chang v. Pomeroy*, No. CIV S-08-0657 FCD DAD PS, 2011 WL 618192, at *1 (E.D. Cal. Feb. 10, 2011) (collecting cases); *Burnette v. Godshall*, 828 F. Supp. 1439, 1444 (N.D. Cal. 1993), *aff'd sub nom. Burnette v. Lockheed Missiles & Space Co.*, 72 F.3d 766 (9th Cir. 1995) ("Since the . . . cause of action has been dismissed with prejudice, costs and attorney fees cannot be awarded to Defendants because there is no future risk of litigation."). Additionally, even if "exceptional circumstances" exist, the party requesting fees must establish

---

[2] Because the Court dismisses the action with prejudice, it does not reach the merits of Subway's latter two requests. Subway also argues that "the Court should reserve ruling on [Amin's] motion to dismiss until it has considered Subway's concurrently filed request for sanctions" because "[p]roceeding in this manner would be most efficient[.]" *Id.* at 13–14. The Court has considered both motions concurrently.

6

"an independent source of authority for . . . an award [of fees and costs]," *Rodriguez v. Serv. Emps. Int'l*, No. C-10-01377 JCS, 2011 WL 4831201, at *3 (N.D. Cal. Oct. 12, 2011), because "Fed. R. Civ. P. 41(a)(2) in itself is not 'specific statutory authority' for the imposition of sanctions against an attorney," *Heckethorn v. Sunan Corp.*, 992 F.2d 240, 242 (9th Cir. 1993).

Subway offers only 28 U.S.C. § 1927 and the Court's inherent authority as bases for an award of attorney's fees. ECF No. 101 at 13, 19–20. Because these are also the bases for Subway's motion for sanctions, the Court considers Subway's arguments in connection with that motion, as discussed below.

### IV. MOTION FOR SANCTIONS

Subway requests the Court impose sanctions against Amin in the amount of its attorney's fees and costs since the inception of this action, or at least its attorney's fees and costs since April 2021, pursuant to both 28 U.S.C. § 1927 and the Court's inherent authority. ECF No. 102. Subway argues that these sanctions are warranted because of Amin's "counsel's bad faith pursuit of this frivolous lawsuit, reckless misstatements of fact, lack of diligence in abiding [by] deadlines[,] and intentional misrepresentations to the Court[.]"[3] *Id.* at 17. Amin responds that the Court should not award sanctions because "there were triable issues of fact as to the DNA of the product being sold as 'tuna,'" providing Amin and her counsel "a significant good faith basis in moving forward with the lawsuit." ECF No. 105 at 10. Amin also argues that "[t]he amounts and descriptions of the work submitted by [Subway] in relation to the amounts they claim to have charged are bloated and inconsistent with any semblance of appropriateness." *Id.* at 12.

Under Section 1927, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Sanctions under Section 1927 may be imposed where "an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *In*

---

[3] Subway contends that its total fees and costs are $617,955.49, plus any additional amounts incurred in connection with bringing its motion for sanctions and opposing Amin's motion for voluntary dismissal. ECF No. 102-1 ¶ 27.

*re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996) (quoting *Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986) (citation omitted)); *see also B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002) (concluding that "recklessness plus knowledge [is] sufficient to justify the imposition of § 1927 sanctions"). "[I]n the contexts of § 1927, frivolousness should be understood as referring to legal or factual contentions so weak as to constitute objective evidence of improper purpose." *In re Girardi*, 611 F.3d 1027, 1062 (9th Cir. 2010). Additionally, Section 1927 creates a "duty to correct or withdraw litigation positions after it becomes obvious that they are meritless." *Id.* at 1064. "The district court's authority to sanction attorneys under § 1927 . . . must be exercised with restraint and discretion." *Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1219 (9th Cir. 2010).

Additionally, while a finding of "[r]ecklessness suffices for § 1927 sanctions, *id.* at 1219, "[w]hen acting under its inherent authority to impose a sanction, . . . a district court must find either . . . willful disobedience of a court order or [that] a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons," *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1090 (9th Cir. 2021). Sanctions ordered pursuant to the Court's inherent authority are "limited to the fees the innocent party incurred solely because of the misconduct—or put another way, to the fees that party would not have incurred but for the bad faith." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 103 (2017). In determining whether to impose sanctions, the Court balances "the desire to avoid abusive use of the judicial process and to avoid chilling zealous advocacy." *Hudson v. Moore Bus. Forms, Inc.*, 836 F.2d 1156, 1159–60 (9th Cir. 1987) (citing *In re Yagman*, 796 F.2d 1165, 1182, *amended*, 803 F.2d 1085 (9th Cir.1986)).

Subway has not persuaded the Court that the requested sanctions are appropriate under either Section 1927 or the Court's inherent authority. ECF No. 106 at 12. First, Amin's claims, at least in part, survived a motion to dismiss. *Logan v. Compton Unified Sch. Dist.*, No. SACV 16-01695-CJC (KESx), 2019 WL 8198200, at *3 (C.D. Cal. Nov. 19, 2019) (holding that evidence sufficient to support summary judgment against the plaintiff "d[id] not establish that Plaintiff's claims were without factual basis or asserted in bad faith" because "the Court determined that most of Plaintiff's claims survived a motion to dismiss").

Second, and more importantly, Subway's pre-lawsuit and March and April 2021 letters challenging the merits of Amin's claims are insufficient to demonstrate that Amin's counsel knowingly or recklessly pursued her claims. Amin's counsel had scientific testing concluding that the majority of samples of Subway's tuna products contained no detectable sequences of tuna DNA and did contain detectable sequences of other animal DNA, as well as scientific journal articles supporting the reliability of its chosen form of testing. ECF No. 105-1 at 5–18, 20–22; *id.* at 5 ("DNA barcoding is widely applied as a forensic tool to identify wildlife products including marine wildlife, and is increasing used to detect seafood fraud both in commercial and consumer markets." (internal citations omitted)); *id.* at 45 ("due to [Real-time PCR's] sensitivity, it can be applied to highly processed samples, allowing the amplification of small DNA fragments of less than 200 bp. These features make it a highly effective tool for the detection of fish species in canned and processed products, in which the raw material is subjected to high pressures and temperatures and DNA is partially degraded."). While Subway's evidence to the contrary may ultimately have proven more persuasive, the Court cannot conclude that Subway's evidence made it "obvious" that Amin's claims were meritless or frivolous. *In re Girardi*, 611 F.3d at 1064; *cf. Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 422 (1978) ("Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.").

Subway places great weight on Plaintiff's counsel's litigation behavior, and the Court agrees that Amin's counsel's conduct was blameworthy. Counsel failed to meet deadlines, including deadlines to serve discovery responses; failed to serve expert disclosures; failed to file all of the supplemental materials ordered by Judge Cisneros on March 17, 2023; filed an untimely and false declaration with Judge Cisneros regarding their failure to comply with discovery deadlines; produced deficient discovery responses; served an improper deposition notice; and misstated the record in both their motion to dismiss and their opposition to Subway's motion for sanctions. But that does not demonstrate that counsel acted recklessly or in bad faith when pursing Amin's claims before and after April 2021. *See Logan*, 2019 WL 8198200, at *4 ("[D]ilatory tactics generally do not make a plaintiff's case frivolous, unreasonable, or without

foundation[.]"). Also, while Subway describes specific instances of attorney misconduct, its motion for sanctions does not pertain to that conduct. Instead, Subway asks the Court to award fees and costs because of counsel's continued pursuit of Amin's claims. Because Subway has failed to demonstrate that such pursuit constituted the knowing or reckless pursuit of a meritless claim, the Court denies Subway's motion.

## CONCLUSION

The Court grants Amin's motion to dismiss with prejudice. The clerk shall close the file and enter judgment. Subway's motion for sanctions is denied.

**IT IS SO ORDERED.**

Dated: August 4, 2023



JON S. TIGAR
United States District Judge